UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | 23-cv-3773<br><br>NOTICE OF REMOVAL<br><br>Removed from:<br><br>Supreme Court of the State of New York County of New York<br>Ind. No. 71543-23 |

To: The Clerk of the United States District Court for the Southern District of New York.

## DONALD J. TRUMP'S NOTICE OF REMOVAL

President Donald J. Trump, by and through undersigned counsel, hereby removes this case from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1442 and 1455.

1.  The pending action is styled *People of the State of New York v. Donald J. Trump,* Indictment No. 71543/2013, before the Supreme Court of the State of New York, County of New York, located at 100 Centre Street, New York, New York, 10007. A true and correct copy of the indictment filed in this matter is attached as **Exhibit A.**

2.  As explained below, this Court has original subject matter jurisdiction over this criminal action because the case involves important federal questions since the indictment charges President Trump for conduct committed while he was President of the United States that was within the "color of his office," and the charges involve alleged federal and state election law violations that have a federal preemption defense.

1

3. This case is unprecedented in our nation's history. Never before has a local elected prosecutor criminally prosecuted a defendant either for conduct that occurred entirely while the defendant was the sitting President of the United States or for conduct that related to federal campaign contribution laws. As explained below, removal is required.

## I. THE NOTICE OF REMOVAL IS TIMELY

4. This removal is timely, since it is filed within 30 days of April 4, 2023, the date on which President Trump was arraigned. *See* 28 U.S.C. §1455(b)(1) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court").

## II. VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK

5. Under 28 U.S.C. § 112, the United States District Court for the Southern District of New York is the proper venue for removal under 28 U.S.C. § 1455(a), because the Southern District of New York encompasses New York County, where this state action is now pending.

## III. BACKGROUND

6. The allegations against President Trump in this case are based on checks allegedly written to Michael Cohen by President Trump in 2017, while he was President of the United States. The District Attorney's Office alleges that these checks, which President Trump allegedly signed while sitting in the Oval Office, as well as related records, are false because they characterize these payments as "legal expenses" and "retainer" payments when, according to the District Attorney's Office, they were allegedly reimbursements to Michael Cohen for payment made by Cohen to Stormy Daniels for campaign purposes. The defense denies that these were false records.

—

7. After investigating this case for five years, on March 30, 2023, a grand jury returned a 34-count Indictment against President Trump. All 34 counts charge the same offense, *i.e.*, felony falsifying business records in violation of New York Penal Law §175.10.

8. The misdemeanor falsifying business records offenses is contained in New York Penal Law §175.05. As relevant to this matter, it punishes as a misdemeanor one who, with intent to defraud, "[m]akes or causes a false entry in the business records of an enterprise." §175.05(1).

9. Under New York law, the misdemeanor offense is elevated to a felony when the person "commits the crime of falsifying business records in the second degree, and when his intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof." N.Y. Penal Law §175.10.

10. The District Attorney's Office alleges that the other crime that President Trump intended to commit or conceal was election law violations in connection with the 2016 federal election for President of the United States.

11. This is a novel theory—that President Trump committed a felony under New York law because the payments to Michael Cohen were supposedly mischaracterized in the records of an enterprise, and that this mischaracterization was allegedly done in order to conceal an election law crime. There has never been a prosecution under New York State law based on an alleged violation of election law pertaining to a federal election. And there are serious federal preemption issues with such a prosecution.

12. Indeed, as noted by the Hon. Mary Kay Vyskocil in a recent decision, a former ADA who wrote a book about this case conceded, *inter alia*, the following about the legal theory underlying this case:

3

- The facts surrounding the payments did not amount to much in legal terms as paying hush money is not a crime under New York State law, even if the payment was made to help an electoral candidate.

- There appeared to be no felony state crime in play.

- The Trump investigation should have been handled by the U.S. Department of Justice, rather than by the Manhattan district attorney's office.

- Federal prosecutors previously looked into the Clifford "hush money payment" and did not move forward with the prosecution.

See Bragg v. Jordan, 2023 WL 2999971 at *3–6 (S.D.N.Y. April 19, 2023) (bullet points in the original).

13. Judge Vyskocil also recognized that D.A. Bragg faced political pressure to bring this case, writing that Bragg "is an elected prosecutor in New York County with constituents, some of whom wish to see Bragg wield the force of law against the former President and a current candidate for the Republican presidential nomination." Id. at *36.

### IV. REMOVAL IS REQUIRED

14. Pursuant to 28 U.S.C. §1442 (a)(1), upon the application of the federal officer, a "criminal prosecution that is commenced in a State court and that is against or directed to" any "officer" of the United States, "in an official or individual capacity for or relating to any act under color of such office" must "be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."

15. The removal statute applies to former officers of the United States if the charged conduct relates to conduct performed while in office.

16. In officer-removal cases, a district court applies a two-step test: "First, the officer

must 'raise a colorable federal defense.'" *K&D LLC v. Trump Old Post Office LLC*, 951 F.3d 503, 506 (D.C. Cir. 2020) (citations omitted). "The federal defense need only be colorable, not clearly sustainable." *Id.* Second, "the officer must show that the suit is one 'for or relating to any act under color of [his] office.'" *Id.* For the second step, it "is sufficient for there to be a 'connection' or 'association' between the act in question and the federal office." *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 471 (3d Cir. 2015).

