UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>DONALD J. TRUMP,<br><br>              Defendant. | 23 Civ. 3773 (AKH) |

**PEOPLE'S UNOPPOSED MOTION FOR CONFERENCE**

Pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure, the People respectfully request that the Court schedule a conference at the Court's earliest availability to discuss a schedule and procedures for addressing Defendant's Notice of Removal. *See* ECF No. 1. The undersigned conferred with defense counsel before filing this motion, and defense counsel consents to the scheduling of a case conference.

On April 4, 2023, Defendant was arraigned on a New York State Supreme Court indictment returned by a New York County grand jury on 34 felony counts of falsifying business records in the first degree in violation of New York Penal Law § 175.10. That criminal prosecution is proceeding before the Supreme Court of the State of New York, County of New York. *People of the State of New York v. Donald J. Trump*, Indictment No. 71543-23 (Sup. Ct. N.Y. Cty., Part 59).

On May 4, Defendant filed a Notice of Removal to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See* ECF No. 1. The statute establishing the procedure for removal of criminal prosecutions provides: "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits attached thereto that removal should not be permitted, the court shall

1

make an order for summary remand." 28 U.S.C. § 1455(b)(4).  If, following the examination directed by § 1455(b)(4), the district court "does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require." *Id.* § 1455(b)(5).

The People respectfully request that the Court set a conference to discuss a schedule and procedures for briefing and any necessary hearing pursuant to the requirements of 28 U.S.C. §§ 1455(b)(4) and 1455(b)(5).  Rule 17.1 permits the Court, "on a party's motion," to "hold one or more pretrial conferences to promote a fair and expeditious trial."  Fed. R. Crim. P. 17.1.  This Rule "is essentially a codification of the court's inherent power to manage the litigation before it." *United States v. Coia*, 719 F.2d 1120, 1123 (11th Cir. 1983).  A case conference will permit the parties and the Court to discuss the schedule and procedures for addressing the Notice of Removal efficiently and consistent with the obligations set by statute.

In addition, Defendant's Notice of Removal does not operate to stay the state court action (up to the point of entering a judgment of conviction), *see* 28 U.S.C. § 1455(b)(3); and that proceeding is continuing on the schedule set by the trial court and state law.  An early case conference to set a schedule and procedures for prompt resolution of the Notice of Removal will therefore minimize disruption to New York's "traditional state authority" to punish "local criminal activity." *Bond v. United States*, 572 U.S. 844, 858-59 (2014).

DATED:  May 8, 2023

Respectfully submitted,

ALVIN L. BRAGG, JR.
*District Attorney*
*New York County*

By: */s/ Matthew Colangelo*
Matthew Colangelo
New York County District Attorney's Office

2

1 Hogan Place
New York, NY 10013