UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>DONALD J. TRUMP,<br><br>Defendant. | 23 Civ. 3773 (AKH) |

**PEOPLE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL**

# TABLE OF CONTENTS

FACTUAL AND PROCEDURAL BACKGROUND .................................................................. 1

    A.    New York State Court Proceedings ................................................................................ 1

    B.    Federal Court Proceedings ............................................................................................ 2

LEGAL STANDARD ..................................................................................................................... 2

    A.    Grand Jury Secrecy ....................................................................................................... 3

    B.    The First Amendment and Common-Law Right of Public Access ............................... 5

ARGUMENT .................................................................................................................................. 6

    A.    Sealing the Seven Remand Exhibits Is Essential to Preserve Higher Values and Respect Countervailing Factors ................................................................................................. 6

    B.    The People's Sealing Request Is Narrowly Tailored ..................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Arizona v. Manypenny*, 451 U.S. 232 (1981) ................................................................................ 3

*Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211 (1979) ................................ 3, 6

*In re Biaggi*, 478 F.2d 489 (2d Cir. 1973) ..................................................................................... 4

*In re Grand Jury Subpoena*, 103 F.3d 234 (2d Cir. 1996) ..................................................... 4, 5, 6

*In re Petition of Craig*, 131 F.3d 99 (2d Cir. 1997) .................................................................. 2, 4

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ........................................... 5

*People v. Di Napoli*, 27 N.Y.2d 229 (1970) .................................................................................. 4

*Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501 (1984) ("*Press-Enterprise I*") ............................................................................................................................ 5

*Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1 (1986) ("*Press-Enterprise II*") ......................................................................................................................... 5, 6

*Rehberg v. Paulk*, 566 U.S. 356 (2012) ......................................................................................... 3

*United States v. Cojab*, 996 F.2d 1404 (2d Cir. 1993) .................................................................. 6

*United States v. Haller*, 837 F.2d 84 (2d Cir. 1988) ................................................................. 6, 8

*United States v. John Doe, Inc. I*, 481 U.S. 102 (1987) ................................................................ 2

*United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958) ...................................................... 3

*United States v. Sells Engineering, Inc.*, 463 U.S. 418 (1983) ...................................................... 3

**Statutes**

28 U.S.C. § 1442(a)(1) .................................................................................................................. 2

28 U.S.C. § 1450 ........................................................................................................................... 7

28 U.S.C. § 1455(b)(3) .............................................................................................................. 1, 2

Fed. R. Crim. P. 6(e) .................................................................................................................. 3, 4

N.Y. Crim. Proc. Law § 190.25(4)(a) ........................................................................................ 3, 7

N.Y. Crim. Proc. Law § 245.70(4) ................................................................................................ 2

**Other Authorities**

14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3726 (Rev. 4th ed. 2023) ................................................................................................................................... 3

Pursuant to Rule 4 of this Court's Individual Rules, the People respectfully request that the Court enter a narrow order sealing seven exhibits to the People's motion for remand, which the People are filing contemporaneously with this motion. Specifically, the People seek to seal Exhibits 1, 3, 8, 9, 10, 11, and 12 to the Colangelo Declaration (together, the "Seven Remand Exhibits") to protect New York grand jury materials from disclosure, consistent with federal grand jury secrecy rules and the rules and orders governing the New York state court proceedings. As required by Rule 4(B)(ii) of this Court's Individual Rules, the People conferred with defendant's counsel before filing this motion. Defendant consents to the motion.

For the reasons that follow, good cause exists for this request. In particular, the New York court has already entered a protective order preventing the public disclosure of these specific exhibits (as well as others). The parties litigated the scope of that protective order, and defendant elected not to pursue an appeal as of right. The relief requested here would thus preserve the *status quo* and respect the judgment of the state court judge that continues to oversee this criminal prosecution, *see* 28 U.S.C. § 1455(b)(3), while this Court considers the People's motion for remand.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. New York State Court Proceedings

On April 4, 2023, defendant was arraigned on a New York State Supreme Court indictment returned by a New York County grand jury on thirty-four felony counts of Falsifying Business Records in the First Degree in violation of New York Penal Law § 175.10 (the "Indictment"). That criminal prosecution is proceeding before the Supreme Court of the State of New York, County of New York. *People of the State of New York v. Donald J. Trump*, Ind. No. 71543-23 (Sup. Ct. N.Y. Cnty., Part 59) (Merchan, J., presiding).

