# Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 59

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

DONALD J. TRUMP,

                        Defendant.

PEOPLE'S RESPONSE TO DEFENDANT DONALD J. TRUMP'S APRIL 27 REQUEST FOR A BILL OF PARTICULARS

Ind. No. 71543-23

---

Pursuant to CPL 200.95(2) and 200.95(4), the People provide the following response to defendant Donald J. Trump's April 27, 2023 request for a bill of particulars, attached hereto as Exhibit 1.

**I.     Legal standard.**

A bill of particulars specifies "items of factual information which are not recited in the indictment and which pertain to the offense charged . . . including the substance of each defendant's conduct encompassed by the charge which the people intend to prove at trial on their direct case." CPL 200.95(1)(a). "The sole function of a bill of particulars is to clarify . . . the indictment." *People v. Elliott*, 299 A.D.2d 731, 732 (3d Dep't 2002). A bill of particulars is not a statement of the prosecution's legal theory or a discovery device. *See* CPL 200.95(1)(a) (limiting a bill of particulars to "items of factual information"); *People v. Davis*, 41 N.Y.2d 678, 680 (1977) ("A bill of particulars serves to clarify the pleading; it is not a discovery device.").

To be entitled to a bill of particulars, a defendant must demonstrate that the requested information is "authorized to be included in a bill of particulars" and "necessary to

1

enable the defendant adequately to prepare or conduct his defense." CPL 200.95(4); *see* CPL 200.95(1)(b), 200.95(5).

The People "are not required to list every action undertaken by the defendant in the course of the crime." *People v. Kessler*, No. 11307/95, 1996 WL 903952, at *3 (Sup. Ct. N.Y. Cty. Dec. 2, 1996); *see also People v. Iannone*, 45 N.Y.2d 589, 599 (1978) ("To require a listing of every action undertaken by the defendant in the course of this crime would serve no useful purpose, and would instead mark a step back towards the needless complexities of the common-law indictment."); *People v. Rondon*, 67 Misc.3d 1228(A), at *5 (Cty. Ct. Orange Cty. 2020) (denying the defendant's "overly broad" request for "all factual information which is not recited in the indictment that pertains to each offense charged"). In addition, the People are not required to include "matters of evidence relating to how the people intend to prove the elements of the offense charged or how the people intend to prove any item of factual information included in the bill of particulars." CPL 200.95(1)(a).

**II.    The People are already providing defendant with more information than a bill of particulars would require.**

Defendant has already received and will receive far more factual information than the People are required to provide in a bill of particulars, and has more than sufficient information to prepare his defense.

First, the facts set forth in the Indictment and the accompanying Statement of Facts provide all the particulars to which defendant is entitled because they provide "the substance of . . . defendant's conduct encompassed by the charge[s] which the people intend to prove at trial on their direct case." CPL 200.95(1)(a). The 15-page, 34-count Indictment and 13-page Statement of Facts fully inform defendant of the nature of the charges against him,

2

including by specifying the business records defendant allegedly falsified and by describing the details of his allegedly unlawful scheme. *See, e.g.*, *People v. Morris*, 28 Misc.3d 1215(A), at *48-49 (Sup. Ct. N.Y. Cty. July 29, 2010) (denying the defendant's motion for a bill of particulars where, among other things, the indictment included a 17-page narrative of the allegedly unlawful scheme).

Second, as the People advised the Court and defendant at arraignment, the People are prepared to provide millions of pages of discovery to defendant pursuant to CPL Article 245 once defendant has been advised on the record of the terms and content of, and conduct prohibited by, the protective order entered by this Court on May 8, 2023. *See* Tr. of Apr. 4, 2023 Arraignment at 16-17 (describing the People's intent to make rolling productions of discovery in several stages once a protective order is in place). That discovery will include grand jury minutes, grand jury exhibits, prior witness statements, financial documents, subpoena compliance, and extensive additional materials. The production of these voluminous discovery materials further ensures that defendant is fully informed of the charges against him so he may prepare a defense. *See, e.g.*, *People v. Kyoung Ja Choi*, 259 A.D.2d 423, 424 (1st Dep't 1999) ("The indictment together with the People's response to defendant's omnibus motion and discovery material provided to defendant gave adequate notice of the charges against her and the prosecution was not required to include evidentiary material in a bill of particulars."); *Morris*, 28 Misc.3d 1215(A), at *48-49 (denying motion for a bill of particulars and noting that where the People "turned over two million documents it had in its possession from its investigation into the defendants and their co-conspirators' activities, . . . [the defendant] cannot in good faith complain that he needs a bill of particulars

