# Exhibit 17



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

**Federal Hatch Act Advisory:**
**Candidate Visits to Federal Agencies**
**OSC File No. AD-xx-xxxx**

February 15, 2018

The Office of Special Counsel (OSC) recently has received various complaints concerning the granting of requests from candidates and/or their campaigns to visit federal agencies. Therefore, OSC, pursuant to 5 U.S.C. §1212(f), issues this Hatch Act opinion reminding all federal agencies of the relevant provisions of the Hatch Act governing such requests. This guidance addresses activities relating to federal, state and local political campaigns of candidates in partisan elections, including Presidential candidates.

While the Hatch Act, 5 U.S.C. §§7321-7326, does not govern the actions of an individual who is running for partisan elective office, it does regulate the political activity of federal executive branch employees. Although the Act permits most covered employees to actively participate in partisan political management and partisan political campaigns, covered employees still are subject to certain prohibitions related to their participation in partisan activities. Two such prohibitions relevant to this opinion are that covered employees may not: 1) use their official authority or influence for the purpose of affecting the result of an election or 2) engage in political activity while on duty; in any room or building occupied in the discharge of official duties by an individual employed or holding office in the government of the United States or any agency or instrumentality thereof; while wearing a uniform or other similar item that identifies the employing agency; or using a government vehicle. 5 U.S.C. §§7323(a)(1) and 7324. Political activity is defined as "an activity directed toward the success or failure of a political party, candidate for partisan political office, or partisan political group." 5 C.F.R. §734.101.

Examples of activities prohibited by the preceding restrictions include the following: authorizing the use of a federal building or office as described above for campaign activities, such as town hall meetings, rallies, parades, speeches, fundraisers, press conferences, "photo ops" or meet and greets; attending or planning such campaign events while on duty or in a federal building or office; or distributing campaign literature or wearing campaign-related items while on duty or in a federal building or office.

We note that OSC views candidates' requests to visit federal facilities that are coordinated by candidates' campaigns as presumptively for a campaign purpose and not official business. This opinion, however, should not be interpreted as prohibiting federal employees from allowing members of Congress and other elected officials from visiting federal facilities for an official purpose, to include receiving briefings, tours, or other official information. Further, nothing in this opinion is intended to impede elected

officials from appropriately representing their constituents. Federal agencies should ensure that candidates who visit their facilities to conduct official business do not engage in any political campaign or election activity during the visit.

Based upon the preceding, the Hatch Act should be considered carefully when handling a candidate's request to visit or use a federal building. We strongly encourage all federal agencies receiving such requests to contact OSC prior to granting such a request. Further, we encourage federal agencies to review their guidelines concerning such visits to insure that they are consistent with the Hatch Act and offer our assistance in this matter. For any additional questions concerning this matter, please contact me at (202) 804-7002.

Issued by:

/s/

_____
Ana Galindo-Marrone
Chief, Hatch Act Unit