Exhibit 22

I8LQCOHp

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

            v.                        18 CR 602 (WHP)
                                      Plea
MICHAEL COHEN

                Defendant
------------------------------x

                                      New York, N.Y.
                                      August 21, 2018
                                      4:15 p.m.


Before:

                HON. WILLIAM H. PAULEY III
                                      District Judge


                        APPEARANCES
GEOFFREY S. BERMAN
        United States Attorney for the
        Southern District of New York
RACHEL MAIMIN
ANDREA GRISWOLD
THOMAS McKAY
NICHOLAS ROOS
        Assistant United States Attorneys

PETRILLO KLEIN & BOXER LLP
        Attorneys for Defendant
GUY PETRILLO
AMY LESTER
PHILIP PILMAR

-Also Present-

BARD HUBBARD, FBI
GIOVANNI LEPORE, IRS
KIRSTEN SCHILL, FBI
RYAN CAREY, FBI
JOE DVORE, FBI
```

I8LQCOHp

```
1              (Case called)

2              DEPUTY CLERK:  United States of America v. Michael

3    Cohen.

4              Would counsel for the government gave their

5    appearance.

6              MS. GRISWOLD:  Good afternoon, your Honor.

7              Andrea Griswold, Rachel Maimin, Thomas McKay and

8    Nicolas Roos for government.

9              We're joined at counsel table by Special Agent Bard

10   Hubbard with the FBI and Special Agent Giovanni Lepore with the

11   IRS.

12             THE COURT:  Good afternoon.

13             DEPUTY CLERK:  Would counsel for defense give their

14   appearance.

15             MR. PETRILLO:  Yes.  Good afternoon, your Honor.

16             For Mr. Cohen, Guy Petrillo and Amy Lester, Petrillo

17   Klein and Boxer.

18             THE COURT:  Good afternoon to you.

19             I note the presence of the defendant, Mr. Cohen at

20   counsel table.

21             Ms. Griswold, what is the status of this matter?

22             MS. GRISWOLD:  Your Honor, we are here today for a

23   waiver of indictment.  We would like to file an information and

24   I believe the defendant needs to be presented, arraigned on

25   that information, have the waiver of indictment, and then
```

I8LQCOHp

1    intends to enter a guilty plea to the counts in the

2    information.

3              THE COURT:  Very well.

4              Let's begin then with an initial appearance.

5              Mr. Cohen, I am District Judge William Pauley.  The

6    purpose of this proceeding, sir, is to inform you of certain

7    rights that you have, to inform you of the charges against you,

8    and to consider whether counsel should be appointed for you,

9    and to decide under what conditions you should be released.

10             First, you have the right to remain silent.  You are

11   not required to make any statements.  Even if you have made any

12   statements to the authorities, you need not make any further

13   statements.  Anything that you do say can be used against you.

14             You have the right to be released either conditionally

15   or unconditionally pending trial unless I find that there are

16   no conditions that would reasonably assure your presence in

17   court and the safety of the community.

18             You have the right, sir, to be represented by counsel

19   during all court proceedings, including this one, and during

20   all questioning by authorities.  If you cannot afford an

21   attorney, I will appoint one to represent you.

22             Now, the government has offered here an information in

23   this case.  Have you seen that information, Mr. Cohen?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  And have you read it?

I8LQCOHp

1          THE DEFENDANT:  I have, sir.

2          THE COURT:  Have you discussed it with your attorney,

3     Mr. Petrillo?

4          THE DEFENDANT:  I have, sir.

5          THE COURT:  Do you waive my reading the information

6     here in open court word for word?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  How do you plead to the charges in the

9     information that are lodged against you?

10         THE DEFENDANT:  Not guilty, sir.

11         THE COURT:  Very well.

12         Mr. Petrillo, I'm informed that the defendant has an

13    application.  What is that application?

14         MR. PETRILLO:  Correct, your Honor.  With the Court's

15    permission, Mr. Cohen would move to withdraw his plea of not

16    guilty and to enter a plea of guilty to the eight count

17    information that's been handed up to the Court, and there is a

18    plea agreement, which I believe the government has the original

19    copy of.

20         THE COURT:  All right.  The record should reflect that

21    a plea agreement is being handed up to me for my inspection.

22    And Mr. Petrillo, prior to commencement of this proceeding, did

23    you review with your client an advice of rights form?

24         MR. PETRILLO:  I did, your Honor.

25         THE COURT:  And did he sign it in your presence?

Case 1:23-cv-03773-AKH Document 18-22 Filed 05/30/23 Page 6 of 32
Case 1:18-cv-00602-WHP Document 87-22 Filed 09/24/18 Page 6 of 31          5
I8LQCOHp

1          MR. PETRILLO:  He did, your Honor.

2          THE COURT:  And did you sign it as his attorney?

3          MR. PETRILLO:  I did, your Honor.

4          THE COURT:  The record should reflect that an advice

5     of rights form has been marked as Court Exhibit 1 and is being

6     handed to me for inspection.

7          So, at this time, I am going to direct my deputy to

8     administer the oath to Mr. Cohen.

9          (Defendant sworn)

10         THE COURT:  Mr. Cohen, do you understand, sir, that

11    you are now under oath, and that if you answer any of my

12    questions falsely, your false or untrue answers may later be

13    used against you in another prosecution for perjury or making a

14    false statement?

15         THE DEFENDANT:  I do, your Honor.

16         THE COURT:  Very well.  For the record, what is your

17    full name?

18         THE DEFENDANT:  Michael Dean Cohen.

19         THE COURT:  And at this time, Mr. Cohen, you may be

20    seated, and I'd ask that you pull the microphone close to you.

21         THE DEFENDANT:  Thank you, your Honor.

22         Mr. Cohen, how old are you, sir?

23         THE DEFENDANT:  In four days, I'll be 52.

24         THE COURT:  How far did you go in school?

25         THE DEFENDANT:  Law.

I8LQCOHp

