# Exhibit 23

DEC 16 1974

## MEMORANDUM TO HONORABLE KENNETH A. LAZARUS
### Associate Counsel to the President

RE: Applicability of 3 C.F.R. Part 100 to the President and Vice President.

This is in response to your request for an opinion from this Office regarding the applicability of 3 C.F.R. Part 100 to the President and Vice President personally. It is my conclusion that these regulations were not intended to and do not bind the President or Vice President.

The Part is addressed to "employees," which term is defined as officers or employees of an agency. 3 C.F.R. § 100.735-2(c). "Agency" is defined to include "the following agencies in the Executive Office of the President: the White House Office, the Council of Economic Advisors, the National Security Council, the Office of Science and Technology, and the Office of the Special Representative for Trade Negotiations, and any committee, board, commission, or similar group established in the Executive Office of the President." 3 C.F.R. § 100.735-2(a). The President is of course the head of the White House Office; both the President and Vice President are by law members of the National Security Council, 50 U.S.C. § 402(a), and by Reorganization Plan No. 2 of 1970 members of the Domestic Council, note 31 U.S.C. § 16; and the President is the chairman of the Council on Economic Policy. It might be argued, then, that they are "officers" of these "agencies" within the meaning of the regulations. In our view, however, other factors prevent such a conclusion.

3 C.F.R. Part 100 was issued in compliance with Executive Order No. 11222, note 18 U.S.C. § 201, and is based upon the provisions of that order, the regulations of the Civil Service Commission, 5 C.F.R. Part 735, and the statutory prescriptions of 18 U.S.C. §§ 202-209. See 3 C.F.R. § 100.735-1(b). The Civil Service Regulations are clearly not applicable to the

President and Vice President; nor are the conflict of interest provisions of 18 U.S.C. §§ 202-209 (see Attachment). Those regulations in 3 C.F.R. Part 100 merely interpreting or implementing those statutory provisions, therefore, would not apply to the President or Vice President. What remains is the Executive Order.

The Order (Section 705) defines "agency" and "employee" in much the same way as 3 C.F.R. Part 100, so that it could be thought to consider the President and Vice President "officers" of an "executive department." However, when the word "officer" is used in the Constitution, it invariably refers to someone _other than_ the President or Vice President. Article II, Section 1, clause 6 (Congress may by law determine what Officer shall act as President if there be neither President nor Vice President); Article II, Section 2, clause 1 (President may require opinions from the principal Officer in each executive department); Article II, Section 2, clause 2 (President appoints all Officers of the United States except for inferior Officers, the appointment of whom Congress may vest elsewhere); Article II, Section 3 (President commissions "all the Officers of the United States"); Article II, Section 4 (the President, Vice President, and all civil Officers may be removed by impeachment); Article II, clause 3 (all executive and judicial Officers shall be bound by oath to support the Constitution, contrasted with the explicit oath prescribed for the President, in Article III, Section 1, clause 8); Article I, Section 8, clause 18 (Congress has power to make all laws necessary and proper for carrying into execution all powers vested by the Constitution "in any Department or Officer thereof;" inasmuch as Congress cannot legislate in those areas where the President is given exclusive power, e.g., the pardoning power, this phrase must refer to executive departments and the Officers therein, but not to the President.) The Supreme Court, moreover, has interpreted Article II, Section 2, clause 2, as being the exclusive means by which one may become an "officer." United States v. Germaine, 99 U.S. 508 (1878). This use of the word "officer" in the Constitution has led the Department of Justice consistently to interpret the word in other documents as not including the President or Vice President unless otherwise specifically stated. I would, therefore, not interpret the word "officer" in Section 705 of Executive Order

- 2 -

No. 11222 as including the President or Vice President--thus eliminating the last of the three possible bases for asserting that 3 C.F.R. Part 100 applies to them.

Such a conclusion would seem consistent with the intent of President Johnson, who issued the Executive Order and signed the regulations. While directing all top officials in the executive branch to file statements of financial interests with the Chairman of the Civil Service Commission, the Order does not require the President or Vice President to do so. See Section 401. Moreover, President Johnson in announcing the Order continually referred only to "executive branch personnel," see Public Papers of the Presidents -- Lyndon B. Johnson, 1965(I), at 514; it is most unlikely that, if he had intended to bind himself as well, he would not have made specific mention of the fact.

With regard to the Vice President there is even a constitutional question whether the President can direct him to abide by prescribed standards of conduct. The Vice Presidential Office is an independent constitutional office, and the Vice President is independently elected. Just as the President cannot remove the Vice President, it would seem he may not dictate his standards of conduct. (As a practical matter, of course, the President could require certain standards from the Vice President in the discharge of any duties delegated to him by the President.)

Notwithstanding the conclusion that neither the Executive Order nor the regulations pursuant to it legally bind the President or Vice President, it would obviously be undesirable as a matter of policy for the President or Vice President to engage in conduct proscribed by the Order or regulations, where no special reason for exemption from the generally applicable standards exists. See Ex. Order No. 11222, Section 101 and 3 C.F.R. § 100.735-1(a). Failure to observe these standards will furnish a simple basis for damaging criticism, whether or not they technically apply. We would suggest, therefore, that if there are portions of these regulations which cannot feasibly be applied to the

- 3 -

President or Vice President, these--and the reasons for their nonapplication--should be identified in an internal memorandum. If this is done in advance, the determination of nonapplication can be made, and can be recorded, outside the context of a particular fact situation which might otherwise cause the determination to be suspect.

Antonin Scalia
Assistant Attorney General
Office of Legal Counsel

Attachment