UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

PEOPLE OF THE STATE OF NEW YORK,

               Plaintiff(s)

         -v-

DONALD J. TRUMP,

              Defendant(s).

------------------------------------------------------------- x

**<u>ORDER DENYING
INTERVENTION</u>**

23 Civ. 3773 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Lewis Brooks McKenzie moves to intervene in this case. He seeks intervention in order to certify a "constitutional question" to the Second Circuit Court of Appeals. The question relates to the lawfulness of the underlying indictment of Donald J. Trump.

       McKenzie's motion to intervene is denied. McKenzie cites no federal statute giving him the right to intervene. He claims no "interest relating to the property or transaction that is the subject of the action, and is [not] so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest." Nor does he state a claim or defense that shares a common question of law or fact with the main action. The conditions of Fed. R. Civ. P. 24 are not satisfied. That McKenzie is a citizen, and has the right to vote, and wishes to add his thoughts to Defendant's defenses does not satisfy Rule 24.

       Since McKenzie has no right to intervene, he has no right to have questions certified to the Court of Appeals.

The Clerk of the Court shall docket the papers presented by Lewis Brooks

McKenzie with this Order.

SO ORDERED.

Dated:          June 14, 2023
                New York, New York

ALVIN K. HELLERSTEIN
United States Senior District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## People of The State of New York

Write the full name of each plaintiff or petitioner.

Case No. 1:23 CV 03773-AKH

-against-

## Donald J. Trump

**NOTICE OF MOTION**

**TO INTERVENE**

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that **Intervenor**    **Lewis Brooks McKenzie**

plaintiff or defendant     name of party who is making the motion

requests that the Court:

before the Honorable Alvin K. Hellerstein, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, provide entry of an order granting intervention by the undersigned, who comes now primarily in the nature of amicus to provide relevant law applicable herein, but as Intervenor party only to invoke basic procedural points, pursuant to 28 USC § 1343, and 52 USC § 30110, as well as FRCvP Rules 18-22 and 24.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☒ a memorandum of law

☒ my own declaration, affirmation, or affidavit

☐ the following additional documents:

06/12/2023

Dated

**Lewis Brooks McKenzie**

Name

**706 W. 4th Street**

Address

972-837-5678

Telephone Number (if available)

/s/ Lewis Brooks McKenzie /s/

Signature

**(N/A)**

Prison Identification # (if incarcerated)

**Clarksville     TX     75426**

City     State     Zip Code

LBMTCU@gmail.com

E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## People of The State of New York

Fill in above the full name of each plaintiff or petitioner.

Case No. **1:23** CV **03773-AKH**

-against-

## Donald J. Trump

Fill in above the full name of each defendant or
respondent.

## DECLARATION

## in Support of Intervenor Lewis Brooks McKenzie's Motion to

## Certify Questions to the Second Circuit Court of Appeals

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, **Lewis Brooks McKenzie** , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

1. I am a resident of Red River County, Texas.

2. I have been, and I am now, a registered voter of Red River County, Texas.
3. I have voted previously for Donald J. Trump to be President.

4. I intend to vote again in 2024 for Donald J. Trump to be President.
5. Affiant sayeth further naught.

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

06/12/2023
Executed on (date)

Lewis Brooks McKenzie
Name

706 W. 4th Street
Address

972-837-5678
Telephone Number (if available)

/s/ Lewis Brooks McKenzie /s/
Signature

(N/A)
Prison Identification # (if incarcerated)

Clarksville        TX        75426
City                State        Zip Code

LBMTCU@gmail.com
E-mail Address (if available)

Page 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

People of The State of New York

Fill in above the full name of each plaintiff or petitioner.

Case No. 1:23 CV 03773-AKH

-against-

Donald J. Trump

Fill in above the full name of each defendant or respondent.

## DECLARATION

in Support of Lewis Brooks McKenzie's Motion to Intervene

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, Lewis Brooks McKenzie , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

1. I am a resident of Red River County, Texas.

2. I have been, and I am now, a registered voter of Red River County, Texas.
3. I have voted previously for Donald J. Trump to be President.

4. I intend to vote again in 2024 for Donald J. Trump to be President.
5. Affiant sayeth further naught.

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

06/12/2023
Executed on (date)

Lewis Brooks McKenzie
Name

706 W. 4th Street
Address

972-837-5678
Telephone Number (if available)

/s/ Lewis Brooks McKenzie /s/
Signature

(N/A)
Prison Identification # (if incarcerated)

Clarksville     TX     75426
City            State  Zip Code

LBMTCU@gmail.com
E-mail Address (if available)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**People of The State of New York**

Write the full name of each plaintiff or petitioner.

Case No. **1:23** CV **03773-AKH**

-against-

**Donald J. Trump**

**NOTICE OF MOTION**

**TO CERTIFY TO 2ND COA**

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that **Intervenor**        **Lewis Brooks McKenzie**

plaintiff or defendant        name of party who is making the motion

requests that the Court:

before the Honorable Alvin K. Hellerstein, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, provide entry of an order granting the undersigned's Motion to Certify Questions to the Second Circuit Court of Appeals, all and the same pursuant to 52 USC § 30110.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☒ a memorandum of law

☒ my own declaration, affirmation, or affidavit

☒ the following additional documents: Intervenor Lewis Brooks McKenzie's Notice of

Constitutional Questions Regarding the Federal Election Campaign Act

| 06/12/2023 | /s/ Lewis Brooks McKenzie /s/ |
|---|---|
| Dated | Signature |
| **Lewis Brooks McKenzie** | **(N/A)** |
| Name | Prison Identification # (if incarcerated) |
| **706 W. 4th Street** | **Clarksville    TX    75426** |
| Address | City    State    Zip Code |
| 972-837-5678 | LBMTCU@gmail.com |
| Telephone Number (if available) | E-mail Address (if available) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

------------------------------------------------------- x
                         :

PEOPLE OF THE STATE OF NEW YORK   :

v.                             :

DONALD J. TRUMP,          :
    Defendant               :
                              :
------------------------------------------------------- x

Case No.:  1:23-cv-03773-AKH

In a removal from the Supreme Court of
the State of New York, County of New
York, Criminal Term, Part 59
State case number:  IND-71543-23
Judge Juan Merchan, presiding

CONSTITUTIONAL QUESTIONS
DECLARATORY RELIEF REQUESTED

## Intervenor Lewis Brooks McKenzie's Notice of Constitutional Questions Regarding the Federal Election Campaign Act

TO THE HONORABLE ALVIN K. HELLERSTEIN:

Comes now Intervenor, Lewis Brooks McKenzie, pursuant to 52 USC § 30110, moving the Court to now certify questions promptly to the Second Circuit Court of Appeals, stating thusly:

Immediately after the state court arraignment of President Trump, media pundits, figureheads on both sides of the political aisle, and various personalities, *including* sitting elected officials, began to openly ponder the possible ramifications of Manhattan District Attorney Bragg opening "Pandora's Box" by actually charging President Trump as he did, i.e., that politically-motivated local prosecutors and/or even state attorneys general, anywhere across the land, might suddenly start using *state law* powers to charge currently-sitting and/or former *federal* officeholders, such as Members of Congress, Secretaries of the Cabinet, and/or any and all Presidents, all and the same such actions being primarily induced by and under pressure of political party motivations.

Indeed, reportedly there are already now some such possible prosecutions in the works.  This kind of total political breakdown cannot be allowed.  The Second Circuit should settle the issue.

## CONSTITUTIONAL QUESTIONS NOW HEREIN RAISED
## REGARDING THE FEDERAL ELECTION CAMPAIGN ACT

The following constitutional questions are raised for determination by the Second Circuit:

*May either a state attorney general and/or a local prosecutor, when the gravamen of the case regards federal campaign finance law, criminally prosecute registered candidates and/or past elected officials, of either local, state and/or federal positions, over such federal campaign finance law issues, considering that civil prosecution of any and all such matters, bar none, is exclusively reserved for the federal courts, also that the DOJ already has jurisdiction over any and all such related criminal issues, and further that the federal laws regarding all aspects of campaign finance "supersede and preempt any provision of State law with respect to election to Federal office" pursuant to 52 USC 30143(a)?*

Note:  The same questions should be determined and answered in mutual consideration of not only the Federal Election Campaign Act (of 1971, as amended), but also of the inextricably intertwined Presidential Election Campaign Fund Act, i.e., that is to say that the Second Circuit should deliberate upon the totality of Chapters 95 and 96 of Title 26 of the United States Code, all of Title 52 of the United States Code with particular emphasis on Subtitle III thereunder, and the related prohibitions and other aspects under Chapter 29 of Title 18 of the United States Code.

## MEMORANDUM OF LAW IN SUPPORT

This undersigned Intervenor is a registered voter and therefore an "individual eligible to vote in any election for the office of President" – *see* the supporting <u>Declaration</u> hereto.

This undersigned Intervenor has also today filed herewith my corresponding <u>Motion to Certify Questions to the Second Circuit Court of Appeals</u>, pursuant to 52 USC § 30110.

Together with the above Constitutional Questions raised, 52 USC § 30110 is duly triggered.

Accordingly, the Court is guided by 52 USC § 30110 to "immediately" certify Intervenor's (this) same <u>Notice of Constitutional Questions Regarding the Federal Election Campaign Act</u> to the Second Circuit Court of Appeals sitting *en banc* for further proceedings upon these matters.

