UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | | |
|---|---|---|
| ------------------------------------------------------------ x | : | Case No.:   1:23-cv-03773-AKH |
| PEOPLE OF THE STATE OF NEW YORK | : | In a removal from the Supreme Court of |
| | : | the State of New York, County of New |
| v. | : | York, Criminal Term, Part 59 |
| | : | State case number:  IND-71543-23 |
| DONALD J. TRUMP, | : | Judge Juan Merchan, presiding |
|        Defendant | : | |
| | : | CONSTITUTIONAL QUESTIONS |
| ------------------------------------------------------------ x | | DECLARATORY RELIEF REQUESTED |

## Intervenor Lewis Brooks McKenzie's Notice of Constitutional Questions Regarding the Federal Election Campaign Act

TO THE HONORABLE ALVIN K. HELLERSTEIN:

Comes now Intervenor, Lewis Brooks McKenzie, pursuant to 52 USC § 30110, moving the Court to now certify questions promptly to the Second Circuit Court of Appeals, stating thusly:

Immediately after the state court arraignment of President Trump, media pundits, figureheads on both sides of the political aisle, and various personalities, *including* sitting elected officials, began to openly ponder the possible ramifications of Manhattan District Attorney Bragg opening "Pandora's Box" by actually charging President Trump as he did, i.e., that politically-motivated local prosecutors and/or even state attorneys general, anywhere across the land, might suddenly start using *state law* powers to charge currently-sitting and/or former *federal* officeholders, such as Members of Congress, Secretaries of the Cabinet, and/or any and all Presidents, all and the same such actions being primarily induced by and under pressure of political party motivations.

Indeed, reportedly there are already now some such possible prosecutions in the works.  This kind of total political breakdown cannot be allowed.  The Second Circuit should settle the issue.

### CONSTITUTIONAL QUESTIONS NOW HEREIN RAISED
### REGARDING THE FEDERAL ELECTION CAMPAIGN ACT

The following constitutional questions are raised for determination by the Second Circuit:

```
May either a state attorney general and/or a local prosecutor, when
the gravamen of the case regards federal campaign finance law,
criminally prosecute registered candidates and/or past elected
officials, of either local, state and/or federal positions, over
such federal campaign finance law issues, considering that civil
prosecution of any and all such matters, bar none, is exclusively
reserved for the federal courts, also that the DOJ already has
jurisdiction over any and all such related criminal issues, and
further that the federal laws regarding all aspects of campaign
finance "supersede and preempt any provision of State law with
respect to election to Federal office" pursuant to 52 USC 30143(a)?
```

Note:  The same questions should be determined and answered in mutual consideration of not only the Federal Election Campaign Act (of 1971, as amended), but also of the inextricably intertwined Presidential Election Campaign Fund Act, i.e., that is to say that the Second Circuit should deliberate upon the totality of Chapters 95 and 96 of Title 26 of the United States Code, all of Title 52 of the United States Code with particular emphasis on Subtitle III thereunder, and the related prohibitions and other aspects under Chapter 29 of Title 18 of the United States Code.

### MEMORANDUM OF LAW IN SUPPORT

This undersigned Intervenor is a registered voter and therefore an "individual eligible to vote in any election for the office of President" – *see* the supporting <u>Declaration</u> hereto.

This undersigned Intervenor has also today filed herewith my corresponding <u>Motion to Certify Questions to the Second Circuit Court of Appeals</u>, pursuant to 52 USC § 30110.

Together with the above Constitutional Questions raised, 52 USC § 30110 is duly triggered.

Accordingly, the Court is guided by 52 USC § 30110 to "immediately" certify Intervenor's (this) same <u>Notice of Constitutional Questions Regarding the Federal Election Campaign Act</u> to the Second Circuit Court of Appeals sitting *en banc* for further proceedings upon these matters.

**WHEREFORE**, undersigned Intervenor, Lewis Brooks McKenzie, moves this Court to now promptly certify said notice of constitutional questions formally raised unto the Second Circuit Court of Appeals pursuant to 52 USC § 30110, and prays for all just relief within these premises.

Respectfully submitted,

/s/ Lewis Brooks McKenzie /s/
_____
Lewis Brooks McKenzie
706 W. 4th Street
Clarksville, TX  75426
Tel:  972-837-5678
Email:  LBMTCU@gmail.com
*Pro Se Intervenor*

CERTIFICATE OF SERVICE

I am aware that the SDNY Local Rules provide that no "affirmation of service" is necessary for e-filings by those who are *already* active ECF filing users herein.  The undersigned's ECF motion is now pending with the Court.  Accordingly, in the meantime…

I hereby certify:  that on this _12th_ day of June, 2023, a true and complete copy of the above *notice of constitutional questions* was filed with the Clerk via special *pro se* email address provided, and by direct emails sent with the PDF attachments of all of undersigned's set of filings today, has been duly served upon listed lead counsel to be noticed for Plaintiff People of The State of New York, and likewise for Defendant Donald J. Trump, i.e., upon Mr. Colangelo and Mr. Blanche, respectively.

/s/ Lewis Brooks McKenzie /s/
_____
Lewis Brooks McKenzie