# EXHIBIT J

**People's Proposed Jury Charges, *People v. Trump*, Indictment No. 71543-23**

**Falsifying Business Records in the First Degree.**

The first count is Falsifying Business Records in the First Degree, as it pertains to an invoice from Michael Cohen dated February 14, 2017, marked as a record of the Donald J. Trump Revocable Trust, and kept or maintained by the Trump Organization.[1]

Under our law, a person is guilty of Falsifying Business Records in the First Degree when, with intent to defraud that includes an intent to commit another crime or to aid or conceal the commission thereof, that person makes or causes a false entry in the business records of an enterprise.[2]

The following terms used in that definition have a special meaning:

ENTERPRISE means any entity of one or more persons, corporate or otherwise, public or private, engaged in business, commercial, professional, industrial, eleemosynary, social, political or governmental activity.[3] The word "eleemosynary" means relating to charity.

BUSINESS RECORD means any writing or article, including computer data or a computer program, kept or maintained by an enterprise for the purpose of evidencing or reflecting its condition or activity.[4]

INTENT means conscious objective or purpose. Thus, a person acts with intent to defraud when his or her conscious objective or purpose is to do so.[5]

A person causes a false entry when, even if he does not prepare the relevant business record himself, the creation of a false entry in the business record is a reasonably foreseeable consequence of his conduct.[6]

---

[1] This Court used the "as it pertains to" language in the *People v. The Trump Corporation* jury charge to relate the falsifying business records counts to specific records. TC Tr. 3228. (References to "TC Tr." are to the trial transcript in *People v. The Trump Corporation*, Ind. No. 1473-21.)

[2] CJI 2d [NY] Penal Law § 175.10, Falsifying Business Records 1.

[3] CJI 2d [NY] Penal Law § 175.10, Falsifying Business Records 1.

[4] CJI 2d [NY] Penal Law § 175.10, Falsifying Business Records 1.

[5] CJI 2d [NY] Penal Law § 175.10, Falsifying Business Records 1.

[6] *People v. Murray*, 185 A.D.3d 1507, 1509 (4th Dep't 2020); *People v. Park*, 163 A.D.3d 1060, 1063-64 (3d Dep't 2018); *People v. Barto*, 144 A.D.3d 1641, 1643 (4th Dep't 2016); *People v. Myles*, 58 A.D.3d 889, 892 (3d Dep't 2009).

**Expanded Charge on Intent.**[7]

Intent does not require premeditation. In other words, intent does not require advance planning. Nor is it necessary that the intent be in a person's mind for any particular period of time. The intent can be formed, and need only exist, at the very moment the person engages in prohibited conduct or acts to cause the prohibited result, and not at any earlier time.

The question naturally arises as to how to determine whether or not a defendant had the intent required for the commission of a crime.

To make that determination in this case, you must decide if the required intent can be inferred beyond a reasonable doubt from the proven facts.

In doing so, you may consider the person's conduct and all of the circumstances surrounding that conduct, including, but not limited to, the following:

what, if anything, did the person do or say;

what result, if any, followed the person's conduct; and

was that result the natural, necessary and probable consequence of that conduct.

Therefore, in this case, from the facts you find to have been proven, decide whether or not you can infer beyond a reasonable doubt that the defendant had the intent required for the commission of this crime.[8]

**Intent to Defraud.**

As I previously explained, a person acts with intent to defraud when his or her conscious objective or purpose is to do so.

In order to prove an intent to defraud, the People need not prove that the defendant acted with the intent to defraud any particular person or entity. A general intent to defraud any person or entity—including the government or the voting public—suffices.[9]

---

[7] The CJI recommends that this expanded charge be given "after [the] definition of intent in the CJI2d charge for an offense." CJI 2d [NY] Intent. This Court did so in the *People v. The Trump Corporation* jury charge after the first count. TC Tr. 3198 (after giving instruction on intent for scheme to defraud).

