# EXHIBIT P

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 59

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>- against -<br><br>DONALD J. TRUMP,<br><br>Defendant. | DECISION AND ORDER ON DEFENDANT'S MOTION TO EXCLUDE EVIDENCE AND FOR AN ADJOURNMENT ON THE GROUNDS OF PRESIDENTIAL IMMUNITY<br><br>Ind. No. 71543/2023 |

HON. JUAN M. MERCHAN A.J.S.C.:

    On April 4, 2023, the Defendant was arraigned before this Court on an indictment charging him with 34 counts of Falsifying Business Records in the First Degree, in violation of Penal Law § 175.10.

    On May 4, 2023, the Defendant filed a notice of removal to federal court. *People v. Trump*, SD NY No. 23-CV-03773 (AKH), ECF No. 1. In opposing the People's motion to remand the case back to New York County Supreme Court, Defendant, while arguing that he "...has more than adequately demonstrated a federal defense entitling him to Supremacy Clause immunity," made clear in that same section that he was fully aware of the defense of presidential immunity. *Id.* at ECF No. 34 at pgs. 21-23.

    On October 5, 2023, Defendant moved to dismiss the indictment in *United States v. Trump*, US Dist Ct, DDC No. 23-CR-257 (TSC), where he is charged with four criminal counts stemming from actions he allegedly engaged in to interfere with the 2020 presidential election. *United States v. Trump*, US Dist Ct, DDC 23 CR 257, (TSC) ECF No. 74. In his motion, he argued among other things, that the federal charges should be dismissed on the grounds of presidential immunity, that the "scope of criminal immunity includes all actions that fall within the 'outer perimeter' of the President's official duties," and that "making public statements, including tweets, about matters of national concern is an official action that lies at the heart of Presidential duties." *Id.* at pgs. 21, 28. The motion was denied by Judge Tanya S. Chutkan on December 1, 2023. *Id.* at ECF No. 171. Defendant appealed on December 7, 2023. On February 6, 2024, after further briefing by the parties, the United States Court of Appeals, District of Columbia Circuit, upheld Judge Chutkan's decision. *United States v. Trump*, 91

F4th 1173 [DC Cir 2024]. On February 28, 2024, the Supreme Court granted *certiorari* in the matter of *Trump v. United States*, --Sct-- 2024 WL 833184 [2024], Defendant's Memo at pg. 2.

On February 22, 2024, Defendant filed his motions *in limine* in the instant matter. Attached to the motions was the Affirmation of Todd Blanche, (hereinafter "Blanche MIL Affirmation"), which contained numerous exhibits. Exhibit 5 contained statements purportedly made by Defendant, which the People intend to introduce at trial. Defendant sought to preclude the "94 statements allegedly made by President Trump in various forms of media…" Motions *in limine* (hereinafter "Defendant's MIL"). Defendant's MIL at pgs. 40-43. On February 22, 2024, the People also filed their motions *in limine* (hereinafter "People's MIL"), wherein the People argued that this Court should "permit the introduction of evidence regarding the defendant's attempts to dissuade witnesses from cooperating with law enforcement because such evidence shows defendant's consciousness of guilt and corroborates his intent." People's MIL at pg. 50. The People specifically noted that "defendant has targeted Cohen and Daniels on social media and in other public statements with persistent, harassing, and denigrating comments." *Id.* at pg. 51.

On February 29, 2024, Defendant responded to the People's motions *in limine* (hereinafter "Defendant's MIL Opposition"). In his response, Defendant argued that the People "must pre-clear" the evidence of a purported pressure campaign against witnesses with the Court prior to its introduction at trial. Defendant's MIL Opposition at pg. 29. Specifically, Defendant argued that the "People need to identify the witness(es) in question, the substance of the proffered testimony, and any related exhibits they seek to offer. *Id.*

On March 7, 2024, Defendant filed the instant motion to exclude evidence and for an adjournment based on presidential immunity (hereinafter "Defendant's Memo"). At the time Defendant's Memo was filed, trial was set to commence on March 25, 2024. On March 13, 2024, the People filed their motion in opposition (hereinafter "People's Opposition.").

