# EXHIBIT Q



**TODD BLANCHE**
ToddBlanche@blanchelaw.com
(212) 716-1250

April 15, 2024

<u>Via Email</u>
Honorable Juan M. Merchan
Acting Justice - Supreme Court, Criminal Term

  Re: <u>People v. Trump, Ind. No. 71543/23</u>

Dear Justice Merchan:

  We respectfully submit this pre-motion letter, as discussed prior to jury selection on April 15, 2024, regarding our evidentiary objection to DANY offering evidence of President Trump's official acts during the trial. We respectfully incorporate by reference our March 7, 2024 motion on presidential immunity (the "Motion"), and ask that this letter and the Motion be treated as our full submission on these issues unless further briefing would assist the Court.

  For the reasons stated in the Motion, President Trump is entitled to immunity from prosecution for his official acts. *See* Mot. at 5-17. In *Blassingame v. Trump*, 87 F.4th 1 (D.C. Cir. 2023), the D.C. Circuit instructed a trial court in a civil case to perform the "task" of "distinguish[ing] between official acts and private acts." *Id.* at 20. "The potential difficulty of meting out that distinction in some situations, then, cannot justify simply giving up on the enterprise altogether." *Id.* Similarly, when interpreting the analogous doctrine of legislative immunity, the Supreme Court characterized proof of an official act—a congressman's speech—as "inadmissible evidence" at a trial that also involved proof of non-official acts. *United States v. Johnson*, 383 U.S. 169, 177 (1966). The "bulk of the evidence" in *Johnson* did not present a "substantial question" regarding exclusion because the other proof related to private activities such as "financial transactions with the other co-conspirators." *Id.* at 172. However, evidence of the congressional speech presented a "constitutional problem" and should have been precluded at trial. *Id.* In *United States v. Brewster*, the Supreme Court characterized *Johnson* as "as a unanimous holding that a Member of Congress may be prosecuted under a criminal statute provided that the Government's case *does not rely on legislative acts* or the motivation for legislative acts." 408 U.S. 501, 512 (1972) (emphasis added).

  The logic of *Johnson* and *Brewster*, applied under analogous circumstances in connection with the presidential immunity doctrine in *Blassingame*, requires preclusion of official-acts evidence at President Trump's trial. *See* Mot. at 20-23. Specifically, the Court should preclude (1) the "Executive Branch Personnel Public Financial Disclosure Report" that President Trump submitted to the Office of Government Ethics on May 15, 2018, marked People's Exhibit 81; (2) the 2018 social media posts to the Twitter account that President Trump used during his time in the White House, marked People's Exhibits 407-G – 407-I; and (3) witness testimony regarding President Trump's official acts during his first term in Office, such as anticipated testimony from former White House staff regarding their communications with President Trump during his first term. For example, in *Blassingame*, the D.C. Circuit explained that "if an activity is organized and promoted by official White House channels and government officials and funded with public resources, it is more likely an official presidential undertaking." *Trump*, 87 F.4th at 21. The Twitter account at issue in People's Exhibits 407-G – 407-I was "one of the White House's main vehicles for conducting official business." *Knight First Amend. Inst. v. Trump*, 928 F.3d 226, 232 (2d Cir. 2019). In addition, speaking on matters of public concern is an official act. *See Council on Am. Islamic Rels. v. Ballenger*, 444 F.3d 659, 665-66 (D.C. Cir. 2006) ("A Member's ability to do his job as a legislator effectively is tied, as in this case, to the Member's relationship with the public and in particular his constituents and colleagues in the Congress. In other words, there was a clear nexus between the congressman answering a reporter's question about the congressman's personal life and the congressman's ability to carry out his representative responsibilities effectively." (cleaned up)); *see also* Mot. at 22 (citing additional authorities).

  Finally, there is no procedural impediment to this application. On April 3, 2024, the Court denied President Trump's presidential immunity motion as untimely based on CPL § 255.20. However, that provision is limited to "pre-trial motion[s]," which, as defined in CPL § 255.10, does not apply to motions to preclude evidence. Moreover, President Trump was not required to raise this evidentiary objection prior to trial, but he elected to do so after the Supreme Court granted certiorari in *Trump v. United States*, 2024 WL 833184 (Feb. 28, 2024). In any event, the historical significance of this issue and the fact that it is under consideration by the Supreme Court warrants the Court exercising discretion to address the objection on the merits for purposes of any necessary appellate review.

April 15, 2024
Page 2

        Respectfully Submitted,

        <u>/s/ Todd Blanche</u>
        Todd Blanche
        Emil Bove
        Blanche Law PLLC

        *Attorneys for President Donald J. Trump*

Enclosure

Cc:    DANY attorneys of record