17. President Trump satisfies both of these elements.

**A. President Trump Will Raise a Number of Colorable Federal Defenses**

18. President Trump, in his defense of this case, will raise a number of federal defenses.

19. President Trump will assert that the statements in the purported business records at issue were in fact truthful statements because the money paid to Michael Cohen was, in part, "retainer" or legal payments to Michael Cohen to act as President Trump's personal attorney. At the time of his election, there was some public expressions of concern about potential conflicts of interest, corruption, and possible constitutional violations due to President Trump's extensive business interests and wealth. Thus, shortly before assuming the Office of the Presidency, and in order to assure the American public that he had separated his personal business from his public duties, *see* Morgan Lewis White Paper, attached as **Exhibit B**, as well as to fulfill various constitutional obligations, *e.g.,* the Foreign Emoluments Clause, Art. I, sec. 9, cl. 8, and the Take Care Clause, Art. II, sec. 3, President Trump, in an abundance of caution, placed his businesses in a Trust. Additionally, President Trump hired a personal lawyer—Michael Cohen—to handle

his personal affairs.  These steps were taken solely because he was President of the United States.

20. As such, President Trump's decision to retain Michael Cohen to act as his personal lawyer arose out of his duties as President and therefore gives rise to a federal defense to the charges in this case.

21. Moreover, the District Attorney's Office has made clear in court filings that the felony charges in this case are predicated on an alleged intent to violate New York Election Law § 17-152 and the Federal Election Campaign Act, 52 U.S.C. § 30101. *See* People's Motion for a Protective Order, at 3, attached as **Exhibit C** ("Defendant caused business records associated with the repayments to be falsified to disguise his and others' criminal conduct including violations of New York Election Law § 17-152 and violations of the individual and corporate campaign contribution limits under the Federal Election Campaign Act, 52 U.S.C. § 30101 et seq.").

22. President Trump will raise a federal defense—preemption—to both of these predicate charges. *See Orange County Water Dist. V. Unocal Corp. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig*.), 364 F. Supp.2d 329, 336 (S.D.N.Y. 2004) ("conclud[ing] that preemption is a colorable federal defense for purposes of the federal officer removal statute").

23. New York Election Law § 17-152 makes it a misdemeanor offense for "[a]ny two or more persons [to] conspire to promote or prevent the election of any person to a public office by unlawful means and which conspiracy is acted upon by one or more of the parties thereto." Applying §17-152 to President Trump, who has only been a candidate for federal office, would violate the preemption provisions of 52 U.S.C. § 30143, which provides that "[t]he provisions of

6

[the Federal Election Campaign] Act, and of rules prescribed under this Act, supersede and preempt *any provision of State law* with respect to election to Federal office." (emphasis added). *See also* 11 C.F.R. § 108.7.

24. Similarly, that preemption provision preempts the ability of a state prosecutor to charge a crime where an element of that crime is a federal campaign contribution violation, as the District Attorney's Office attempts to do here.

**B**. **The Underlying Conduct Relates to Acts Performed Under Color of Office**

25. In determining whether the underlying conduct "relat[es] to" acts performed under color of office, within the meaning of the federal removal statute, "the officer must show a nexus, a causal connection between the charged conduct and asserted official authority." *Trump Old Post Office LLC*, 951 F.3d at 507.

26. President Trump more than adequately satisfies this standard.

27. All of the indictment's charges relate to a claim that President Trump falsified business records maintained by the Trump Organization by allegedly falsely indicating that the payments to Michael Cohen were for "legal expenses" or "retainer" payments when, according to the District Attorney's Office, the money was in fact reimbursement for payments made by Cohen.

28. As discussed, *supra* ¶¶17-18, as part of his defense in this case, President Trump will demonstrate that Mr. Cohen was in fact his personal lawyer who was only hired as a direct result of President Trump's role as President of the United States and his obligations under the Constitution, and in order to separate his business affairs from his public duties.

7

29. Additionally, acts taken as part of the election to the office of President of the United States "relat[e] to," § 1442(a)(1), President Trump's position as President, and therefore conduct underlying the charges "relat[es] to" acts performed under color of office.

30. In other words, there is a clear nexus between the payments to Mr. Cohen and former President Trump's position as President of the United States.

### C. This Court Has Protective Jurisdiction

31. Finally, because the instant indictment is politically motivated and was brought because a local politician—here D.A. Bragg—disfavored President's Trump's acts and policies as President of the United States, federal courts have so-called "protective jurisdiction" over this case. Although the Supreme Court has never definitively decided whether §1442 provides federal protective jurisdiction in cases of state hostility to the federal officer, at least some Justices has said it does. *See Mesa v. California*, 489 U.S. 121, 140 (1989) (Brennan, J. concurring) ("It is not at all inconceivable, however, that Congress' concern about local hostility to federal authority could come into play in some circumstances [even] where the federal officer is unable to present any 'federal defense.' . . . Such harassment could well take the form of unjustified prosecution for traffic or other offenses, to which the federal officer would have no immunity or other federal defense.  The removal statute, it would seem to me, might well have been intended to apply in such unfortunate and exceptional circumstances."). *See also Trump v. Vance*, 140 S. Ct. 2412, 2428 (2020) (recognizing "the possibility that state prosecutors may have political motivations" for prosecuting federal officials).

32. For this additional reason, this case is removable.

WHEREFORE, this case should be removed to Federal Court.

Dated: New York, New York
May 4, 2023

                                      Respectfully submitted,

Todd Blanche
Blanche Law
99 Wall Street, Suite 4460
New York NY 10005
212-716-1250
toddblanche@blanchelaw.com

                                      /s

Susan R. Necheles
NechelesLaw LLP
1120 Sixth Avenue, 4th Floor
New York, NY 10036
212-997-7400
srn@necheleslaw.com

Joseph Tacopina
Tacopina Seigel & DeOreo
275 Madison Avenue, 35th Floor,
New York, New York 10016
212-227-8877
jtacopina@tacopinalaw.com

*Attorneys for President Donald J. Trump*