On April 24, 2023, the People moved the New York court for a protective order concerning defendant's discovery and inspection of material discoverable pursuant to New York Criminal Procedure Law Article 245. Justice Merchan granted the People's motion on May 8, 2023, holding that the People met the good cause requirement for a protective order under state law. *See* Protective Order at 1 (Ex. 24); *see also* N.Y. Crim. Proc. Law § 245.70(4) (good cause exists for a protective order restricting the use of discovery where, among other factors, there is a "risk of intimidation, economic reprisal, bribery, harassment or unjustified annoyance or embarrassment to any person," there is a "risk of an adverse effect upon the legitimate needs of law enforcement," or the "defendant has a history of witness intimidation or tampering and the nature of that history"). Among other restrictions, the state-court protective order prohibits defendant from publicizing grand jury materials. Ex. 24 at 1-3. The People have produced certain discovery material, including grand jury material, to defendant subject to the New York protective order.

### B. Federal Court Proceedings

On May 4, 2023, defendant filed a Notice of Removal to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See* ECF No. 1. Pursuant to 28 U.S.C. § 1455(b)(3), this Court provided that "proceedings may continue in the Supreme Court of the State of New York, New York County," pending the resolution of defendant's notice of removal and the People's motion for remand. ECF No. 8.

### LEGAL STANDARD

"[T]he discretion of a trial court in deciding whether to make public the ordinarily secret proceedings of a grand jury investigation is one of the broadest and most sensitive exercises of careful judgment that a trial judge can make." *In re Petition of Craig*, 131 F.3d 99, 104 (2d Cir. 1997) (citing *United States v. John Doe, Inc. I*, 481 U.S. 102, 116 (1987) ("[W]e have repeatedly

2

stressed that wide discretion must be afforded to district court judges in evaluating whether disclosure is appropriate.")).

Where a state criminal prosecution is removed to federal court on federal officer grounds, a federal court applies state substantive law and federal procedural law. *See Arizona v. Manypenny*, 451 U.S. 232, 241 (1981); *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3726, n.87 (Rev. 4th ed. 2023) (collecting cases). Grand jury secrecy could be treated as a matter of substance or procedure, but the distinction is immaterial here, because in this case, the standards under state and federal law overlap and would support the requested relief. The People assume that federal procedures for sealing grand jury materials apply. *See* Fed. R. Crim. P. 6(e).

**A. Grand Jury Secrecy**

The Supreme Court has consistently recognized that "'the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.'" *Rehberg v. Paulk*, 566 U.S. 356, 374 (2012) (quoting *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983)); *see also Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 n.9 (1979) ("Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye.").

Like its New York analog, Federal Rule of Criminal Procedure 6(e) codifies the "long-established policy that maintains the secrecy of the grand-jury proceedings in the federal courts." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958); *see also* N.Y. Crim. Proc. Law § 190.25(4)(a) (governing the secrecy of grand jury proceedings and evidence in New York courts). This policy is intended:

> (1) [t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation

3

>
> of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [the] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*In re Petition of Craig*, 131 F.3d at 102.  New York law similarly recognizes these strong public policy reasons that grand jury materials should be kept secret prior to trial.  *See People v. Di Napoli*, 27 N.Y.2d 229, 235 (1970).  "The law of this circuit is clear that, once a proceeding falls under Rule 6(e), it receives a presumption of secrecy and closure."  *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996); *see also In re Petition of Craig*, 131 F.3d at 104 (discussing the "baseline presumption against disclosure" of grand jury materials).

Grand jury secrecy is not limited to grand jury proceedings themselves.  As the Second Circuit has explained, "[t]he plain language of the Rule shows that Congress intended for its confidentiality provisions to cover matters beyond those actually occurring before the grand jury: Rule 6(e)(6) provides that all records, orders, and subpoenas *relating to* grand jury proceedings be sealed, not only actual grand jury materials."  *In re Grand Jury Subpoena*, 103 F.3d 234 at 237; *see also* Fed. R. Crim. P. 6(e)(6); N.Y. Crim. Proc. L. § 190.25(4)(a) (protecting any "matter attending a grand jury proceeding").

Although the rule of grand jury secrecy "is not absolute," *In re Biaggi*, 478 F.2d 489, 492 (2d Cir. 1973), Federal Rule of Criminal Procedure 6(e)(3) enumerates only a discrete list of exceptions to grand jury secrecy, which include court-authorized disclosure "preliminarily to or in connection with a judicial proceeding."  Fed. R. Crim. P. 6(e)(3)(E)(i).

4

### B. The First Amendment and Common-Law Right of Public Access

In addition to the interest in maintaining of grand jury secrecy, courts analyze the public's countervailing interest in disclosure under the First Amendment and the common-law right of public access.

Under the First Amendment, the Supreme Court has articulated a two-step test to weigh the competing interests in disclosure and secrecy in criminal proceedings. *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 8 (1986) ("*Press-Enterprise II*"); *see also Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty.*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*"). First, courts evaluate whether a qualified First Amendment right of public access attaches to the proceeding. *Press-Enterprise II*, 478 U.S. at 8-9. Second, "[i]f the qualified right attaches, the presumption of openness 'may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *In re Grand Jury Subpoena*, 103 F.3d at 242 (quoting *Press-Enterprise II*, 478 U.S. at 9).