in order to prepare for trial"); *see generally Iannone*, 45 N.Y.2d at 598 ("[T]he development of modern discovery rules in criminal cases has diminished the significance of the indictment's function as a provider of information." (citing CPL Article 240, which was replaced in 2020 by the more expansive CPL Article 245)).

Third, to the extent that defendant asks the People to identify specific pieces of evidence or preview the People's legal strategy, defendant has failed to meet his burden of demonstrating that the requested information is "authorized to be included in a bill of particulars." CPL 200.95(4); *see also* CPL 200.95(1)(b), 200.95(5); *Davis*, 41 N.Y.2d at 680.

### III. Responses to defendant's specific requests.

The People's further responses to each of defendant's specific requests follow.

Request No. 1: "Describe the substance of Donald J. Trump's conduct and specify as to each offense charged:"

People's Response to Request No. 1: To the extent that Request No. 1 seeks factual information describing the substance of defendant's conduct as to each offense charged, that factual information is contained in the Indictment and Statement of Facts, and will be contained in the discovery that the People will provide pursuant to CPL Article 245. Defendant is not entitled to any further information in response to this request. *See* CPL 200.95(1)(a).

To the extent that Request No. 1 is an attempt to incorporate Request Nos. 2, 3, and 4 into the request for information describing the substance of defendant's conduct as to each offense charged, the People refer to the responses below.

Request No. 2: "Specify the criminal statute (i.e., 'other crime') which Donald J. Trump is alleged to have committed or intended to commit or to aid or conceal the commission thereof by means of the allegedly false business record; a. If the 'other crime' you are relying on is N.Y. Elec. Law § 17-152, please identify (i) what are the 'unlawful means,' and (ii) who are the other members of the alleged conspiracy. b. If the 'other crime' is a tax crime, identify the tax returns which were intended to be incorrect or false and specify the manner in which they were intended to be false or incorrect."

People's Response to Request No. 2: Defendant is not entitled to the information requested in Request No. 2. Where an intent to commit or conceal another crime is an element of an offense, the People need not prove intent to commit or conceal a particular crime; thus, the indictment need not identify any particular crime that the defendant intended to commit or conceal, and defendant is not entitled to such information in a bill of particulars. *See People v. Mackey*, 49 N.Y.2d 274, 277-79 (1980). Notwithstanding that defendant is not entitled to the requested information, and expressly without limiting the People's theory at trial, *see People v. Barnes*, 50 N.Y.2d 375, 379 n.3 (1980); the People respond that the crimes defendant intended to commit or to aid or conceal may include violations of New York Election Law § 17-152; New York Tax Law §§ 1801(a)(3) and 1802; New York Penal Law §§ 175.05 and 175.10; or violations of the Federal Election Campaign Act, 52 U.S.C. § 30101 *et seq.*; and the People further refer defendant to certain facts, among others, set forth in the Statement of Facts relating to:

5

- an agreement to unlawfully suppress negative stories about defendant before an election in order to influence the outcome of the election (Statement of Facts ¶¶ 1-2, 7, 9-14, 17-21, 23);

- multiple false statements in the business records of different entities to advance that agreement, including but not limited to a series of false statements that both furthered the conspiracy and concealed earlier unlawful conduct and payments (Statement of Facts ¶¶ 2-4, 13, 26, 28-33);

- disguising reimbursement payments by doubling them and falsely characterizing them as income for tax reasons (Statement of Facts ¶¶ 2, 25); and

- multiple admissions of specific crimes by participants, including by guilty pleas to felonies (Statement of Facts ¶¶ 2-3, 7, 40, 42-44).