```
 1            THE COURT:  Are you able to read, write, speak and

 2     understand English?

 3            THE DEFENDANT:  Yes, your Honor.

 4            THE COURT:  Are you now or have you recently been

 5     under the care of a doctor or a psychiatrist?

 6            THE DEFENDANT:  No, your Honor.

 7            THE COURT:  Have you ever been treated or hospitalized

 8     for any mental illness or any type of addiction, including drug

 9     or alcohol addiction?

10            THE DEFENDANT:  No, sir.

11            THE COURT:  In the past 24 hours, Mr. Cohen, have you

12     taken any drugs, medicine or pills or have you consumed any

13     alcohol?

14            THE DEFENDANT:  Yes, your Honor.

15            THE COURT:  What have you taken or consumed, sir?

16            THE DEFENDANT:  Last night at dinner I had a glass of

17     Glenlivet 12 on the rocks.

18            THE COURT:  All right.  Is it your custom to do that,

19     sir?

20            THE DEFENDANT:  No, your Honor.

21            THE COURT:  All right.  Have you had anything since

22     that time?

23            THE DEFENDANT:  No, your Honor.

24            THE COURT:  Is your mind clear today?

25            THE DEFENDANT:  Yes, your Honor.
```

I8LQCOHp

1      THE COURT:  Are you feeling all right today?

2      THE DEFENDANT:  Yes, sir.

3      THE COURT:  Are you represented by counsel here today?

4      THE DEFENDANT:  I am.

5      THE COURT:  Who are your attorneys?

6      THE DEFENDANT:  Guy Petrillo and Amy Lester.

7      THE COURT:  And, Mr. Petrillo, do you have any doubt

8  as to your client's competence to plead at this time?

9      MR. PETRILLO:  I do not, your Honor.

10      THE COURT:  Now, Mr. Cohen, your attorney has informed

11  me that you wish to enter a plea of guilty.  Do you wish to

12  enter a plea of guilty?

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  Have you had a full opportunity to discuss

15  your case with your attorney and to discuss the consequences of

16  entering a plea of guilty?

17      THE DEFENDANT:  Yes, your Honor.

18      THE COURT:  Are you satisfied with your attorneys,

19  Mr. Petrillo and Ms. Lester, in their representation of you in

20  this matter?

21      THE DEFENDANT:  Very much, sir.

22      THE COURT:  On the basis of Mr. Cohen's responses to

23  my questions and my observations of his demeanor here in my

24  courtroom this afternoon, I find that he is fully competent to

25  enter an informed plea at this time.

Case 1:23-cv-03773-AKH   Document 18-22   Filed 05/30/23   Page 9 of 32
Case 1:18-cv-00602-WHP   Document 87-22   Filed 09/24/18   Page 9 of 31                8

I8LQCOHp

1          Now, before I accept any plea from you, Mr. Cohen, I'm

2     going to ask you certain questions.  My questions are intended

3     to satisfy me that you wish to plead guilty because you are

4     guilty, and that you fully understand the consequences of your

5     plea.

6          I am going to describe to you certain rights that you

7     have under the Constitution and laws of the United States,

8     which rights you will be giving up if you enter a plea of

9     guilty.

10         Please listen carefully, sir.  If you do not

11    understand something I am saying or describing, then stop me,

12    and either I or your attorneys will explain it to you more

13    fully.  Do you understand this?

14         THE DEFENDANT:  I do, your Honor.

15         THE COURT:  Under the Constitution and laws of the

16    United States, you have a right to a speedy and public trial by

17    a jury on the charges against you which are contained in the

18    information.  Do you understand that?

19         THE DEFENDANT:  I do, sir.

20         THE COURT:  And if there were a trial, you would be

21    presumed innocent, and the government would be required to

22    prove you guilty by competent evidence and beyond a reasonable

23    doubt.  You would not have to prove that you were innocent at a

24    trial.  Do you understand that?

25         THE DEFENDANT:  I do, your Honor.

Case 1:23-cv-03773-AKH   Document 18-22   Filed 05/30/23   Page 10 of 32
Case 1:18-cr-00602-WHP   Document 72   Filed 09/14/18   Page 9 of 31        9
I8LQCOHp

1            THE COURT:  If there were a jury -- excuse me -- if

2       there were a trial, a jury composed of 12 people selected from

3       this district would have to agree unanimously that you were

4       guilty.  Do you understand that?

5            THE DEFENDANT:  I do, your Honor.

6            THE COURT:  If there were a trial, you would have the

7       right to be represented by an attorney; and if you could not

8       afford one, an attorney would be provided to you free of cost.

9       Do you understand that?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  If there were a trial, sir, you would have

12      the right to see and hear all of the witnesses against you, and

13      your attorney could cross-examine them.  You would have the

14      right to have your attorney object to the government's evidence

15      and offer evidence on your behalf if you so desired, and you

16      would have the right to have subpoenas issued or other