**WHEREFORE**, undersigned Intervenor, Lewis Brooks McKenzie, moves this Court to now promptly certify said notice of constitutional questions formally raised unto the Second Circuit Court of Appeals pursuant to 52 USC § 30110, and prays for all just relief within these premises.

Respectfully submitted,

/s/ Lewis Brooks McKenzie /s/

Lewis Brooks McKenzie
706 W. 4th Street
Clarksville, TX  75426
Tel:  972-837-5678
Email:  LBMTCU@gmail.com
*Pro Se Intervenor*

## CERTIFICATE OF SERVICE

I am aware that the SDNY Local Rules provide that no "affirmation of service" is necessary for e-filings by those who are *already* active ECF filing users herein.  The undersigned's ECF motion is now pending with the Court.  Accordingly, in the meantime...

I hereby certify:  that on this _12th_ day of June, 2023, a true and complete copy of the above *notice of constitutional questions* was filed with the Clerk via special *pro se* email address provided, and by direct emails sent with the PDF attachments of all of undersigned's set of filings today, has been duly served upon listed lead counsel to be noticed for Plaintiff People of The State of New York, and likewise for Defendant Donald J. Trump, i.e., upon Mr. Colangelo and Mr. Blanche, respectively.

/s/ Lewis Brooks McKenzie /s/

Lewis Brooks McKenzie

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| -------------------------------------------------------- x | Case No.:   1:23-cv-03773-AKH |
| : | |
| PEOPLE OF THE STATE OF NEW YORK     : | In a removal from the Supreme Court of |
| : | the State of New York, County of New |
| v.                                                          : | York, Criminal Term, Part 59 |
| : | State case number:  IND-71543-23 |
| DONALD J. TRUMP,                            : | Judge Juan Merchan, presiding |
| Defendant                           : | |
| : | CONSTITUTIONAL QUESTIONS |
| -------------------------------------------------------- x | DECLARATORY RELIEF REQUESTED |

## Intervenor Lewis Brooks McKenzie's Motion to Certify Questions to the Second Circuit Court of Appeals

TO THE HONORABLE ALVIN K. HELLERSTEIN:

Comes now Intervenor, Lewis Brooks McKenzie, pursuant to 52 USC § 30110, moving the Court to now certify questions promptly to the Second Circuit Court of Appeals, stating thusly:

Immediately after the state court arraignment of President Trump, media pundits, figureheads on both sides of the political aisle, and various personalities, *including* sitting elected officials, began to openly ponder the possible ramifications of Manhattan District Attorney Bragg opening "Pandora's Box" by actually charging President Trump as he did, i.e., that politically-motivated local prosecutors and/or even state attorneys general, anywhere across the land, might suddenly start using *state law* powers to charge currently-sitting and/or former *federal* officeholders, such as Members of Congress, Secretaries of the Cabinet, and/or any and all Presidents, all and the same such actions being primarily induced by and under pressure of political party motivations.

Indeed, reportedly there are already now some such possible prosecutions in the works.  This kind of total political breakdown cannot be allowed.  The Second Circuit should settle the issue.

1

## MEMORANDUM OF LAW IN SUPPORT

This undersigned Intervenor is a registered voter and therefore an "individual eligible to vote in any election for the office of President" – *see* the supporting <u>Declaration</u> hereto.

This undersigned Intervenor has also today filed my <u>Notice of Constitutional Questions Regarding the Federal Election Campaign Act</u>, triggering the provisions of 52 USC § 30110, which clearly states, in full:

> The Commission, the national committee of any political party, or any individual eligible to vote in any election for the office of President may institute such actions in the appropriate district court of the United States, including actions for declaratory judgment, as may be appropriate to construe the constitutionality of any provision of this Act. The district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals for the circuit involved, which shall hear the matter sitting *en banc*.

Accordingly, the Court is guided by 52 USC § 30110 to "immediately" certify Intervenor's same said <u>Notice of Constitutional Questions Regarding the Federal Election Campaign Act</u> to the Second Circuit Court of Appeals sitting *en banc* for further proceedings upon these matters.

**WHEREFORE**, undersigned Intervenor, Lewis Brooks McKenzie, moves this Court to now promptly certify said notice of constitutional questions formally raised unto the Second Circuit Court of Appeals pursuant to 52 USC § 30110, and prays for all just relief within these premises.

Respectfully submitted,

/s/ Lewis Brooks McKenzie /s/

Lewis Brooks McKenzie
706 W. 4th Street
Clarksville, TX 75426
Tel:  972-837-5678
Email:  LBMTCU@gmail.com
*Pro Se Intervenor*

2

## CERTIFICATE OF SERVICE

I am aware that the SDNY Local Rules provide that no "affirmation of service" is necessary for e-filings by those who are *already* active ECF filing users herein.  The undersigned's ECF motion is now pending with the Court.  Accordingly, in the meantime…

I hereby certify:  that on this _12th_ day of June, 2023, a true and complete copy of the above *motion to certify* was filed with the Clerk via special *pro se* email address provided, and by direct emails sent with the PDF attachments of all of undersigned's set of filings today, has been duly served on listed lead counsel to be noticed for Plaintiff People of The State of New York, and likewise for Defendant Donald J. Trump, i.e., on Mr. Colangelo and Mr. Blanche, respectively.

/s/ Lewis Brooks McKenzie /s/

Lewis Brooks McKenzie

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| ------------------------------------------------------x | Case No.: 1:23-cv-03773-AKH |
| : | |
| PEOPLE OF THE STATE OF NEW YORK : | In a removal from the Supreme Court of |
| : | the State of New York, County of New |
| v. : | York, Criminal Term, Part 59 |
| : | State case number: IND-71543-23 |
| DONALD J. TRUMP, : | Judge Juan Merchan, presiding |
| Defendant : | |
| : | CONSTITUTIONAL QUESTIONS |
| ------------------------------------------------------x | DECLARATORY RELIEF REQUESTED |

## Dr. Lewis Brooks McKenzie's Motion to Intervene

TO THE HONORABLE ALVIN K. HELLERSTEIN:

Comes now Proposed Intervenor, Lewis Brooks McKenzie, PhD, pursuant to the Voting Rights Act of 1965 as amended, also 28 USC § 1343, 52 USC § 30110, and FRCvP Rules 18-22 and 24, moving the Court to grant intervention by the undersigned, who comes primarily in the nature of amicus, and without any claims against either Plaintiff or Defendant, stating thusly:

### NATURE OF INTERVENTION

Your Proposed Intervenor could have filed as mere Amicus Curiae which covers the bulk and body of this instant motion to intervene, *but* formal party status is required to invoke my motion to certify constitutional questions to the Second Circuit pursuant to 52 USC § 30110 (*see* those new filings, i.e., *that* <u>Motion to Certify</u>, with *its* supporting <u>Memorandum</u> and <u>Declaration</u>).

The Court recently set a reasonable schedule for the People to file any motion to remand, for a response by the Defendant, and any reply by the People, all towards holding an eventual hearing.

That hearing will not be necessary, and such filings are basically moot, as the state case filed by DA Alvin Bragg for the People was already precluded by law *before* Defendant was indicted.

1

Your Proposed Intervenor *could* formally raise herein certain third-party/cross-plaintiff claims against the State of New York, and complete diversity would apply (Trump is a Florida resident, and I am a resident of Texas), but for the sake of expedient resolution of this case, I will only point out the same aspects as needed below solely for jurisdictional support of my intervention.

Your Proposed Intervenor comes in the nature of amicus, simply to provide what the totality of law authorizes, requires, and or prohibits within and regarding this unusually novel situation, and will do so by separating and providing each of the given relevant issue/topic sections below.

## TABLE OF CONTENTS

Nature of Intervention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 01

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 02

Memorandum of Law in Support . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 03

    Intervention . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 03

    Bragg, Merchan, Cohen, and Seven Others . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    This Case is About Federal Elections, Jurisdiction, and Law . . . . . . . . . . . . . . . . 14

    Federal Jurisdiction Versus State Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    Statutes of Limitations and Tolling Provisions . . . . . . . . . . . . . . . . . . . . . . . . . 17

    President Trump is Entitled to Quashing of the State Case . . . . . . . . . . . . . . . . . 21

    President Trump is Entitled to Significant Civil Damages . . . . . . . . . . . . . . . . . . 22

    Federal Election Interference and Other Crimes . . . . . . . . . . . . . . . . . . . . . . . . 23

    Sanctions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Recommendations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

Conclusion and Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

## MEMORANDUM OF LAW IN SUPPORT

### \*\*\* INTERVENTION \*\*\*

*I. -- (Intervention for purposes of certifying constitutional questions)*

Your Proposed Intervenor is a registered voter and therefore an "individual eligible to vote in any election for the office of President" – *see* the undersigned's supporting <u>Declaration</u> hereto.

Your Proposed Intervenor has also today filed my corresponding <u>Motion to Certify Questions to the Second Circuit Court of Appeals</u>, all and the same pursuant to 52 USC § 30110.

Your Proposed Intervenor has also today filed my corresponding <u>Notice of Constitutional Questions Regarding the Federal Election Campaign Act</u>, hence the provisions and requirements of 52 USC § 30110 have been now fully and duly triggered.