[8] CJI 2d [NY] Intent.

[9] Omnibus Dec. 18-19; *see also People v. Dallas*, 46 A.D.3d 489, 491 (1st Dep't 2007) ("[T]he law is clear that the statutory element of intent to defraud does not require an intent to defraud any particular person; a general intent to defraud any person suffices."); *People v. Lang*, 36 N.Y.2d 366, 371 (1975) (in the electoral context, the Court of Appeals has recognized that the concept of fraud can encompass any "deliberate deception (to be committed upon the electorate)" or any "corrupt act to prevent a free and open election").

2

Intent to defraud is also not constricted to an intent to deprive another of property or money. In fact, intent to defraud can extend beyond economic concerns.[10]

### Intent to Commit or Conceal Another Crime.

For the count of Falsifying Business Records in the First Degree, the intent to defraud must include an intent to commit another crime or to aid or conceal the commission thereof.

Under our law, although the People must prove an intent to commit another crime or to aid or conceal the commission thereof, they need not prove that the other crime was in fact committed, aided, or concealed.[11]

In addition, there is no requirement that a defendant intend to conceal or aid the commission of his own crime; instead, a person can commit the crime of Falsifying Business Records in the First Degree by having the intent to cover up or aid a crime committed by somebody else.[12]

### Count-Specific Instructions

In order for you to find the defendant Donald J. Trump guilty of this crime, the People are required to prove, from all of the evidence in the case, beyond a reasonable doubt, each of the following two elements:

First, that on or about February 14, 2017, in the county of New York and elsewhere, the defendant, Donald J. Trump, personally, or by acting in concert with another person or persons, made or caused a false entry in the business records of an enterprise, specifically, an invoice from Michael Cohen dated February 14, 2017, marked as a record of the Donald J. Trump Revocable Trust, and kept or maintained by the Trump Organization; and,

Second, that the defendant did so with intent to defraud that included an intent to commit another crime or to aid or conceal the commission thereof. [13]

### Election Law § 17-152 Predicate

The People allege that the other crime the defendant intended to commit, aid, or conceal is a violation of New York Election Law section 17-152.

Section 17-152 of the New York Election Law provides that any two or more persons who conspire to promote or prevent the election of any person to a public office by unlawful means and

---

[10] Omnibus Dec. 7.

[11] Omnibus Dec. 8, 11-12; *see People v. Holley*, 198 A.D.3d 1351, 1351-52 (4th Dep't 2021); *People v. Thompson*, 124 A.D.3d 448, 449 (1st Dep't 2015); *People v. Houghtaling*, 79 A.D.3d 1155, 1157-58 (3d Dep't 2010); *People v. McCumiskey*, 12 A.D.3d 1145, 1145 (4th Dep't 2004).

[12] Omnibus Dec. 7-8; *see People v. Dove*, 15 Misc. 3d 1134(A), at *6 n.6 (Sup. Ct. Bronx Cnty. 2007), *judgment aff'd*, 85 A.D.3d 547 (1st Dep't 2011).

[13] CJI 2d [NY] Penal Law § 175.10, Falsifying Business Records 1.

which conspiracy is acted upon by one or more of the parties thereto, shall be guilty of conspiracy to promote or prevent an election.[14]

Under our law, a person is guilty of such a conspiracy when, with intent that conduct be performed that would promote or prevent the election of a person to public office by unlawful means, he or she agrees with one or more persons to engage in or cause the performance of such conduct.

Knowledge of a conspiracy does not by itself make the defendant a coconspirator. The defendant must intend that conduct be performed that would promote or prevent the election of a person to public office by unlawful means. Intent means conscious objective or purpose. Thus, a person acts with the intent that conduct be performed that would promote or prevent the election of a person to public office by unlawful means when his or her conscious objective or purpose is that such conduct be performed.[15]

### "By Unlawful Means"

Although you must conclude unanimously that the defendant conspired to promote or prevent the election of any person to a public office by unlawful means, you need not be unanimous as to what those unlawful means were.[16]

In determining whether the defendant conspired to promote or prevent the election of any person to a public office by unlawful means, you may consider the following unlawful means: (1) violations of the Federal Election Campaign Act; (2) the falsification of other business records; or (3) violation of tax laws.