## CONTENTIONS OF THE PARTIES

Defendant seeks (1) "an adjournment of the trial pending review of the scope of the presidential immunity doctrine in *Trump v. United States*" and (2) preclusion of "evidence of President Trump's official acts at trial based on presential immunity." Defendant argues that he is (1) immune from state prosecution based on official acts, (2) the instant matter should be adjourned in light of the recent action by the Supreme Court of the United States of America granting *certiorari*, and (3) that the People should be precluded from offering evidence of President Trump's official acts. Specifically, the

Defendant argues that he is entitled to immunity "for acts within the 'outer perimeter' of his official responsibility." Defendant's Motion at pg. 20, citing to *Nixon v. Fitzgerald*, 457 US 371 (1982).

The People cite to Criminal Procedure Law ("CPL") § 255.20(3) and argue that Defendant's motion must be denied as untimely. They further argue that Defendant's claim of presidential immunity is "not a basis for precluding evidence that is otherwise relevant and admissible." People's Opposition at pg. 5. The People also argue that the Defendant provides no authority to support his claim that immunity can "preclude the introduction of evidence of official presidential acts in a criminal proceeding, even if that evidence is otherwise relevant and admissible for charges to which no immunity attaches." *Id.* at 9. Finally, the People note that although Defendant argues that presidential immunity applies to potential *Molineux* evidence, he does *not* argue that the defense applies to the charged conduct at the heart of the instant Indictment. *Id.*

## DISCUSSION

For the following reasons, Defendant's motion is DENIED as untimely.

"Except as otherwise expressly provided by law, whether the defendant is represented by counsel or elects to proceed pro se, all pre-trial motions shall be served or filed within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to the entry of judgment." CPL § 255.20(1). The court must entertain and decide on its merits an appropriate pre-trial motion based upon "grounds of which the defendant could not, with due diligence, have previously been aware, or which, for other good cause, could not reasonably have been raised" within the period specified by CPL § 255.20(1). CPL § 255.20(3). A court may summarily deny a motion that is filed late. William C. Donnino, Practice Commentary, McKinney's Cons Laws of NY, CPL § 255.20

A court's decision on the issue of timeliness is discretionary. *See People v. Marte*, 197 AD3d 411 [1st Dept 2021]. In reviewing the excuses proffered by the Defendant for the timing of his motion, this Court finds that they are inadequate and not convincing. *Id.* at 414. Defendant appears to justify the timing of the filing on the basis of two events: (1) the filing of the People's motions *in limine* on February 22, 2024, which indicated their intent to offer at trial evidence that Defendant engaged in an alleged "pressure campaign" against certain witnesses and (2) the February 28, 2024, decision by the United States Supreme Court to grant Defendant certiorari in *Trump v. United States*, --Sct-- 2024 WL 833184 [2024], where the issue of presidential immunity will presumably be decided. Defendant's Memo at pgs. 1-2.

Those two reasons, even when considered in tandem, as Defendant does, fail to explain why Defendant waited long past the statutory period allotted by CPL § 255.20. The Defendant had ample notice that the People were in possession of, and intended to use, the various statements allegedly made by Defendant on social media, in public, and in various interviews. He was also well aware that the defense of presidential immunity, even if unsuccessful, might be available to him. For example, and as discussed more fully below, Defendant fully briefed the issue of presidential immunity in his motion to dismiss the matter of *United States v. Trump*, US Dist Ct, DDC 23 CR 257, (TSC) (hereinafter "Federal Insurrection Matter") on October 5, 2023. He also demonstrated awareness that the defense was available to him when he attempted to remove the instant matter to federal court on May 4, 2023, in *People v. Trump*, SD NY No. 23-CV-03773 (AKH). Nonetheless, Defendant chose not to raise the defense of presidential immunity until well past the 45-day period provided by statute. He also did not raise it in his omnibus motion, in his motions *in limine* or in his response to the People's motions *in limine*. Defendant's decision is unjustifiable and renders this motion untimely. Further, and as an aside, the fact that the Defendant waited until a mere 17 days prior to the scheduled trial date of March 25, 2024, to file the motion, raises real questions about the sincerity and actual purpose of the motion. After all, Defendant had already briefed the same issue in federal court and he was in possession of, and aware that, the People intended to offer the relevant evidence at trial that entire time. The circumstances, viewed as a whole, test this Court's credulity.