With respect to the first step, the Supreme Court has established that the public has a qualified First Amendment right of access to criminal proceedings at both the trial and pretrial stages. *Press-Enterprise II*, 478 U.S. at 7. A court's inquiry for pretrial criminal proceedings thus focuses on step two: (a) whether sealing is essential to preserve higher values, and (b) whether the proposed sealing is narrowly tailored.

A similar balancing test applies to the common-law right of public access to judicial documents. Whether to disclose material to the public under the common law depends on a balance between the importance of the material to the actual exercise of judicial power and "countervailing factors," including but "not limited to the danger of impairing law enforcement

or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation marks omitted).

## ARGUMENT

In this case, the People seek to seal the Seven Remand Exhibits on the basis that these documents are grand jury materials. For the reasons set forth below, sealing these exhibits is essential to preserve higher values and respect countervailing factors, and the People's sealing request is narrowly tailored to serve those interests.

### A. Sealing the Seven Remand Exhibits Is Essential to Preserve Higher Values and Respect Countervailing Factors

The Second Circuit has repeatedly recognized that preserving grand jury secrecy is a "higher value" that outweighs the qualified First Amendment right of access. *See, e.g.*, *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (grand jury secrecy is a "higher value" justifying sealing and redaction); *United States v. Cojab*, 996 F.2d 1404, 1408 (2d Cir. 1993) ("the need to maintain the secrecy of grand jury proceedings" is "essential to preserve higher values" (internal quotation marks omitted)); *In re Grand Jury Subpoena*, 103 F.3d at 243 ("the government's interest in maintaining the confidentiality of on-going grand jury investigations outweighs any potential qualified right of access to the proceeding"); *see also Press-Enterprise II*, 478 U.S. at 7 (noting that grand juries are a "classic example" of the "kinds of government operations that would be totally frustrated if conducted openly"). The Supreme Court has made clear that "the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *Douglas Oil*, 441 U.S. at 222. To the contrary, the Supreme Court has cautioned that "courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Id.*

Given the early stage of the criminal proceeding, the desirability of having a consistent approach while the case is pending in two courts, and the fact that the grand jury materials may ultimately be disclosed at trial, the need for grand jury secrecy outweighs the qualified First Amendment right of access, as well as any common-law right of access.

### B. The People's Sealing Request Is Narrowly Tailored

The People's request for an order directing that these materials be sealed is narrowly tailored to serve the purposes identified above.

A sealing order limited to the Seven Remand Exhibits will preserve the *status quo* with respect to document disclosure while the case is pending in both state and federal court. The Seven Remand Exhibits are documents that the People would file under seal in the New York court consistent with New York grand jury secrecy rules. *See* N.Y. Crim. Proc. Law § 190.25(4)(a). The state-court protective order bars defendant from publicly filing those same materials, *see* Ex. 24, and that protective order continues to have "full force and effect" notwithstanding the pendency of this removal proceeding, 28 U.S.C. § 1450. The requested sealing order would also maintain consistency with the New York state court order relating to grand jury material, thus respecting the state court's continued oversight over this matter while this Court considers the People's motion to remand. *See* Ex. 1. If the case is ultimately removed to this Court, the Court could revisit whether a different result is appropriate under federal law at that time.

In light of the current procedural posture of the case, the People's sealing request is as narrowly tailored as possible, consistent with federal law. The People do not seek to seal any part of their memorandum of law supporting their motion for remand and do not seek to seal every exhibit. Instead, they request that the Court seal only those exhibits that constitute grand jury materials. Specifically:

7

- The People request that Exhibit 1 be sealed on the basis that it is a sealed order from the New York court relating to grand jury material.

- The People request that Exhibits 3, 8, 9, 10, and 11 be sealed on the ground that they were grand jury exhibits.

- The People request that Exhibit 12 be sealed because it was a document gathered pursuant to a grand jury subpoena.

A limited sealing order that is targeted at protecting grand jury-secret information from disclosure is narrowly tailored to serve the interests identified above. *See, e.g.*, *Haller*, 837 F.2d at 88 (redaction of "matters affecting a grand jury proceeding" was narrowly tailored to serve the interest of preserving grand jury secrecy).

## CONCLUSION

For these reasons, the People respectfully request that the Court seal the Seven Remand Exhibits in connection with the People's motion for remand. Consistent with the Local Rules, a Proposed Order for this motion is being filed separately with the Court.

DATED:  May 30, 2023            Respectfully submitted,

ALVIN L. BRAGG, JR.
*District Attorney, New York County*

By: */s/ Becky Mangold*
Becky Mangold
Matthew Colangelo
New York County District Attorney's Office
1 Hogan Place
New York, NY 10013
212-335-9000

*Attorneys for the People of the State of New York*

8