The factual information requested in Request Nos. 2(a)(i), 2(a)(ii), and 2(b) is contained in the Indictment and Statement of Facts, and will be contained in the discovery that the People will provide pursuant to CPL Article 245.

Request No. 3:  "Identify the person or entity who Donald J. Trump is alleged to have intended to defraud by means of the allegedly false business record."

People's Response to Request No. 3:  Defendant is not entitled to the information requested in Request No. 3.  Under Penal Law § 175.10, the People are not required to establish that a defendant "acted with intent to defraud a particular person or business entity."  *Morgenthau v. Khalil*, 73 A.D.3d 509, 510 (1st Dep't 2010); *see also People v. Coe*, 131 Misc. 2d 807, 813 (Sup. Ct. N.Y. Cty. 1986) ("Intent to defraud anyone is sufficient.").

6

Request No. 4:  "Identify what Donald J. Trump intend to defraud from the person or entity identified in response to item 1(b)."

People's Response to Request No. 4:  The People note that there is no item "1(b)" in defendant's requests and it is unclear what is requested by "[i]dentify what Donald J. Trump intend to defraud."  To the extent that Request No. 4 seeks factual information, that factual information is contained in the Indictment and Statement of Facts, and will be contained in the discovery that the People will provide pursuant to CPL Article 245.  To the extent that Request No. 4 seeks "matters of evidence relating to how the people intend to prove the elements of the offense charged," CPL 200.95(1)(a), that information is outside the scope of a bill of particulars.

Respectfully submitted,

/s/ *Becky Mangold*

_____

Becky Mangold
Assistant District Attorney

Dated:      New York, New York
            May 12, 2023

7

# Exhibit 1

# NechelesLaw, LLP

1120 Avenue of the Americas  
New York, NY 10036

Susan Necheles  
srn@necheleslaw.com  
212-997-7400

April 27, 2023

<u>By Email</u>  
Susan Hoffinger, Esq.  
Catherine McCaw, Esq.  
New York County District Attorney's Office  
1 Hogan Place, Room 847  
New York, NY 10013  
HoffingerS@dany.nyc.gov

Re: *People v. Donald Trump*, Ind. No. 71543-23

Dear ADAs Hoffinger and McCaw,

Pursuant to New York Criminal Procedure Law ("CPL") § 200.95 we request a Bill of Particulars on behalf of Donald J. Trump, We are entitled to this Bill of Particulars because the factual information sought by these requests is needed by the defense to adequately prepare and conduct the defense in this case. Specifically, the requests seek factual information that is not recited in either the indictment or the People's statement of facts and which pertains to the offenses charged. *See* CPL § 200.95(1)(a). Pursuant to CPL § 200.95(2), within fifteen (15) days of service of this request please serve upon the undersigned and file with the Court a Bill of Particulars specifying the following items of factual information for each count of the indictment:

For each count of the Indictment:

1. Describe the substance of Donald J. Trump's conduct and specify as to each offense charged:

2. Specify the criminal statute (*i.e.*, "other crime") which Donald J. Trump is alleged to have committed or intended to commit or to aid or conceal the commission thereof by means of the allegedly false business record;

    a. If the "other crime" you are relying on is N.Y. Elec. Law § 17-152, please identify (i) what are the "unlawful means," and (ii) who are the other members of the alleged conspiracy.

NechelesLaw, LLP

      b.    If the "other crime" is a tax crime, identify the tax returns which were intended to be incorrect or false and specify the manner in which they were intended to be false or incorrect.

      3.    Identify the person or entity who Donald J. Trump is alleged to have intended to defraud by means of the allegedly false business record; and

      4.    Identify what Donald J. Trump intend to defraud from the person or entity identified in response to item 1(b).

Respectfully,

/s/

Susan R. Necheles, Esq.
Gedalia Stern, Esq.
NechelesLaw, LLP.

Todd Blanche, Esq.
Blanche Law, P.C.

Joseph Tacopina, Esq.
Law Offices of Tacopina, Seigel & Deoreo