17      compulsory process used to compel witnesses to testify in your

18      defense.  Do you understand that?

19           THE DEFENDANT:  Yes, sir.

20           THE COURT:  If there were a trial, Mr. Cohen, you

21      would have the right to testify if you wanted to, but no one

22      could force you to testify if you did not want to.  Further, no

23      inference or suggestion of guilt could be drawn if you chose

24      not to testify at a trial.  Do you understand that?

25           THE DEFENDANT:  Yes, your Honor.

Case 1:23-cv-03773-AKH Document 18-22 Filed 05/30/23 Page 11 of 32
Case 1:18-cv-00602-WHP Document 72 Filed 09/14/18 Page 10 of 31          10

I8LQCOHp

1          THE COURT:  Do you understand, sir, that by entering a

2     plea of guilty today, you are giving up each and every one of

3     the rights that I've described, that you are waiving those

4     rights, and that you will have no trial?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you understand that you can change your

7     mind right now and refuse to enter a plea of guilty?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  You do not have to enter this plea if you

10    do not want to for any reason whatsoever.  Do you understand

11    this fully, Mr. Cohen?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Now, Mr. Cohen, have you received a copy

14    of the information?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And have you read it?

17          THE DEFENDANT:  I have, sir.

18          THE COURT:  Did your attorney discuss the information

19    with you?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Do you waive my reading the information

22    word for word here in open court?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Do you understand that Counts One through

25    Five of the information charges you with evasion of personal

I8LQCOHp

income tax for the calendar years 2012, 2013, 2014, 2015 and

2016 respectively in violation of Title 26 of the United States

Code, Section 7201. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand, sir, that Count Six of

the information charges you with making false statements to a

financial institution in connection with a credit decision from

at least in or about February 2015 up to and including in or

about April 2016 in violation of Title 18 of the United States

Code, Section 1014. Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand, sir, that Count Seven

of the information charges you with willfully causing an

unlawful corporate contribution from at least in or about

June 2016 up to and including in or about October 2016 in

violation of Title 52 of the United States Code, Sections

30118(a) and 30109(d)(1)(A) and Title 18 of the United States

Code, Section 2(b). Do you understand that, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT: Do you understand that Count Eight of the

information charges you with making an excessive campaign

contribution on or about October 27, 2016 in violation of Title

52 of the United States Code, Sections 30116(a)(1)(A),

30116(a)(7) and 30109(d)(1)(A) and Title 18 of the United

States Code, Section 2(b). Do you understand that?

I8LQCOHp

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Now, do you understand, sir, that you have

3    a constitutional right to be charged by an indictment rather

4    than by an information?

5          THE DEFENDANT:  I do, sir.

6          THE COURT:  An indictment would be from a grand jury

7    and not like the information here, simply a charge by the

8    prosecutor.  Do you understand, sir, that you have waived the

9    right to be charged by an indictment, and that you have

10   consented to being charged by an information of the government?

11         THE DEFENDANT:  I understand, sir.

12         THE COURT:  And do you waive this right voluntarily

13   and knowingly?

14         THE DEFENDANT:  I do, your Honor.

15         THE COURT:  Do you understand that if you did not

16   plead guilty, the government would be required to prove each

17   and every part or element of the charges in the information

18   beyond a reasonable doubt at trial?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Ms. Griswold, for the benefit of the Court

21   and the defendant, would you describe the essential elements of

22   the crimes charged in this information?

23         MS. GRISWOLD:  Yes, your Honor.

24         Beginning with Counts One through Five, the tax

25   evasion counts, the elements are as follows:

Case 1:23-cv-03773-AKH Document 18-22 Filed 05/30/23 Page 14 of 32    13
Case 1:18-cr-00602-WHP Document 72 Filed 09/24/18 Page 13 of 31
I8LQCOHp

1              First, the existence of a substantial tax debt;

2              Second, willfulness of non-payment, meaning failure to

3       report was voluntary and intentional;

4              And, third, an affirmative act by the defendant

5       performed with intent to evade or defeat the calculation or

6       payment of the tax.

7              With respect to Count Six, the false statements to a

8       bank, there are four elements:

9              First, that the defendant made a false statement to a