Accordingly, the Court is guided by 52 USC § 30110 to "immediately" certify Intervenor's same <u>Notice of Constitutional Questions Regarding the Federal Election Campaign Act</u> to the Second Circuit Court of Appeals sitting *en banc* for further proceedings upon these matters, and therefore this matter – alone – is sufficient cause for the Court to grant this <u>Motion to Intervene</u>.

*II. -- (Intervention for purposes of the Voting Rights Act in protecting voters)*

Further, the undersigned is here to protect the voting rights of all eligible citizens across the nation, via the necessarily included action of protecting *candidate* Donald J. Trump from any form of election interference, like the false abuse, harassment, and malicious prosecution at bar.

Your Proposed Intervenor alleges, and conclusively proves further below, that several persons conspired with Manhattan District Attorney Alvin Bragg (hereinafter "Bragg") to *knowingly and intentionally* create an illegal state criminal case against President Trump, purposefully as *willful* election interference tactics, in order to disparage, malign, intimidate, threaten, coerce, injure and/or interfere with *not only* presidential candidate Donald J. Trump himself, but *also* all of his

3

voters, including myself, in direct violation of the Voting Rights Act, specifically in violations of 52 USC § 10101(b) and 52 USC § 10307(b), *cf.* 28 USC § 1343(a)(3) and (a)(4), all providing undersigned with personal standing for myself and on behalf of all said voters, and that the very same acts by Bragg and his co-conspirators are criminal violations of 18 USC § 245(b)(1)(A), 18 USC § 594, 18 USC § 610, and of 52 USC § 10308, amongst others, all detailed further below.

Neither the Plaintiff, People, nor the Defendant, Trump, has offered, nor is likely to offer, any aspect of authority or interest coming from the viewpoint of the general voting public, but this undersigned Proposed Intervenor *is* one of the general voting public, and has already now raised these nationally crucial issues falling under the Voting Rights Act and related federal statutes.

*III. -- (Intervention for purposes of inadequacy of existing party representation)*

Again, to protect my own voter rights and interests along with the similarly-situated rights and interests of all other such voters across the land, it appears I must protect *candidate* Trump since his entire team of defense counsel is apparently still not enough to properly represent him herein.

First, Trump's lawyers apparently fail to understand basic removal procedure, in that removal is still actually the very same case as it was within the state court, but that as a new case within the federal courts, such removal fresh case intake requires the standard JS-44 Civil Cover Sheet, of which was never filed herein, and even though the Clerk has made strong notations upon the instant docket, that "basic Legal 101" problem has *still*, to this day, never been remedied yet....

Second, Trump's lawyers have failed him and his interests in poor manner by failing to take full heed of the removal statutes they filed under, specifically in regards to 28 USC § 1455(b)(2) which clearly commands:

```
A notice of removal of a criminal prosecution shall include all
grounds for such removal. A failure to state grounds that exist at
the time of the filing of the notice shall constitute a waiver of
such grounds, and a second notice may be filed only on grounds not
existing at the time of the original notice.  (emphases added)
```

The <u>Notice of Removal</u> filed by Trump's lawyers raised no other defensive grounds except for just two (2) umbrella defenses, one of federal preemption by (rightfully) arguing that New York Election Law § 17-152, upon which Bragg relies at least in part for charges against Trump, violates the preemption provisions of 52 USC § 30143, which provides that "[t]he provisions of [the Federal Election Campaign] Act, and of rules prescribed under this Act, supersede and preempt any provision of State law with respect to election to Federal office." The other blanket defense ground raised in the <u>Notice of Removal</u> is of federal protective jurisdiction from the state system wrongly attacking the federal (election) system, another correct defense argument duly raised by Trump's lawyers, and also directly related to the undersigned's aforementioned <u>Notice of Constitutional Questions</u> and <u>Motion to Certify</u> all of the same issues up to the Second Circuit.

FRCvP Rule 81(c)(2) also applies to this removal, similar to Section 1455(b)(2) above, by requiring the removing party to answer and present *all* defenses and other objections to the case of Plaintiff People within set periods of time, and since Trump's lawyers did not raise any other defenses within seven (7) days of the removal pursuant to Rule 81(c)(2)(C), any other defenses and/or objections to Plaintiff's case are, again, deemed waived, like under 28 USC § 1455(b)(2).

Removal is a civil case and civil process, with civil consequences, even though the underlying state case may be a criminal case, just the same as for the civil application and process of habeas corpus, which has civil consequences for failures to comply. *See* also, FRCvP Rule 12, *passim*.

However, *jurisdictional bars* to criminal prosecution are never waived, and both umbrella defenses raised by the <u>Notice of Removal</u> happen to fit into that jurisdictional bar category.

However again, there were and are several "regular" defenses to the criminal prosecution that Trump's lawyers have apparently now waived, perhaps mistakenly believing that in a removal they could be raised later if needed. Of course, they can all still be raised upon any remand back

to any resumed state criminal court process, but the point is that they missed the boat, so to speak, for raising any of the following within this pending, active and important removal case to even further bolster the position and posture for relief claimed for their client, President Trump.

Such apparently now-waived defenses to criminal process include, but are not limited to:

A.   insufficiency of the Indictment — the state Indictment utterly fails to name any alleged underlying crime or crimes, by citing to the corresponding penal statute(s), that ostensibly give(s) rise to enhancing mere business record misdemeanors up to felonies, and this is so basic that every first-year criminal law student knows this as a 6th Amendment violation of the given defendant's due process rights (however, these issues were *partially* addressed by a recent state court Bill of Particulars and the People's Response thereto);

B.   double jeopardy issues — there are multiple levels/aspects of double jeopardy issues at play, including double/triple counts within the state Indictment itself, and considerations involving that the FEC and the DOJ both have already looked at all of this and declined to go further, obviously finding no violations of federal campaign law and/or related law;

C.   selective enforcement issues — there are also multiple levels/aspects of prohibited selective enforcement issues at play, including that no other *federal* candidate/politician would be, nor apparently ever has been, charged under similar circumstances to these, also that New York resident Hillary Clinton was found to have very seriously violated federal campaign law by the FEC, paying large fine(s), and her acts included the business record crimes that Bragg has charged Trump with, and yet Ms. Clinton, a Democrat, has never been charged whatsoever, and then also that New York resident Rep. Alexandria Ocasio-Cortez, also a Democrat, is presently under investigation by the FEC for campaign finance issues, and yet Bragg has not charged her with any business record and/or other crimes;

6

D.   various conflicts of interest by the instant state judge, Juan Merchan;

E.   various conflicts of interest by the instant state prosecutor, (Alvin) Bragg;

F.   extreme bias of local jury pool demographics; and,

G.   Supremacy Clause immunity, which is actually a jurisdictional bar defense, hence is not waived, but this fairly uncharted legal territory might, or might not, hinge upon the fact that Defendant Trump is not presently sitting in office, hence be possibly inapplicable, along with other reasons that Mr. Colangelo fairly explored in his <u>Motion to Remand</u>.

Indeed, the natural position taken by the People's said same <u>Motion to Remand</u> is, of course, that Defendant Trump's lawyers were *so* inadequate in removal that the Court should remand....

But the overarching point above is simply that your undersigned Proposed Intervenor has shown inadequacy of Trump's lawyers regarding removal procedure and in defending his rights, along with the inadequacy of *either* party to properly raise and litigate Voting Rights Act issues, equally important within this case to ensure that no injuries occur herein unto the rights of all the millions of innocent citizen voters across the nation who favor *candidate* Trump for President.

## IV. -- (Intervention Generally)

The undersigned **Voter** requests that the Court grant leave to intervene with such same formal party status as of right pursuant to Federal Rule of Civil Procedure 24(a)(2). All voters across the nation, just like the undersigned, have direct and tangible interests in this litigation that will be necessarily impaired if Plaintiff magically prevails in somehow maintaining a *void* criminal case against *candidate* Trump, and/or by those voting interests not being adequately represented by either the Plaintiff party or the Defendant party.

These interests will be directly and adversely impacted by this case, which seeks to protect the integrity of the election process including fair and free and equal opportunity for candidates to

campaign for federal offices unfettered by remarkably rogue and malicious criminal charges, and the inextricably intertwined rights of voters to not be interfered with in support of candidates.

In the alternative, the undersigned voter requests the Court grant permissive leave to intervene pursuant to FRCvP Rule 24(b)(1)(B), on the grounds that all issues presented herein share common questions of law and fact with the main removal action, and as to the underlying case.

In the alternative, the undersigned voter requests the Court grant leave to intervene under any of FRCvP Rules 18-22, arguing that there are certainly presented herein good causes for joinder of claims and parties generally, and further arguing palatably that the various *intangible rights and interests* between voters and their candidate create and comprise an intangible "property" and/or intangible "transaction" for discussion of various "intervention" and "interpleader" issues.

*V. – (The Court Should Grant Intervention as of Right)*

Upon filing of a timely motion, FRCvP Rule 24(a)(2) requires the Court to "permit anyone to intervene" who demonstrates that he has "an interest relating to . . . the subject of the action" that would be impaired "as a practical matter" because of the action, unless the interest is adequately represented by existing parties to the litigation. *Karsner v. Lothian*, 532 F.3d 876, 881 n.4 (D.C. Cir. 2008). It is well settled that Rule 24(a) should be construed liberally in favor of permitting intervention. *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972).