**1.     The Federal Election Campaign Act.**

Under the Federal Election Campaign Act, it is unlawful for an individual to make a contribution to any candidate with respect to any election for federal office which, in the aggregate, exceeds a certain limit.[17] In 2015 and 2016, that limit was $2,700.[18] For purposes of that

---

[14] Election Law § 17-152.

[15] The prior two paragraphs are adapted from the CJI instruction on Conspiracy 6, where we have substituted for "conduct constituting a crime" (in the original CJI charge) the Election Law language "conduct to promote or prevent the election of any person to a public office by unlawful means." *See* CJI 2d [NY] Penal Law § 105.00, Conspiracy to Commit a Crime.

[16] *See People v. Mateo*, 2 N.Y.3d 383, 408 (2004); *People v. Jones*, 190 A.D.2d 632 (1st Dep't 1993). A similar sample instruction on non-unanimity for accessorial liability appears in the CJI at CJI 2d [NY] Accessorial Liability.

[17] 52 U.S.C. § 30116(a)(1)(A).

[18] The dollar amount for the limit on individual contributions is indexed to inflation and was set by regulation to $2,700 for the 2016 election cycle. *See* 80 Fed. Reg. 5750, 5752 (Feb. 3, 2015) ("The increased limitation at 52 U.S.C. 30116(a)(1)(A) is to be in effect for the two-year period beginning on the first day following the date of the general election in the preceding year and

prohibition, expenditures made by an individual in cooperation, consultation, or concert with, or at the request or suggestion of, a candidate or his agents shall be considered to be a contribution to such candidate.[19]

It is also unlawful under the Federal Election Campaign Act for any corporation to make a contribution in connection with any federal election, or for any person to cause such a corporate contribution.[20]

As it relates to these Federal Election Campaign Act prohibitions, the term FEDERAL OFFICE includes the office of President of the United States.[21]

The term CONTRIBUTION includes any gift, subscription, loan, advance, or deposit of money or anything of value made by any person for the purpose of influencing any election for federal office.[22] The term EXPENDITURE includes any purchase, payment, distribution, loan, advance, deposit, or gift of money or anything of value, made by any person for the purpose of influencing any election for federal office.[23]

Federal law defines when a third party's payment of a candidate's expenses is being made for the purpose of influencing any election for federal office. Under that law, even when the use of funds for a particular expense of the candidate would otherwise be a personal use, payment of that expense by any person other than the candidate is deemed to be a contribution to the candidate under the Federal Election Campaign Act unless the payment would have been made irrespective of the candidacy.[24] In other words, a third party's payment of a candidate's expenses will be deemed a contribution when the payment would not have been made but for the candidate's status as a candidate for federal office, even when the payment is used solely for the candidate's personal expenses.[25]

---

ending on the date of the next regularly scheduled election. Thus the $2,700 figure above is in effect from November 5, 2014, to November 8, 2016.").

[19] 52 U.S.C. § 30116(a)(7)(B)(i).

[20] 52 U.S.C. § 30118(a); 11 C.F.R. § 109.20 (any expenditure that is coordinated with, or at the request or suggestion of, a candidate or his agent is an in-kind contribution); 11 C.F.R. § 300.2(b)(3) (definition of "agent").

[21] 52 U.S.C. § 30101(3).

[22] 52 U.S.C. §§ 30101(8)(A)(i); 30118(b)(2).

[23] 52 U.S.C. §§ 30101(9)(A)(i); 30118(b)(2).