Turning specifically to Defendant's availability of the defense of presidential immunity. The procedural history of the instant matter, together with the procedural history of the Federal Insurrection Matter, leave no doubt that Defendant was aware that the defense, even if unsuccessful, was available to him well before March 7, 2024, when this motion was filed. On October 5, 2023, the Defendant moved to dismiss his Federal Insurrection Matter on the grounds of presidential immunity. *United States v. Trump*, 2023 WL 8359833, 23cr257, TSC ECF No. 74. In his motion papers therein, he specifically argued that that his actions as president were on the "outer perimeter," that is, "the law provides absolute immunity 'for acts within the 'outer perimeter' of [the President's] official responsibility." *Id.* at pg. 1, *citing to Nixon v. Fitzgerald*, 457 US 731, 756 [1982]. The "outer perimeter" of Presidential duties, the Defendant argued, "encircles a vast swath of territory, because the scope of the President's duty and authority in our constitutional system is uniquely and extraordinarily broad." *Id.* at pg. 22. He also took the position that "…making public statements on matters of public concern especially where they relate to a core federal function such as the administration of a federal election – unquestionably falls within the scope of the President's official duties." *Id.* at pg. 28. Those

4

arguments are substantially similar to arguments he presents now – five months later. *See* Defendant's Memo at pgs. 3, 20, 22. Defendant's awareness of the availability of the defense is further demonstrated in arguments he has made in this very proceeding. For example, when he attempted to remove this case to federal court, Defendant argued that he "is immune from state prosecution for actions taken as a result of his role as president." *People v. Trump*, 23cv03773 (AKH) at ECF No. 34 at pg. 21. Nonetheless, Defendant strategically waited until March 7, 2024, to raise the defense.

Turning next to Defendant's knowledge of the People's intention to introduce evidence of his alleged "pressure campaign" against certain witnesses. This Court finds that Defendant was indeed aware and had notice of the People's intent, well before he filed this motion, and he has failed to demonstrate good cause for the late filing. He has also failed to persuade this Court that it should consider the motion in the interest of justice. *People v. Roberts*, 76 Misc3d 448 [Sup Ct, NY County 2022]. The People note in their opposition, that the alleged "pressure campaign" was expressly referred to and discussed in the statement of facts which accompanied the Indictment in this matter, as well as in the grand jury minutes, all of which were provided to Defendant in and around April and May 2023. People's Opposition at pg. 3. That Defendant had notice of the statements cannot possibly be disputed. For example, in the instant motion, Defendant references three tweets that the People intend to introduce at trial as *Molineux* evidence. *See* Defendant's Memo at pg. 3. However, the three tweets (among other statements) were referenced in Defendant's *own exhibit* attached to his motions *in limine*. Exhibit 5 of Blanche MIL Affirmation. Indeed, Defendant argued in his motions *in limine*, that the very same statements should be "precluded … until [the People have] established their relevance and admissibility outside the presence of the jury." Defendant's Memo in Support of his Motions *in Limine* at pgs. 40-43. Rather than make the argument, as Defendant does now, that the admissions should be precluded on the grounds of presidential immunity, Defendant argued then that the statements should be precluded on relevance and evidentiary grounds.

## CONCLUSION

This Court finds that Defendant had myriad opportunities to raise the claim of presidential immunity well before March 7, 2024. Defendant could have done so in his omnibus motions on September 29, 2023, which were filed a mere six days before he briefed the same issue in his Federal Insurrection Matter and several months *after* he brought his motion for removal to federal court on

May 4, 2023. Further, the Defendant could have expanded his argument on this topic in his motions *in limine* or in his opposition to the People's motions *in limine* – but he did not.

Lastly, having addressed the issue of timeliness and turning to Defendant's motion for preclusion of the People's evidence of the alleged "pressure campaign," the Court reminds Defendant that it already ruled on this issue in its Decision and Order on Defendant's Motions *in Limine* at pgs. 7-8

Defendant's motion is **DENIED** in its entirety as untimely. The Court declines to consider whether the doctrine of presidential immunity precludes the introduction of evidence of purported official presidential acts in a criminal proceeding[1].

The foregoing constitutes the Decision and Order of this Court.

April 3, 2024
New York, New York

**APR 0 3 2024**

_____
Juan M. Merchan
Acting Justice of the Supreme Court
Judge of the Court of Claims

**HON. J. MERCHAN**

---

[1] As the People have noted in their Memo, the Defendant does not appear to raise a claim of presidential immunity as to the underlying facts that make out the charges of Falsifying Business Records in the First Degree. Therefore, his argument here is not the same as his argument in the Federal Insurrection Matter where the issue of "absolute immunity from federal criminal liability" was presented in the context of the underlying criminal conduct that serves as the basis for that indictment.