10      lending institution;

11             Second, that the lending institution had its deposits

12      federally insured;

13             Third, that the defendant knew that the statements he

14      made were false;

15             Fourth, that the defendant made these statements for

16      the purpose of influencing in any way the action of that

17      lending institution such as to influence a loan application.

18             With respect to Count Seven, causing an unlawful

19      corporate contribution, there are five elements:

20             First, a corporation made a contribution or

21      expenditure in excess of $25,000;

22             Second, that the contribution or expenditure was made

23      directly to or in coordination with a candidate or campaign for

24      federal office;

25             Third, that the contribution or expenditure was made

I8LQCOHp

1      for the purpose of influencing an election;

2             Fourth, that the defendant caused the corporation to

3      make the contribution or expenditure by taking some action

4      without which the crime would not have occurred;

5             And, finally, that the defendant acted knowingly and

6      willfully.

7             With respect to Count Eight, making an excessive

8      campaign contribution, there are four elements:

9             First, an individual made a contribution or

10     expenditure in excess of $25,000 to a candidate or campaign;

11            Second, that the contribution was made directly or the

12     expenditure was made in cooperation, consultation or concert

13     with, or at the request or suggestion of a candidate or

14     campaign;

15            Third, it was made for the purpose of influencing

16     election;

17            And, fourth, it was done knowingly and willfully.

18            The government would also need to prove that venue was

19     proper in the Southern District of New York for all counts.

20            THE COURT:  Thank you, Ms. Griswold.

21            Mr. Cohen, have you listened carefully to Assistant

22     United States Griswold as she has described the essential

23     elements of each of the crimes charged against you?

24            THE DEFENDANT:  I have, your Honor.

25            THE COURT:  And do you understand that if you did not

Case 1:23-cv-03773-AKH   Document 18-22   Filed 05/30/23   Page 16 of 32      15
Case 1:18-cr-00602-WHP   Document 72   Filed 09/14/18   Page 15 of 31
I8LQCOHp

1   plead guilty, the government would be required to prove each

2   and every part of those elements by competent evidence beyond a

3   reasonable doubt at trial in order to convict you?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Now, do you understand, sir, that the

6   maximum possible penalty for the charges in Counts One through

7   Five of evasion of personal income tax is a maximum term of

8   five years of imprisonment, followed by a maximum term of three

9   years of supervised release, together with a maximum fine of

10  $100,000 or twice the gross pecuniary gain derived from the

11  offense or twice the gross pecuniary loss to persons other than

12  yourself resulting from the offense, and a $100 mandatory

13  special assessment.  Do you understand that?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Mr. Cohen, supervised release means that

16  you will be subject to monitoring when you're released from

17  prison, the monitoring to be under terms and conditions which

18  could lead to reimprisonment without a jury trial for all or

19  part of the term of supervised release without credit for time

20  previously served on post release supervision if you violate

21  the terms and conditions of supervised release.  Do you

22  understand that?

23             THE DEFENDANT:  I do, sir.

24             THE COURT:  Do you understand, sir, that the maximum

25  possible penalty for the crime charged in Count Six of making

Case 1:23-cv-03773-AKH Document 18-22 Filed 05/30/23 Page 17 of 32
Case 1:18-cr-00602-WHP Document 72 Filed 09/14/18 Page 16 of 31          16
I8LQCOHp

1    false statements to a financial institution is a maximum term

2    of 30 years of imprisonment, followed by a maximum term of five

3    years of supervised release, together with a maximum fine of

4    $1 million, and a $100 mandatory special assessment.  Do you

5    understand that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Do you understand, sir, that the maximum

8    possible penalty for the crime charged in Count Seven of

9    causing an unlawful corporate contribution carries a maximum

10   term of five years of imprisonment, together with a maximum

11   term of three years of supervised release, a maximum fine of

12   $250,000 or twice the gross pecuniary gain derived from the

13   offense or twice the gross pecuniary loss to persons other than

14   yourself resulting from the offense, and a $100 mandatory

15   special assessment.  Do you understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  And do you understand that the maximum

18   possible penalty with respect to Count Eight charging you with

19   making an excessive campaign contribution is a maximum term of

20   five years of imprisonment, followed by a maximum term of three

21   years of supervised release, together with a maximum fine of

22   $250,000 or twice the gross pecuniary gain derived from the

23   offense or twice the gross pecuniary loss to persons other than

24   yourself resulting from the offense, and a $100 mandatory

25   special assessment.  Do you understand that?

I8LQCOHp

          1           THE DEFENDANT:  Yes, sir.

          2           THE COURT:  Do you also understand that as part of

          3     your sentence, that restitution will be required to any person

          4     injured as a result of your criminal conduct?

          5           THE DEFENDANT:  Yes, your Honor.

          6           THE COURT:  Do you also understand, sir, that under

          7     the terms of your plea agreement, you are agreeing to forfeit

          8     any property or benefit that you received in connection with

          9     the bank fraud charged in Count Six of the information?

         10           MR. PETRILLO:  Just for the record, your Honor, it's a

         11     false statement to a bank rather than a bank fraud.  Thank you.

         12           THE COURT:  Do you understand, sir, that you are

         13     forfeiting any property derived as a result of that crime?

         14           THE DEFENDANT:  Yes, sir.

         15           THE COURT:  Now, you understand that you are pleading

         16     guilty to different counts in the information.  Do you

         17     understand, sir, that you will be separately sentenced on each

         18     of those counts?

         19           THE DEFENDANT:  I do.

         20           THE COURT:  And do you further understand that I may

         21     order you to serve the sentences either concurrently or

         22     consecutively, meaning either together or one after the other?

         23           THE DEFENDANT:  Yes, your Honor.

         24           THE COURT:  Do you understand, sir, that if I decide

         25     to run the sentences consecutively, that your sentence could be

I8LQCOHp

1   a maximum total of 65 years of imprisonment?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Now, do you understand that if I accept

4   your guilty plea and adjudge you guilty, that adjudication may

5   deprive you of valuable civil rights, such as the right to

6   vote, the right to hold public office, the right to serve on a

7   jury or the right to possess any kind of firearm?

8            THE DEFENDANT:  Yes, sir.

9            THE COURT:  Now, have you discussed with your attorney

10  the Sentencing Guidelines?

11           THE DEFENDANT:  Yes, your Honor.

12           THE COURT:  And you understand, sir, that the

13  Sentencing Guidelines are advisory.  And do you understand that

14  the Court will not be able to determine your sentence until

15  after a presentence report is completed by the probation

16  office, and you and the government have had a chance to

17  challenge any of the facts reported by the probation office?

18           THE DEFENDANT:  Yes, sir.

19           THE COURT:  And do you understand that if you are

20  sentenced to prison, parole has been abolished, and you will

21  not be released any earlier on parole?

22           THE DEFENDANT:  Yes, your Honor.

23           THE COURT:  Do you understand that if your attorney or

24  anyone else has attempted to estimate or predict what your

25  sentence will be, that their estimate or prediction could be

I8LQCOHp

1   wrong?

2          THE DEFENDANT:  No estimate was given to me, your

3   Honor.

4          THE COURT:  No one, Mr. Cohen, not even your attorney

5   or the government can, nor should, give you any assurance of

6   what your sentence will be.  Your sentence cannot be determined

7   until after the probation office report is completed, and I've

8   ruled on any challenges to the report and determined what

9   sentence I believe is appropriate giving due regard to all the

10   factors in Section 3553(a).  Do you understand that, sir?

11          THE DEFENDANT:  I do, your Honor.

12          THE COURT:  Do you also fully understand that even if

13   your sentence is different from what your attorney or anyone

14   else told you it might be or if it is different from what you

15   expect, that you will still be bound to your guilty plea, and

16   you will not be allowed to withdraw your plea of guilty?

17          THE DEFENDANT:  I do, your Honor.

18          THE COURT:  Now, I have been given this plea

19   agreement.  Have you signed it?

20          THE DEFENDANT:  I have, sir.

21          THE COURT:  And did you read this agreement prior to

22   signing it?

23          THE DEFENDANT:  I did, your Honor.

24          THE COURT:  Did you discuss it with your attorneys

25   before you signed it?

I8LQCOHp

1              THE DEFENDANT:  I did that as well, sir.

2              THE COURT:  Did you fully understand this agreement at

3       the time that you signed it?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Does this agreement constitute your

6       complete and total understanding of the entire agreement among

7       the government, your attorneys and you?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  Is everything about your plea and sentence

10      contained in this agreement?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Has anything been left out?

13             THE DEFENDANT:  Not that I'm aware of, sir.

14             THE COURT:  Has anyone offered you any inducements or

15      threatened you or forced you to plead guilty or to enter into

16      the plea agreement?

17             THE DEFENDANT:  No, your Honor.

18             THE COURT:  Do you understand that under the terms of

19      this plea agreement that you are giving up or waiving your

20      right to appeal or otherwise challenge your sentence if this

21      Court sentences you within or below the stipulated Sentencing

22      Guideline range of 46 to 63 months of imprisonment.  Do you

23      understand that?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Do you understand, sir, that I'm

Case 1:23-cv-03773-AKH Document 18-22 Filed 05/30/23 Page 22 of 32
Case 1:18-cr-00602-WHP Document 72 Filed 09/14/18 Page 21 of 31      21
I8LQCOHp

1    completely free to disregard any position or recommendation by

2    your attorney or by the government as to what your sentence

3    should be, and that I have the ability to impose whatever

4    sentence I believe is appropriate under the circumstances, and

5    you will have no right to withdraw your plea?

6           THE DEFENDANT:  I am, sir.

7           THE COURT:  Mr. Petrillo, do you know of any valid

8    defense that would prevail at trial or do you know of any

9    reason why your client should not be permitted to plead guilty?

10          MR. PETRILLO:  I do not, your Honor.

11          THE COURT:  Mr. Petrillo, is there an adequate factual

12   basis to support this plea of guilty?

13          MR. PETRILLO:  There is, your Honor.

14          THE COURT:  Ms. Griswold, is there an adequate factual

15   basis to support this plea of guilty?

16          MS. GRISWOLD:  There is, your Honor.

17          THE COURT:  Mr. Cohen, would you please tell me what

18   you did in connection with each of the crimes to which you are

19   entering a plea of guilty.

20          THE DEFENDANT:  Yes, your Honor.  May I stand?

21          THE COURT:  You may.

22          THE DEFENDANT:  Thank you, sir.

23          Your Honor, I also just jotted down some notes so that

24   I can keep my focus and address this Court in proper fashion.

25          As to Counts One through Five, in the tax years of

I8LQCOHp

1    2012 to 2016, I evaded paying substantial taxes on certain

2    income received that I knew was not reflected on the return and

3    that I caused to be filed.  The income intentionally not

4    included was received by me in the Southern District of New

5    York.

6          As to Count Six, on or about February of 2016, in

7    order to be approved for a HELOC, a home equity line of credit,

8    I reviewed an application form that did not accurately describe

9    the full extent of my liabilities.  I did not correct the

10   inaccurate information on the form.  I signed it knowing that

11   it would be submitted to the bank as part of their HELOC

12   application process.  The bank was federally insured and is

13   located in Manhattan.

14         As to Count Seven --

15         THE COURT:  Did you know that those statements were

16   false when you made them?

17         THE DEFENDANT:  They were omitted, your Honor, as

18   opposed to being false.

19         THE COURT:  Well, you knew it was false; that it

20   falsely depicted your financial condition, didn't you?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  And you omitted those statements, did you

23   not, for the purpose of influencing action by a financial

24   institution?

25         THE DEFENDANT:  Yes, your Honor.

Case 1:23-cv-03773-AKH Document 18-22 Filed 05/30/23 Page 24 of 32
Case 1:18-cv-00602-WHP Document 72 Filed 09/14/18 Page 23 of 31    23

I8LQCOHp

1            THE COURT:  All right.  You may proceed.

2            THE DEFENDANT:  Thank you, sir.

3            As to Count No. Seven, on or about the summer of 2016,

4     in coordination with, and at the direction of, a candidate for

5     federal office, I and the CEO of a media company at the request

6     of the candidate worked together to keep an individual with

7     information that would be harmful to the candidate and to the

8     campaign from publicly disclosing this information.  After a

9     number of discussions, we eventually accomplished the goal by

10    the media company entering into a contract with the individual

11    under which she received compensation of $150,000.  I

12    participated in this conduct, which on my part took place in

13    Manhattan, for the principal purpose of influencing the

14    election.

15            Your Honor, as to Count No. Eight, on or about October

16    of 2016, in coordination with, and at the direction of, the

17    same candidate, I arranged to make a payment to a second

18    individual with information that would be harmful to the

19    candidate and to the campaign to keep the individual from

20    disclosing the information.  To accomplish this, I used a

21    company that was under my control to make a payment in the sum

22    of $130,000.  The monies I advanced through my company were

23    later repaid to me by the candidate.  I participated in this

24    conduct, which on my part took place in Manhattan, for the

25    principal purpose of influencing the election.

Case 1:23-cv-03773-AKH Document 18-22 Filed 05/30/23 Page 25 of 32
Case 1:18-cv-00602-WHP Document 72 Filed 09/14/18 Page 24 of 31          24
I8LQCOHp

1          THE COURT:  Mr. Cohen, when you took all of these acts

2    that you've described, did you know that what you were doing

3    was wrong and illegal?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  All right.  You may be seated for the

6    moment.

7          THE DEFENDANT:  Thank you, sir.

8          THE COURT:  Would the government please summarize its

9    evidence against the defendant.

10          MS. GRISWOLD:  Yes, your Honor.

11          I will go first with the evidence as to the tax

12    evasion charged in Counts One through Five.

13          As the defendant allocuted, we would prove at trial

14    that between the tax years 2012 and 2016, Mr. Cohen knowingly

15    and willfully failed to report more than $4 million on his

16    personal income tax returns for the purpose of evading taxes.

17    We would prove this through the following categories of

18    evidence:

19          Mr. Cohen's personal income tax returns for 2012

20    through 2016 on which he declared under the penalty of perjury

21    that the amount of income he disclosed was accurate, testimony

22    from IRS agents and employees, testimony and documentary

23    evidence, including emails and text messages from individuals

24    who paid income to Mr. Cohen, and testimony of individuals

25    involved in the preparation of Mr. Cohen's taxes, and email

Case 1:23-cv-03773-AKH  Document 18-22  Filed 05/30/23  Page 26 of 32      25
Case 1:18-cr-00602-WHP  Document 72  Filed 09/54/18  Page 25 of 31
I8LQCOHp

1    communications between those individuals and Mr. Cohen.

2            With respect to our evidence on Count Six, as the

3    defendant allocuted, we would prove at trial that in connection

4    with an application for a home equity line of credit, the

5    defendant made false statements to a bank about his true

6    financial condition, including about debts for which he was

7    personally liable and about his cash flow.

8            We would prove this through the following categories

9    of evidence:

10           Bank records, including the home equity line of credit

11   application that Mr. Cohen signed and submitted to the bank, as

12   well as other financial information that Mr. Cohen provided to

13   the bank about his liabilities or lack thereof, testimony from

14   certain bank employees, and email communications between

15   Mr. Cohen and the bank.

16           With respect to Counts Seven and Eight, as the

17   defendant allocuted, and as detailed in the information filed

18   today, the government would prove that the defendant caused an

19   illegal corporate contribution of $150,000 to be made in

20   coordination with a candidate or campaign for federal office,

21   and also that Mr. Cohen made an excessive contribution of

22   $130,000 in coordination with the campaign or candidate for

23   purposes of influencing the election.

24           The proof on these counts at trial would establish

25   that these payments were made in order to ensure that each

Case 1:23-cv-03773-AKH Document 18-22 Filed 05/30/23 Page 27 of 32
Case 1:18-cv-00602-WHP Document 72 Filed 09/14/18 Page 26 of 31    26

I8LQCOHp

1    recipient of the payments did not publicize their stories of

2    alleged affairs with the candidate.  This evidence would

3    include:

4           Records obtained from an April 9, 2018 series of

5    search warrants on Mr. Cohen's premises, including hard copy

6    documents, seized electronic devices, and audio recordings made

7    by Mr. Cohen.

8           We would also offer text messages, messages sent over

9    encrypted applications, phone records, and emails.

10          We would also submit various records produced to us

11   via subpoena, including records from the corporation referenced

12   in the information as Corporation One and records from the

13   media company also referenced in the information.

14          Finally, we would offer testimony of witnesses,

15   including witnesses involved in the transactions in question

16   who communicated with the defendant.

17          THE COURT:  Thank you, Ms. Griswold.

18          Mr. Cohen, if you would stand at this time.

19          Mr. Cohen, how do you now plead to the charge in Count

20   One of evasion of personal income tax for the calendar year

21   2012?  Guilty or not guilty.

22          THE DEFENDANT:  Guilty, your Honor.

23          THE COURT:  And how do you plead to the charge in

24   Count Two of the information of evasion of personal income tax

25   for the year 2013?  Guilty or not guilty.

I8LQCOHp

```
 1                THE DEFENDANT:  Guilty, your Honor.

 2                THE COURT:  How do you plead to the charge in Count

 3     Three of evasion of personal income tax for the year 2014?

 4     Guilty or not guilty.

 5                THE DEFENDANT:  Guilty, your Honor.

 6                THE COURT:  How do you plead to the charge in Count

 7     Four of evasion of personal income tax for the calendar year

 8     2015?  Guilty or not guilty.

 9                THE DEFENDANT:  Guilty, your Honor.

10                THE COURT:  How do you plead to the charge in Count

11     Five of evasion of personal income tax for the calendar year

12     2016?  Guilty or not guilty.

13                THE DEFENDANT:  Guilty, your Honor.

14                THE COURT:  How do you plead to the charge in Count

15     Six of the information of making false statements to a

16     financial institution in connection with a credit decision?

17     Guilty or not guilty.

18                THE DEFENDANT:  Guilty, your Honor.

19                THE COURT:  How do you plead to the charge in Count

20     Seven of the information of willfully causing an unlawful

21     corporate contribution?  Guilty or not guilty.

22                THE DEFENDANT:  Guilty, your Honor.

23                THE COURT:  And, finally, how do you plead to the

24     charge in Count Eight of the information of making an excessive

25     campaign contribution?  Guilty or not guilty.
```

1              THE DEFENDANT:  Guilty, your Honor.

2              THE COURT:  Mr. Cohen, are you pleading guilty to each

3    of these counts because you are guilty?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Are you pleading guilty voluntarily and of

6    your own free will?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Mr. Petrillo, do you wish me to make any

9    further inquiries of your client?

10             MR. PETRILLO:  No, your Honor.  Thank you.

11             THE COURT:  Ms. Griswold, does the government wish me

12   to make any further inquiries of the defendant?

13             MS. GRISWOLD:  No, your Honor.

14             THE COURT:  All right.  Mr. Cohen, because you

15   acknowledge that you are guilty as charged in the information,

16   and because I find you know your rights and are waiving them

17   knowingly and voluntarily, and because I find your plea is

18   entered knowingly and voluntarily and is supported by an

19   independent basis in fact containing each of the essential

20   elements of the crimes, I accept your guilty plea and adjudge

21   you guilty of the eight offenses to which you have just pleaded

22   as charged in the information.

23             You may be seated.

24             THE DEFENDANT:  Thank you, sir.

25             THE COURT:  Now, the U.S. Probation Office will next

I8LQCOHp

1    prepare a presentence report to assist me in sentencing you.

2    You will be interviewed by the probation office.  It is

3    important that the information you give the probation officer

4    be truthful and accurate because the report is important in my

5    decision as to what your sentence will be.

6            You and your attorneys have a right and will have an

7    opportunity to examine the report, challenge or comment upon

8    it, and to speak on your behalf before sentencing.

9            I am going to set this matter down for sentencing on

10   December 12 at 11:00 a.m.

11           Now, what is the bail status of the defendant?

12           MS. GRISWOLD:  Bail needs to be set, your Honor, and

13   we have a proposed joint package for your consideration.

14           THE COURT:  All right.  That package was presented,

15   but why don't you put it forth on the record.

16           MS. GRISWOLD:  Certainly, your Honor.

17           A 500,000 personal recognizance bond cosigned by two

18   financially responsible individuals -- I'm sorry, your Honor --

19   cosigned by the defendant's wife and a second person who will

20   be interviewed by the U.S. Attorney's Office and qualified as a

21   financially responsible person;

22           The defendant is to be released today on his own

23   signature with the other two signatures within one week, which

24   would be August 28;

25           The defendant is to surrender any and all firearms and

I8LQCOHp

1   ammunition within 24 hours to law enforcement;

2          Travel restricted to the Southern and Eastern

3   Districts of New York, the Northern District of Illinois, the

4   Southern District of Florida, and Washington D.C., surrender of

5   the defendant's passport to his counsel and no new applications

6   for travel documents.

7          THE COURT:  All right.  Is that the proposed package,

8   Mr. Petrillo?

9          MR. PETRILLO:  May I have a moment, your Honor?

10          THE COURT:  Yes.

11          (Counsel confer)

12          MR. PETRILLO:  Nothing else, your Honor.  Thank you.

13          THE COURT:  I will note in the submission that was

14   sent to me shortly before the proceeding, there was a provision

15   for pretrial to approve travel without Court approval to other

16   locations.  I am not going to authorize that.  Any additional

17   requests for travel are to be submitted to me for my approval

18   before the defendant is to travel anywhere other than the

19   places provided for on the record here.

20          MR. PETRILLO:  Understood, your Honor.

21          THE COURT:  All right.  So I've set the date for

22   sentencing.

23          I'm going to direct the government to promptly prepare

24   a prosecution case summary for submission to the probation

25   department.

I8LQCOHp

1             And, Mr. Petrillo, I'm going to direct you to arrange

2    promptly for an interview with the probation department so that

3    the preparation of the presentence report can proceed.

4             Now, Mr. Cohen, have you listened closely to these

5    conditions that have been fixed for your release?

6             THE DEFENDANT:  I have, your Honor.

7             THE COURT:  All right.  And do you understand, sir,

8    that those conditions are going to apply now until the time

9    that you are sentenced, and that any violation of those

10   conditions could be severe?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  And do you understand that if you fail to

13   appear for sentencing on the day and time set, that that could

14   subject you to prosecution for another crime separate and apart

15   from the crimes that are charged here?

16            THE DEFENDANT:  I'm aware, your Honor.

17            THE COURT:  Very well.  Then I fully expect to see you

18   on December 12.

19            THE DEFENDANT:  Of course, sir.

20            THE COURT:  Anything further from the government?

21            MS. GRISWOLD:  No, your Honor.  Thank you.

22            THE COURT:  Anything further from the defense?

23            MR. PETRILLO:  No, your Honor.  Thank you.

24            THE COURT:  Very well.  This matter is concluded.

25   Have a good afternoon.   (Adjourned)