There are "four requirements for intervention as of right under Rule 24(a)(2): (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by existing parties." *Smoke v. Norton*, 252 F.3d 468, 470 (D.C. Cir. 2001) (internal citations omitted).

This <u>Motion to Intervene</u> satisfies each, particularly the lack of adequate representation by existing parties, which may be acute, especially in regards to all said innocent citizen voters.

8

First, Rule 24 requires that a motion to intervene be timely. *See United States v. British Am. Tobacco Austl. Servs.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006). This removal case is relatively still brand new, just filed on May 4th, 2023, and this <u>Motion to Intervene</u> is being presented to the Court within the time for the aligned party to comply with the Court's recent scheduling Order, hence very similar if not identical to that for filing amicus briefs in timing with appellate briefs, and moreover, being "in favor" of Defendant Trump herein, this motion would then be deemed not due until the scheduled date of Defendant Trump's first response to the scheduling Order, and further, nothing substantial whatsoever has occurred yet within these removal proceedings.

There should be no reasonable question that this <u>Motion to Intervene</u> is timely filed.

Second and third, Rule 24 requires that a movant "claim an interest relating to the property or transaction that is the subject of the action, and [be] so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(2). The undersigned voter has an interest in ensuring that the rights and interests of all American voters, and of their candidates, and of their mutual-interest elections, even deemed as intangible properties and/or intangible transactions, let alone civil rights, are preserved and not tainted falsely, and related, that the Constitutional balance between the states and the federal government over voters, candidates, campaigns and elections is preserved and not tainted falsely.

And fourth, your Proposed Intervenor has clearly demonstrated an inadequacy of sufficient representation, not only as to Defendant Trump's rights, but also as to interests of citizen voters.

*VI. – (In the Alternative, the Court Should Grant Permissive Intervention)*

If the Court nonetheless determines that the undersigned is somehow not entitled to intervene as of right, it should grant permissive intervention. Fed. R. Civ. P. 24(b).

Rule 24(b) authorizes the Court to grant permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b) does not impose any additional requirements, but is simply a matter within the sound discretion of the district court. *See EEOC v. National Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

In deciding whether to grant permissible intervention, the factors the Court should consider are (1) whether the application is timely; (2) whether the movant's claims and the underlying action share a common question of law or fact; and (3) whether the intervention will unduly delay or prejudice adjudication of the rights of the original parties. *Id.*

In considering the timeliness of the intervention, the Court should consider the totality of the circumstances, *NAACP v. New York*, 413 U.S. 345, 366 (1973), including the length of time since the movant knew of its interest in the case, prejudice to the existing parties cause by any delay in intervening (but not delay caused by the intervention itself), prejudice to the proposed intervenor, and the existence of any unusual circumstances, *United Nuclear Corp. v. Cannon*, 696 F.2d 141, 143 (1st Cir. 1982).

Again, there can be no reasonable question that this Motion to Intervene is timely filed, and the removal itself was filed by Defendant Trump, which Plaintiff People has admitted does not stop their state criminal process except to arrest any judgment of conviction, hence there is no additional prejudice to Plaintiff People beyond what the removal action itself may have induced.

As to "common question of law or fact" this movant is not required to assert a separate or additional claim or defense in order to show commonality. Instead, permissive intervention is appropriate where the proposed intervenor raises the same legal questions as the defense of the named defendants. *Kobach v. U.S. Election Assistance Commission*, No. 13-CV-4095-EFM-DJW, 2013 WL 6511874, at *5 (D. Kan. Dec. 12, 2013).

*VII. – (The Undersigned's Rights are Intertwined with Defendant's Rights)*

The penumbra of various voting, election, ballot access and related rights of your Proposed Intervenor, a qualified and registered Voter, are inextricably intertwined with, and inseparable from, all of the corresponding rights of the Defendant party herein, ***candidate*** Donald J. Trump.

The First Amendment of the Constitution provides: "Congress shall make no law ...abridging the freedom of speech, ...or the right of the people peaceably to assemble." U.S. CONST. amend. I. The First Amendment also constrains the states by virtue of the Fourteenth Amendment's Due Process Clause. U.S. CONST. amend. XIV, § 1; *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 749 n.1 (1976).

Though not expressly stated in the text of the Constitution, the First Amendment implicitly guarantees freedom of association, which functions as "an indispensable means" of shielding the Constitution's explicit First Amendment guarantees. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18 (1984). The First Amendment's guarantees extend to an array of activities related to political campaigns, most notably the speech uttered by candidates. *Citizens United v. FEC*, 558 U.S. 310, 339 (2010) ("The First Amendment has its fullest and most urgent application to speech uttered during a campaign for political office." (quoting *Eu v. S.F. Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 223 (1989)) (internal quotation marks omitted)).

Additionally, the act of casting a ballot in favor of a particular candidate constitutes an exercise of the freedom of association. *Anderson v. Celebrezze*, 460 U.S. 780, 787-88 (1983). Accordingly, First Amendment rights of both candidates and voters are exercised during a political campaign and corresponding election. *See id.* When considering the constitutionality of laws that restrict candidate access to ballots, the Supreme Court has often focused on the rights of voters rather than candidates.

Candidacy restrictions burden voters' freedom of association under the First Amendment because restricting a candidate's access to the ballot imposes a concomitant impediment on the opportunity for voters to associate with that candidate. *See id.* Because the right to vote "in a free and unimpaired manner is preservative of other basic civil and political rights," voting is recognized as a fundamental right under equal protection. *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 667 (1966).

First Amendment arguments for the right of a candidate to appear on the ballot are generally tied to the rights of freedom of expression and association, which are often, in turn, tied to the right to form political parties.

It has been observed that decisions that have protected political speech under the First Amendment would logically appear to apply to ballot access. In *Williams v. Rhodes*, 393 U.S. 23 (1969), the Supreme Court accordingly struck down an Ohio law that made it difficult for electors of presidential third-party candidates to be listed on the ballot. Other decisions have struck down unreasonable fees to run for public office. Although it relied on the equal protection clause of the 14th Amendment, rather than the First Amendment, in *Bullock v. Carter*, 405 U.S. 134 (1972), the Supreme Court invalidated a Texas law requiring candidates to pay $8,900 to run for office, specifically noting that "**the rights of voters and the rights of candidates do not lend themselves to neat separation;** laws that affect candidates *always* have at least some theoretical, correlative effect on voters." (emphases added)

*VIII. – (Regardless of Procedural Choice, the Court Should Grant Intervention)*

The undersigned Proposed Intervenor has demonstrated for purposes of intervention into these matters: independent statutory grounds for certification of constitutional questions; a bona fide legal interest herein under the Voting Rights Act; a sufficient inadequacy of Defendant's counsel

regarding his own rights as well a sufficient inadequacy of either party to well represent the legal interests of the many millions of individual Trump voters; sufficiency of intervention as of right; sufficiency of permissive intervention; sufficiency of intervention in general; and also that the constitutional rights and interests of a large "class" of voters comingles with those of Defendant Trump and that they are so inextricably intertwined as to effectively constitute the same rights.

Regardless of intervention as of right, or by permissive intervention, the Court should grant the undersigned Voter leave to intervene (and/or to interplead due to voter-candidate interests).

### *** BRAGG, MERCHAN, COHEN, AND SEVEN OTHERS ***

The instant state court criminal case was instituted by not just Bragg himself, but also by the state court judge, Juan Merchan (tied to the instant state Grand Jury proceedings, and therefore who also signed off on the arrest warrant and miscellaneous items, hence was also duly aware of various criminal issues involved), along with their "star" witness, Michael Cohen (former lawyer disbarred by NY due to federal criminal convictions for lying...), plus, according to a timely article[1] recently published by ABC News, at least seven (7) other principal attorneys in Bragg's office and/or direct team were "instrumental" in this state criminal case against Trump, including Matthew Colangelo and Rebecca Mangold (*both listed herein as lead counsel for Plaintiff*), in addition to Catherine McCaw, Christopher Conroy, Katherine Ellis, and Susan Hoffinger (*who are all listed herein as counsel for Plaintiff*), and also Peter Pope.  Together and individually, these seven (7) principal attorneys were lauded and praised for their many years of professional experience, accomplishments, and so forth and so on, by said glowing ABC News article.

Together, these seven (7) attorneys will be hereafter referred to jointly as "the Other Seven."

---

[1] ABC News (April 8, 2023) "Who are the members of the Manhattan DA's team prosecuting Trump?" https://abcnews.go.com/US/members-manhattan-das-team-prosecuting-trump/story?id=98434088

Bragg, Merchan, and the Other Seven are all *well* experienced NY attorneys *well* versed in all of the normal and regular aspects of criminal law, and unquestionably deemed experts upon all of the fundamental basic building blocks of criminal law, i.e., for a given crime, which is the proper (or most proper) jurisdiction and venue to charge a defendant in, have the applicable statutes of limitations expired or not, and so forth, i.e., the *basics* just to have a valid criminal case or not. They all have many years of experience with criminal law process. Michael Cohen, on the other hand, was a former NY attorney also with many years of legal experience, in various civil areas, but he is certainly presumed experienced enough to also know the *basics* of criminal law above, i.e., the basics of proper jurisdiction, and also the basics about statutes of limitations.

Altogether, these ten (10) persons will be hereafter referred to jointly as "Bragg and Crew."

### *** THIS CASE IS ABOUT FEDERAL ELECTIONS, JURISDICTION, AND LAW ***

Despite valiant attempt by Mr. Colangelo to argue for the People in his <u>Motion to Remand</u>, there simply is no escaping the brutal reality of what the instant state court case proceedings are, and have always been, about – it is about *federal* elections, *federal* jurisdiction, and *federal* law.

As counsel for Defendant Trump duly laid out within her <u>Notice of Removal</u>, *see id.*, *passim*, and particularly at ¶¶ 21-24, the *entire* Bragg criminal case hinges upon federal campaign law.

In other words, partial resolution of this removal case could be determined and answered in mutual consideration of not only the Federal Election Campaign Act (of 1971, as amended), but also of the inextricably intertwined Presidential Election Campaign Fund Act, i.e., that is to say a determination upon the totality of Chapters 95 and 96 of Title 26 of the United States Code, all of Title 52 of the United States Code with particular emphasis on Subtitle III thereunder, and the related prohibitions and other aspects under Chapter 29 of Title 18 of the United States Code.

Further, Bragg and Crew *have themselves* made the case all about the *candidacy* of Trump.

Bragg actually made "Get Trump!" the primary point of his own campaign for (state) office, and that mantra was so often repeated and published *because* it was his signature issue. Had the Defendant *not* chosen to run for President again, we wouldn't even be here discussing anything, but this case is actually about rogue state agents misusing and abusing state law assets, devices and procedures to falsely attack and injure the veracity and integrity of *federal* office elections.

Bragg publicly campaigned to "Get President Trump At Any Cost" as seen on YouTube[2]. And there is no question that same obsession of Bragg, whether induced by local demographics or not, was even *central* to his campaign[3]. Indeed, Bragg's same obsession was so acute that, from Day One of being the newly elected Manhattan District Attorney, that single goal to attack Defendant Trump was always his overall main job focus[4]. And the Manhattan District Attorney Office has admitted recently to taking at least $5000 in federal funding as part of their scheme.

Hence the People themselves, or rather more precisely Bragg and his various criminal legal team members from the Manhattan District Attorney's Office themselves, have *purposely* made their entire bogus action about the office of the federal Presidency.

Hence regardless of what else they say, they themselves have ensured that all actions, merits, arguments, and discussions are subservient to their main premise of attacking the presidency of the United States of America, let alone that they have done so falsely and criminally with malicious election interference of a federal office, which all further confirms and ensures the fact that these matters most certainly and squarely fall under *federal* jurisdiction.

Let there be no reasonable mistake or question that this entire matter is about the Presidency.

---

[2] Watch "Trump: Alvin Bragg Campaigned To 'Get President Trump At Any Cost'" on YouTube
https://www.youtube.com/watch?v=b66EbGjHH4g
[3] Alvin Bragg made his tough-on-Trump record central to his campaign for Manhattan DA - Washington Times
https://www.washingtontimes.com/news/2023/mar/31/alvin-bragg-made-his-tough-trump-record-central-hi
[4] Alvin Bragg: New Manhattan DA pledges to focus on Trump investigations - CNNPolitics
https://www.cnn.com/2021/12/20/politics/bragg-new-york-trump/index.html

The People themselves have reaffirmed their purpose and basis in charging Trump falsely, because it is primarily about (falsely) influencing the election of the office of the Presidency.

By their own words, deeds and actions, the various members of Bragg and Crew, *themselves*, have **made** this entire case, even from the beginning of their "investigation" into Trump's mere bookkeeping issues, as actually all about *federal* elections, *federal* jurisdiction, and *federal* law.

### *** FEDERAL JURISDICTION VERSUS STATE JURISDICTION ***

This Court has standard federal question jurisdiction per 28 USC § 1331.

This Court has standard federal jurisdiction over civil rights and elective franchise per 28 USC § 1343.

This Court has standard federal supplemental jurisdiction over inextricably intertwined state law issues per 28 USC § 1367.

This Court has exclusive federal removal ("officer") jurisdiction per 28 USC § 1442(a).

This Court has exclusive federal removal ("criminal") jurisdiction per 28 USC § 1455.

This Court has exclusive federal civil enforcement jurisdiction, if any such aspect is deemed applicable herein, over any and all federal campaign finance issues, *bar none*, per 52 USC § 30107(e).

Further, this Court also has express civil jurisdiction, per 26 USC § 9011(b)(2), in the nature of a 3-judge panel over any and all such federal campaign finance issues, notwithstanding that subsection (a) thereof focuses upon final verdicts of the FEC regarding the same such issues.

Further, jurisdiction within this Court and regarding the same said constitutional questions certification to the aforementioned Court of Appeals is expressly provided per 52 USC § 30110 (*cf.* even full exclusivity of jurisdiction, in certain situations, solely within the DC federal district

court per 52 USC § 30109(a)(8)(A) and versus the exclusive jurisdiction of the Federal Election Commission to even initiate any such civil enforcement actions per 52 USC § 30106(b)(1)).

Further, federal courts certainly have overwhelmingly "dominant" criminal jurisdiction over any issues arising under federal campaign finance law, at the very least in regards to any and all candidates for any federal office, if not "exclusive" jurisdiction over all of the same issues, which is the point in question to be certified via same said Motion to Certify constitutional questions to the Court of Appeals.

Further, this Court *must* have jurisdiction in this matter involving Defendant Trump because the federal laws regarding all aspects of campaign finance "supersede and preempt any provision of State law with respect to election to Federal office." 52 USC § 30143(a).

Indeed, pursuant to 18 USC § 3231, "[t]he district courts of the United States shall have *original* jurisdiction, *exclusive* of the courts of the States, of **all** offenses against the laws of the United States" (emphases added), and so that clearly includes any and all of Bragg's ostensible offenses as supposed criminal goal by Defendant Trump against federal campaign finance law.

And the point, of course, is that Plaintiff People of The State of New York **has never had**, and **will never have**, *any* possible criminal jurisdiction over *any* ostensible federal crimes that Bragg and Crew desires to either allege and/or "just" factually prove against Defendant Trump.

Lastly for the purposes of this section, venue is proper herein for this Proposed Intervenor to raise my issues, and most proper, due to the complained-of actions occurring within Manhattan and/or also thereabouts (via Bragg and Crew working for Manhattan and/or New York County).

## *** STATUTES OF LIMITATIONS AND TOLLING PROVISIONS ***

Most dispositive of all against Bragg's entire criminal case against Trump, is the shocking fact that ALL of the possible statutes of limitations – state *and* federal – have long ago passed

and were already expired *before* Bragg and Crew arranged for their Grand Jury to indict Trump, and NONE of the possible tolling provisions – state *or* federal – have any application herein.

All facts alleged by Bragg and Crew within their state criminal case point solely to 2017, or before that, or even well before that. *See* the Exhibits attached to the <u>Notice of Removal</u>. Trump was not charged with any kind of "big felony" like murder, rape, terrorism, or similar heinous act that society deems worthy of having especially longer-length statutes of limitations. Likewise, nothing amongst any possible "predicate act" theory or discussion herein involves anything even remotely similar to any such "big felony" such as murder, rape, terrorism, or similar heinous act.

Again, Defendant Trump, a former U.S. President and current frontrunner for the GOP 2024 presidential nomination, was charged with "paperwork crimes" regarding business records, i.e., as paperwork misdemeanors ostensibly enhanced to paperwork felonies – hence all ostensible crimes by Defendant Trump, if any, are subject only to normal periods of statutes of limitations.

But all of New York's potentially applicable misdemeanor and felony statutes of limitations have already long-ago passed....

New York Criminal Procedure (CPL) Chapter 11-A, Part 1, Title C, Article 30, Section 30.10, subsections (2)(b) and (2)(c) provide statutes of limitations relevant to any charging of these matters, via any state felony charges which must be brought **within five (5) years**, and via any state misdemeanor charges which must be brought **within two (2) years**, respectively. *See id.*

There are no other statutes of limitations applicable under the state law of New York.

Even assuming, *arguendo*, that Bragg could actually charge Trump under *federal* law, all of any ostensibly applicable *federal* statutes of limitations have also already long-ago passed.

The general federal statute of limitations of non-capital felony offenses is **a flat 5 years**. 18 USC § 3282(a).

And, the federal statute of limitations regarding *any* kind of campaign finance violation – whether civil *or* criminal – is also **a flat 5 years**. 52 USC § 30145(a).

Further, none of New York's state criminal tolling provisions apply herein, either.

*Falsely* seeking to extend statutes of limitations, Bragg and Crew knowingly defrauded about New York Criminal Procedure Law (CPL) Chapter 11-A, Part 1, Title C, Article 30, Section 30.10, subsection (3)(b), in order to claim jurisdiction over Trump at any time within five (5) years after conclusion of his "public servant" tenure as 45th President ending in January of 2021.

Bragg and Crew fraudulently misrepresented this legal theory to the world, because they already knew the term "public servant" used there is defined by New York Penal Law (PEN) Chapter 40, Part 1, Title A, Article 10, Section 10.00, subsection 15, which clarifies: "Public servant" means (a) any public officer or employee *of the state or of any political subdivision thereof* or of any governmental instrumentality *within the state*, or (b) any person exercising the functions of any such public officer or employee. Hence, such tolling provision did never, would never, cannot, and does not apply whatsoever to Trump, and Bragg and Crew *knew* this prior.

Likewise *falsely* seeking to extend statutes of limitations, Bragg and Crew's only other, but laughable, possibility under New York state law is tolling for "fugitive" issues, i.e., under New York Criminal Procedure Law (CPL) Chapter 11-A, Part 1, Title C, Article 30, Section 30.10, subsection (4)(a), but that would have only happened if either (1) President Trump had been "continuously" absent from the State of New York during those *entire* first 5 years, and/or (2) all of New York law enforcement combined had been *still* unable during those *entire* first 5 years to find President Trump anywhere, and also unable to learn his whereabouts, which of course clearly fails since Trump practically lived in Manhattan very often and everybody in the world knew and has known where Trump was physically located at during just about every day since

mid-2015, due to announcing and then winning the Presidency, and also not to mention being the mainstream media's primary daily fodder interest and co-dependency obsession ever since.

Likewise, no federal criminal tolling provisions apply herein either, even assuming, *arguendo*, that Bragg could actually charge Trump under *federal* law.

Under 18 USC § 3288 there is "re-indictment" tolling for six months after technical dismissal of a prior indictment, which cannot possibly apply herein since the instant Indictment is the first and only Indictment (and not even a *federal* indictment).

Under 18 USC § 3290 there is "fugitive" tolling, which again cannot possibly apply to Trump, for the same reasons as described above.

Under 18 USC § 3292 the (federal) government may seek to stop the clock while it awaits receipt of evidence pursuant to a Mutual Legal Assistance Treaty or letters rogatory request issued to a foreign country, which also clearly does not apply herein whatsoever.

The simple fact is that no tolling provisions, state or federal, whatsoever apply to this case regarding Bragg bringing his meritless and untimely Indictment against Defendant Trump.

And THAT is the critical, overarching and fully dispositive issue of Bragg's entire criminal case against Trump – *every* crime alleged by Bragg and Crew against Trump was *already* well beyond expiration of any and all state AND federal statutes of limitations, regardless of whether the same were charged as misdemeanors or felonies, and neither any state tolling provisions, nor any federal tolling provisions, were applicable and available to Bragg and Crew to use in either enhancement of charges or charges themselves – Bragg's entire case was and is **void *ab initio***.

Further, Bragg and Crew *knew already* well prior to said Grand Jury Indictment that they had no valid criminal case against Trump, *precisely because* they are all so vastly experienced in the criminal law and all basics thereof (well, nine of them, but Cohen is at minimum an Accessory

anyway), i.e., Bragg and Crew fully *knew* that all possible statutes of limitations had already run, and therefore *absolutely knew* their criminal case against Trump was a total fraud and total farce, *knew* they were criminally conspiring to defraud *the entire nation* with a completely bogus case, *knew* they were criminally violating all manner of President Trump's basic due process rights and civil rights, *knew* they were affirmatively conspiring to violate their ethics duties, and etc.

### *** PRESIDENT TRUMP IS ENTITLED TO QUASHING OF THE STATE CASE ***

Although the actual criminal case herein is the instant state court case removed, once removed this Court now has full authority to quash, dismiss, vacate and/or otherwise annul the state case, due to expiration of all possibly applicable statutes of limitations, pursuant to 18 USC § 3162(a).

In short, and in summary of the clearly dispositive points:

A. The state court and Bragg and Crew ("Plaintiff People") have never had, and will never have, any jurisdiction to exercise over any alleged violations of federal campaign finance law, as all such matters are exclusively the province of the FEC and DOJ;

B. The state court and Bragg and Crew ("Plaintiff People") have never had, and will never have, any jurisdiction to exercise over any other *federal* crimes, whatsoever, as that is likewise the exclusive province of the DOJ;

C. Further, because the only remotely possible remaining charges are then merely a stack of alleged NY paperwork misdemeanors falsely attempted to be brought *years* well after those statutes of limitations have long-ago expired, the state court simply has no jurisdiction over any such already long-expired and clearly-barred matters; and so,

D. Accordingly, the state court simply has no jurisdiction of these matters, whatsoever, and it also can never obtain any future jurisdiction of these matters, and so not only must the state court case be dismissed entirely, but it all must be dismissed **with prejudice**.

## *** PRESIDENT TRUMP IS ENTITLED TO SIGNIFICANT CIVIL DAMAGES ***

Naturally, we will allow President Trump's attorneys to detail all claimed civil damages as they know better and see fit, but we must point out some basics relevant to these matters.

Defendant Trump should include, name, serve and civilly counter-sue (or cross-sue, as the respective elements may be) the State of New York for all civil damages, jointly and severally.

Defendant Trump is clearly entitled to, at minimum: damages for intentional abuse of power, damages for intentional abuse of process, damages for intentional false arrest, damages for intentional false and malicious prosecution, damages for knowingly tortious interference with economic opportunity (*taking Defendant's time away from running the family business, plus any other actual proximate injuries to the business, i.e., falsely injuring the family business brand reputation*), damages for knowingly tortious interference with (*various campaign and/or election opportunity, i.e., as a much higher form of tortious interference of social opportunity, hence First Amendment, rights and/or interests*) (*this is fairly uncharted claims territory... but they wildly opened the door, so it is all fair game now...*), punitive damages against the individual cross-defendants (Bragg and Crew), reimbursements for all of Defendant's attorneys' fees (for work in both, the state court case removed, and here in federal court), reimbursements for all case-related travel costs including for Trump and for the required Trump security entourage with Secret Service personnel (which particular costs might be ordered in favor of the United States), and for all other case-related expenses, i.e., all court costs, filing fees, postage and/or etc.

The undersigned notes that during the same overall time period as Bragg and Crew's constant, relentless, widely public "Get Trump" obsession, and attendant reputational and related damages suffered as the direct result, the value of President Trump's business empire and assets have been negatively impacted from roughly $3.2 billion USD down to roughly $2.5 billion USD, i.e., as a

direct financial harm caused by Bragg and Crew and the State of New York, and the undersigned further notes that generously deeming the guilty parties as only liable for one-half (1/2) of those damages sustained equates to one-half of roughly $700 million USD or about $350 million USD.

Accordingly, Bragg and Crew and the State of New York should be held civilly liable for an overall consequential damages amount of roughly $350 million USD regarding the reputational damages, plus the other forms of civil damages, all of those using a comparative fault analysis to determine individual percentage liabilities of each said civil damages defendant, and then also, appropriate amounts of punitive damages assessed to each individual Bragg and Crew member, with an overall expected total amount of damages reasonably between $380M and $450M USD.

### *** FEDERAL ELECTION INTERFERENCE AND OTHER CRIMES ***

The crimes by Bragg and Crew were *willfully* perpetrated: *they knew* their state case was void *ab initio, they knew* they were purposefully violating Trump's various rights, and *they knew* they were intentionally interfering with the candidacy, campaign, and election of President Trump.

Accordingly, each individual member of their joint criminal conspiracy is absolutely guilty, clearly black-and-white guilty, of no less than *at least* one (1) count, and usually two (2) or more counts, of each of the following penal provisions of the United States Code:

At least one felony Count each under 18 USC § 4 – MISPRISION OF FELONY (3 years for each act); They knew the SOLs had already run, therefore knew they were criminally conspiring to violate Trump's rights, i.e., knew they were violating 18 USC §§ 241 and 245 (just below next) as well as Trump's basic equal and due process rights, and were therefore individually duty-bound and required to report on each other to the appropriate law enforcement authorities;

At least one felony Count each under 18 USC § 241 – CONSPIRACY AGAINST RIGHTS (10 years for all basics for each act);

At least one felony Count each under 18 USC § 245(b)(1)(A) – FEDERALLY PROTECTED ACTIVITIES (including elections, voting, candidacies, etc.) (1 year for all basics for each act);

At least one felony Count each under 18 USC § 371 – CONSPIRACY TO COMMIT OFFENSE OR TO DEFRAUD UNITED STATES (5 years for each act);

At least one felony Count each under 18 USC § 372 – CONSPIRACY TO IMPEDE OR INJURE OFFICER (6 years for each act);

At least one felony Count each under 18 USC § 594 – INTIMIDATION OF VOTERS (1 year for each act);

At least one felony Count each (or at least Bragg himself) under 18 USC § 595 – INTERFERENCE IN ELECTION BY ADMINISTRATIVE EMPLOYEES OF FEDERAL, STATE OR TERRITORIAL GOVERNMENTS (1 year for each act);

At least one felony County each under 18 USC § 610 – COERCION OF POLITICAL ACTIVITY (3 years for each act);

At least one felony Count each under 18 USC § 1341 – FRAUDS AND SWINDLES (20 years for each act of "mail fraud") (the Manhattan DA's office and courthouse are still largely paper-based, hence *something* got mailed to Trump's team by now) (Note: See 18 USC § 1346 for the definition of "scheme or artifice to defraud" which clarifies, "For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.");

At least one felony Count each under 18 USC § 1343 – FRAUD BY WIRE, RADIO, OR TELEVISION (Bragg and Cohen have been all over the airwaves talking falsely about this fraudulent conspiracy of theirs, however Merchan cannot be charged with this crime unless he also used computers and/or other electronic devices – even his smartphone – as part of the case

processing (20 years for each act of "wire fraud") (Note: See 18 USC § 1346 for the definition of "scheme or artifice to defraud" which clarifies, "For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.");

At least one felony County each under 52 USC § 10308 – CIVIL AND CRIMINAL SANCTIONS (regarding elections, voting, candidacies, etc.) (3 years for each act); and,

At least one felony Count each under 18 USC § 1962 – PROHIBITED ACTIVITIES (RICO) (20 years) (Note: mail fraud and wire fraud are used all the time by federal prosecutors to bolster RICO actions, along with any of the other existing predicate crimes, and mail fraud and wire fraud are used to even *base* a RICO action upon).

And as to being criminal conspirators, notwithstanding various "limiting" notes above per certain members of Bragg and Crew, those "limiting" notes do not really apply, because it is well established that any member of a criminal conspiracy may be held liable and guilty of crimes by other members even of which the person is not directly aware of, i.e., the Pinkerton rule.

The Pinkerton rule is a doctrine created by the judiciary to impose liability on a conspirator for all crimes or offenses that support a conspiracy. The law stipulates that a conspirator takes responsibility for an offense or crime even if the co-conspirators committed the crime and the defendant was not directly involved.

The Pinkerton rule is based upon the United States Supreme court opinion in *Pinkerton v. United States*, 328 U.S. 640 (1946). In the case, the Supreme Court established a theory of vicarious liability. The principle permits the conviction of a person for a crime that can be substantiated, even if the person didn't directly get involved in committing the crime.

25

The Pinkerton rule determines when an individual can be convicted of a substantive crime they didn't directly commit. It upholds that all conspiracy members are liable for their co-conspirators' substantive crimes intended to further the conspiracy.

Indeed, already knowing that their state criminal case was utterly void for expiration of all possible statutes of limitations (let alone also knowing they lacked jurisdiction over any federal crimes), the acts of Bragg and Crew to even file appearances and a motion to remand herein are nothing less than *additional criminal acts intended to further their criminal conspiracy* of falsely maintaining a wholly void state criminal case, falsely maintaining injuries to Trump's various rights, falsely maintaining injuries to the rights of all supporting voters across the nation, and etc.

### *** SANCTIONS ***

The crimes by Bragg and Crew were *willfully* perpetrated: *they knew* their state case was void *ab initio, they knew* they were purposefully violating Trump's various rights, and *they knew* they were intentionally interfering with the candidacy, campaign, and election of President Trump.

Because the nefarious actions of Bragg and Crew constitute *not only* gross professional misconduct against their ethical duties, but also felonies of moral turpitude such as federal wire fraud (18 USC § 1343: *misusing the Court's ECF system in the same scheme or artifice to defraud*), attempted obstruction of justice (18 USC §§ 1503, 1506, and etc.), and federal rights violations (18 USC §§ 241 and 242: *the same scheme or artifice to falsely deprive Defendant Trump and all such Voters of our various First Amendment rights, including Trump's rights of petitioning the government for redress of grievances, of having a fair trial in a court, and even of meaningful access to the courts, as well as falsely deprive him of my due process rights under the 5th and 14th Amendments*), and their same nefarious acts further demonstrate their pure disdain for this Court itself and its Rules, with also obvious disdain for maintaining the integrity of the

legal profession, **indeed to even purposefully defraud the entire nation**, Bragg and Crew should now therefore face all appropriate measure of punishments, including fines, sanctions, contempt (be it civil contempt and/or criminal contempt) plus have their law licenses revoked or suspended, not to mention striking their wholly fraudulent and frivolous motion to remand.

The Court, therefore, has multiple options for which appropriate sanctions may be entered.

The Court may punish Bragg and Crew under 28 USC § 1927 for filing a baseless and deceptive motion (to remand), for pursuing a litigation position after it becomes apparent that the asserted position is devoid of merit, for taking frivolous legal positions, for engaging in misconduct that extends or encumbers the judiciary process, and for similar misconduct evidenced by their acts herein. *Id.*

The Court may also punish Bragg and Crew under 18 USC § 401(2) and/or (3), for their gross misbehavior in official transactions, and/or for gross disobedience to the Local Rules of this District, which expressly incorporate the New York Rules of Professional Conduct. *Id.*

The Court may also punish Bragg and Crew under 18 USC § 402, as contempt for their acts being of such character that they also constitute any criminal offense under any statute of the United States or under the laws of any State in which the act was committed, including a fine of any amount in the form of restitution or other compensation to the parties so injured by their acts, also a fine in the maximum amount of $1000 payable to the United States (each), and up to six (6) months of imprisonment (each). *Id.*

Last, but certainly not least, is the Court's inherent power. The power of federal courts to curb abusive litigation practices through the use of inherent powers is well established. Inherent powers are not governed by rules or statutes. They flow from the nature of the judicial institution itself—powers that "are necessary to the exercise of all others." *United States v.*

*Hudson*, 7 Cranch 32, 24 L. Ed. 259 (1812). Inherent powers include the power to issue contempt sanctions; the power to impose obedience, respect and decorum, and submission to lawful court mandates; and—most significantly for present purposes—the "'well-acknowledged' inherent power of a court to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). In the leading modern decision, *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991), the Supreme Court made clear that the existence of a sanctioning scheme in statutes and rules does not displace the Court's inherent power to impose sanctions for the egregiously bad faith conduct of Bragg and Crew. "These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than the other means of imposing sanctions." *Id.* at 46.

The imposition of inherent power sanctions is appropriate when the offenders have willfully abused judicial process or otherwise conducted litigation in bad faith. *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986), cert. denied, 479 U.S. 1033 91987); *Kreager v. Solomon & Flanagan*, P.A. 775 F.2d 1541, 1542-43 (11th Cir. 1985); *Lipsig v. Nation Student Mktg. Corp.*, 663 F.2d 178, 180-81 (D.C. Cir. 1980); *Link v. Walbash R.R.*, 370 U.S. 626, 632 (1962).

Federal courts are empowered to "protect the administration of justice by levying sanctions in response to abusive litigation practices." *Kovilic Const. Co., v. Missbrenner*, 106 F.3d 768, 772-73 (7th Cir. 1997); *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 (1st Cir. 1985), cert. denied, 475 U.S. 1018 (1986), quoting *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981).

*See* also, e.g., *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991), where sanctions in the form of attorney's fees and expenses totaling almost $1 million were upheld by the Supreme Court.

Accordingly, this Court should so appropriately sanction each member of Bragg and Crew.

## RECOMMENDATIONS

Defendant Trump should "join" in this motion to intervene and/or otherwise support it.

Defendant Trump should consider whether or not there is any advantage to invoking a three-judge panel herein, which is available under various sections of the United States Code that relate to elections, candidacies and campaigns, voting rights, ballot access, and similar subjects, versus the consideration that this Motion to Intervene pretty much satisfies, in totality, the initial goal of Defendant Trump in removing the instant state court criminal case – to end it, versus the consideration of continuing this same case for the purposes of seeking appropriate civil damages.

Defendant Trump should, likewise, strongly consider voluntarily dismissing the brand new civil damages case he has just filed against Cohen, in lieu of combining/merging those claims hereunder against the full set of Bragg and Crew members that also include Cohen already.

Defendant Trump should consider whether or not to invoke the presence of the DOJ herein, whether under the Voting Rights Act, and/or under other provisions (elections, campaigns, etc.).

Defendant Trump should invoke the federal Crime Victim Rights Act, pursuant to 18 USC § 3771(d)(3), as Victim asserting his enumerated rights under 18 USC § 3771(a), by filing such motion to assert (case law requires specific citation to those statutory provisions), and including his claims under the federal Victims' Rights and Restitution Act (VRRA) (34 USC § 20141), so that he may move the Court for various statutory relief, i.e., restitution, protective order(s), etc.

The Court should consider whether or not to invoke the presence of the DOJ herein, whether under the Voting Rights Act, and/or under other provisions (elections, campaigns, etc.).

The Court should consider whether or not to sua sponte invoke a three-judge panel herein.

The Court not only should, but must by law, initiate formal criminal prosecutions against each individual member of Bragg and Crew, and it should further issue appropriate sanctions on each.

Because the nature of ALL of the crimes perpetrated by Bragg and Crew are all based upon and/or in direct concert with their primary objective of election interference of *candidate* Trump (18 USC § 245) and his various personal civil rights (18 USC § 241), the criminal prosecution(s) in these matters are actually **mandatory** by express federal law. There is **no** discretion, and the Court has a mandatory duty under 42 USC § 1987 to issue appropriate criminal process(es).

42 USC § 1987 clearly states in its entirety:

"The United States attorneys, marshals, and deputy marshals, the United States magistrate judges appointed by the district and territorial courts, with power to arrest, imprison, or bail offenders, *and every other officer who is especially empowered by the President*, are *authorized and required*, at the expense of the United States, *to institute prosecutions* against all persons violating any of the provisions of section 1990 of this title or of *sections 5506 to 5516 and 5518 to 5532 of the Revised Statutes*, and *to cause such persons to be arrested, and imprisoned or bailed*, for trial before the court of the United States or the territorial court having cognizance of the offense." (emphases added)

The Judge of this Court is clearly also one of the "*every other officer who is especially empowered by the President*" (with law enforcement powers). The reference to "*sections 5506 to 5516 and 5518 to 5532 of the Revised Statutes*" is reference to Title LXX, Chapter 7 of those former Revised Statutes, entitled CRIMES AGAINST THE ELECTIVE FRANCHISE AND CIVIL RIGHTS OF CITIZENS. Of course, after recodification, the Revised Statutes are now the United States Code, and the former statutes now fall under Title 18, Chapter 13 ("CIVIL RIGHTS").

Specifically, Section 5508 of the former Revised Statutes is now recodified at 18 USC § 241, and multiple of the former Revised Statutes were merged and are now recodified at 18 USC § 245, all of which are directly applicable herein. Hence, any such clearly demonstrated violations of 18 USC §§ 241 and/or 245 statutorily trigger the Court's mandatory duty "*to institute prosecutions*" against persons such as the instant named co-conspirators (Bragg and Crew) herein "*and to cause such persons to be arrested, and imprisoned or bailed, for trial before the court of the United States*...." **This is a statutory mandate – it is not discretionary.**

Indeed, THE primary reason for even hiring *any* federal magistrate judge is to ensure that individuals like the above-named persons, who commit civil rights crimes, and particularly crimes of election interference are promptly arrested and tried.

42 USC § 1989 clearly states in pertinent part:

```
    The district courts of the United States and the district courts of the
Territories, from time to time, shall increase the number of United States
magistrate judges, so as to afford a speedy and convenient means for the
arrest and examination of persons charged with the crimes referred to in
section 1987 of this title; and such magistrate judges are authorized and
required to exercise all the powers and duties conferred on them herein with
regard to such offenses in like manner as they are authorized by law to
exercise with regard to other offenses against the laws of the United States.
(emphases added)
```

Again, the crimes in Section 1987 are the civil rights crimes in 18 USC §§ 241 and 245.

This Motion to Intervene makes very clear that Bragg and Crew were and are not only violating these same civil rights crimes, but that they are doing so to defraud our entire nation, let alone the Defendant. This is more than enough to trigger 42 USC § 1987 duty, and this criminal jurisdiction duty is fully independent and regardless of any eventual decision regarding the instant civil action ("lawsuit") itself, and is fully independent of professional ethics duties.

## CONCLUSION AND PRAYER FOR RELIEF

I have federal statutory rights to engage herein pursuant to the Voting Rights Act, my voter rights are intertwined with candidate Trump's same or similar ballot access and related rights, and I have separately triggered duty to certify constitutional questions to the Second Circuit, hence my established right(s) to intervene herein are very well demonstrated by all the above.

The instant state court criminal case is entirely a sham and farce, a complete fraud upon the entire nation, and the perpetrators of that gigantic, historic-proportions level of manifest fraud, i.e., Bragg and Crew, are black-and-white guilty of literal lifetimes of various felony crimes, and we haven't even yet started discussing all of the various state malfeasance crimes applicable to

each of these guilty members of the criminal conspiracy.  Further, in this particular situation, where the crimes committed by Bragg and Crew are all about federal election interference, the express law of the United States is that appropriate prosecution(s) is/are clearly mandatory.

Again, the state court criminal case is wholly void *ab initio*, being fraudulently based upon already-expired statutes of limitations and without any applicable tolling provisions, plus the state court could *never* have jurisdiction over *any* federal crimes, ever, hence it is incumbent for the same rogue and void state criminal case against Defendant Trump to be promptly quashed, dismissed, vacated and/or otherwise annulled in Defendant Trump's favor – and he is entitled also to complete expungement of the case itself plus all "personal identifiers" of arrest process, and Trump is also clearly entitled to a virtual cornucopia of various civil and other damages, and certain other relief he may obtain in this Court via a motion asserting various crime victim rights.

The Court should, independently, promptly grant leave for this undersigned to intervene, for good cause, and also grant my Motion to Certify constitutional questions to the Second Circuit.

The Court should vacate its currently scheduled hearing regarding removal, as moot in the face of the above, and also disqualify appearances of Bragg and the Seven Others from this case, sanction all ten (10) members of the Bragg and Crew criminal conspiracy, and start prosecutions.

**WHEREFORE**, undersigned Proposed Intervenor, Lewis Brooks McKenzie, now moves the Court to grant intervention, also promptly certify said notice of constitutional questions formally raised unto the Second Circuit Court of Appeals pursuant to 52 USC § 30110, grant undersigned single-case Filing User for ECF purposes, quash or dismiss or vacate and/or otherwise annul the instant state court criminal case for clear lack/violation of basic due process, refer Bragg and Crew (except Cohen) for professional disciplinary action and/or outright suspend them all from the practice of law pending same, also sanction Bragg and Crew (including Cohen) for wanton

conspiracy to defraud the entire nation via willfully egregious violations of federal (and state)

penal law and by such gross misconduct, and I pray for all other just relief within these premises.

Respectfully submitted,

/s/ Lewis Brooks McKenzie /s/

Lewis Brooks McKenzie
706 W. 4th Street
Clarksville, TX 75426
Tel: 972-837-5678
Email: LBMTCU@gmail.com
*Pro Se Intervenor*

## CERTIFICATE OF SERVICE

I am aware that the SDNY Local Rules provide that no "affirmation of service" is necessary

for e-filings by those who are *already* active ECF filing users herein. The undersigned's ECF

motion is now pending with the Court. Accordingly, in the meantime…

I hereby certify: that on this _12th_ day of June, 2023, a true and complete copy of the above

*motion to intervene* was filed with the Clerk via special *pro se* email address provided, and by

direct emails sent with the PDF attachments of all of undersigned's set of filings today, has been

duly served upon listed lead counsel to be noticed for Plaintiff People of The State of New York,

and likewise for Defendant Donald J. Trump, i.e., upon Mr. Colangelo and upon Mr. Blanche,

each respectively.

/s/ Lewis Brooks McKenzie /s/

Lewis Brooks McKenzie

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

People of The State of New York

Plaintiff(s),

-against-

Donald J. Trump

Defendant(s).

Docket No: 1:23    CV 03773-AKH

NOTICE OF PRO SE APPEARANCE

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

☐ that all future correspondence be mailed to me at the address below, or

☑ that all future correspondence be e-mailed to me at the e-mail address below. I have
completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court
and all parties.

McKenzie, Lewis Brooks                    INTERVENOR --> ☐ Plaintiff
                                                         ☐ Defendant

Name (Last, First, MI)

706 W. 4th Street,  Clarksville,  TX            75426
Address              City            State       Zip Code

972-837-5678                      LBMTCU@gmail.com

Telephone Number                   e-mail address

06/12/2023                         /s/ Lewis Brooks McKenzie /s/

Date                               Signature

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## People of The State of New York

Write the full name of each plaintiff or petitioner.

-against-

## Donald J. Trump

Write the full name of each defendant or respondent.

No. _1:23_ CV _03773-AKH_____ :

**MOTION FOR PERMISSION FOR
ELECTRONIC CASE FILING**

I respectfully ask the Court for permission to participate in electronic case filing ("e-filing") in this case. I affirm under penalty of perjury that:

1. I have reviewed the Court's Electronic Case Filing Rules & Instructions, available at http://nysd.uscourts.gov/ecf_filing.php, and agree to abide by them.

2. I completed the Court's CM/ECF introduction course[1] on    reviewed per webpage directions
   _____.

3. I have submitted a Non-Attorney E-File Registration for the PACER system at https://www.pacer.gov/reg_nonatty.html.

4. I understand that once I register for e-filing, I will receive notices and documents only by e-mail in this case and not by regular mail.

5. I understand that if I am granted permission to participate in e-filing, I must file my documents electronically and I may not submit documents to the Pro Se Intake Unit for scanning and docketing.

6. I know how to convert a document to PDF-A format.

7. I have regular access to the technical requirements necessary to e-file successfully:

   ■   a computer with internet access and a word processor

       type of computer I will be using: **Microsoft Windows-based PC** _____

---

[1] You may register for the course on the Court's website: http://nysd.uscourts.gov/ecf_training.php.

type of word processor I will be using: __Microsoft Word__

■ an e-mail account (on a daily basis) to receive notifications from the Court and notices from the e-filing system

■ a scanner to convert documents that are only in paper format into electronic files

scanning equipment I will be using: __HP all-in-one printer, if needed__

■ a PDF reader and a PDF writer to convert word-processing documents into PDF format, the only electronic format in which documents can be e-filed

version of PDF reader and writer that I will be using:

__PrimoPDF 5.1.0.2 (Adobe PDF-A compatible)__

■ a printer or copier to create required paper copies such as chambers copies.

8. I understand that I must regularly review the docket sheet of the case so that I do not miss a filing.

9. I understand that if my use of the ECF system is unsatisfactory, my e-filing privileges may be revoked, and I will be required to file documents in paper.

__June 12, 2023__
Dated

__/s/ Lewis Brooks McKenzie /s/__
Signature

__Lewis Brooks McKenzie__
Name

__706 W. 4th Street__       __Clarksville__       __TX__       __75426__
Address                         City                    State        Zip Code

__972-837-5678__                __LBMTCU@gmail.com__
Telephone Number                   E-mail Address