[24] 11 C.F.R. § 113.1(g)(7). The "irrespective of the candidacy" provision was promulgated by the FEC in 1995 and was codified at 11 C.F.R. § 113.1(g)(6) from 1995 until earlier this year. Section 113.1(g) was revised earlier this year to add a new subsection (g)(6), and the "irrespective of the candidacy" provision was renumbered § 113.1(g)(7) instead of § 113.1(g)(6), effective March 2024.

[25] Fed. Election Comm'n, Advisory Opinion 2000-08 (Harvey) at 2-3, *available at* https://saos.fec.gov/aodocs/2000-08.pdf.

In determining whether a third party's payment of a candidate's expense is being made irrespective of the candidacy, you do not have to find that the candidate's status as a candidate for federal office was the sole or only motivation for the third party to make the payment. People rarely act with a single purpose in mind. A payment is a contribution or expenditure under the Federal Election Campaign Act if the candidate's status as a candidate for federal office was a real motivation for making the payment, even if there may have been other purposes or motivations as well.[26]

**2.      Falsification of other business records.**

In addition, under New York law, a person is guilty of Falsifying Business Records in the Second Degree when with intent to defraud, he or she makes or causes a false entry in the business records of an enterprise.[27]

I previously defined for you the terms enterprise, business records, and intent to defraud.

For purposes of determining whether Falsifying Business Records in the Second Degree was an unlawful means used by a conspiracy to promote or prevent an election here, you may consider (i) the bank records associated with Michael Cohen's account formation paperwork for the Resolution Consultants LLC and Essential Consultants LLC accounts; (ii) the bank records associated with Michael Cohen's wire to Keith Davidson; (iii) the invoice from Investor Advisory Services Inc. to Resolution Consultants LLC; and (iv) the 1099-MISC forms that the Trump Organization issued to Michael Cohen.

**3.      Violation of tax laws.**

Under New York State and New York City law, it is unlawful to knowingly supply or submit materially false or fraudulent information in connection with any tax return.[28]

Likewise, under federal law, it is unlawful for a person to willfully make any tax return, statement, or other document that is fraudulent or false as to any material matter, or that the person does not believe to be true and correct as to every material matter.[29]

---

[26] *See* Fed. Election Comm'n, Advisory Opinion 2000-08 (Harvey) at 2-3, *at* https://saos.fec.gov/aodocs/2000-08.pdf; *Matter of Clinton*, Fed. Election Comm'n MUR 4944, at 3-4 (Aug. 28, 2001), *at* https://www.fec.gov/files/legal/murs/4944/0000012A.pdf.

[27] CJI 2d [NY] Penal Law § 175.05, Falsifying Business Records 2.

[28] Tax Law §§ 1801(a)(3), 1802 (criminal tax fraud in the fifth degree); N.Y.C. Admin. Code §§ 11-4002(a)(3), 11-4003 (criminal tax fraud in the fifth degree).

[29] 26 U.S.C. § 7206(1) (felony for a person who "[w]illfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter"); 26 U.S.C. § 7206(2) (felony for any person who "[w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any

Under these federal, state, and local laws, such conduct is unlawful even if it does not result in underpayment of taxes.

## Summary

Once again, in order for you to find the defendant guilty of Falsifying Business Records in the First Degree, the People are required to prove, beyond a reasonable doubt, each of the following two elements:

First, that on or about February 14, 2017, in the county of New York and elsewhere, the defendant, Donald J. Trump, personally, or by acting in concert with another person or persons, made or caused a false entry in the business records of an enterprise, specifically, an invoice from Michael Cohen dated February 14, 2017, marked as a record of the Donald J. Trump Revocable Trust, and kept or maintained by the Trump Organization; and,

Second, that the defendant did so with intent to defraud that included an intent to commit another crime or to aid or conceal the commission thereof.

If you find the People have proven beyond a reasonable doubt both of those elements, you must find the defendant guilty of this crime.

If you find the People have not proven beyond a reasonable doubt either one or both of those elements, you must find the defendant not guilty of this crime.

---

matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter").