# EXHIBIT R

April 16, 2024    **PART 59** **APR 1 8** 2024

The Honorable Juan M. Merchan
New York State Supreme Court, Criminal Term, Part 59
100 Centre Street
New York, New York  10013

Dear Justice Merchan,

The People respectfully submit this response to defendant's April 15, 2024, letter raising—once again—an objection to the introduction of evidence regarding defendant's purportedly official acts as president. As the Court is aware, defendant previously sought an adjournment based on presidential immunity and a pretrial ruling on the admissibility of such "official acts" evidence. This Court denied defendant's motion as untimely (Apr. 3, 2024 Decision & Order at 6).

This Court should adhere to that procedural ruling and reserve judgment on defendant's evidentiary objection until trial. As this Court found, defendant forfeited his opportunity to obtain a pretrial advisory ruling on this issue by failing to raise his objection in a timely manner. Defendant claims the deadlines in CPL § 255.20 do not apply here, but he *also* ignored the Court's February 22, 2024 deadline for motions *in limine*—a deadline the Court set last December after seeking the parties' views on the motion schedule. Having forfeited his opportunity to request a pretrial advisory ruling, defendant's recourse is now to make appropriate objections during trial as the evidence comes in, if merited. This Court can then rule on those objections, not in a vacuum, but in the context of actual evidence offered for admission.

To the extent defendant re-raises his objection at trial, and as the People explained in their March 13, 2024 opposition to defendant's motion the last time he sought relief on this exact question, there is absolutely no basis to preclude evidence based on defendant's "official acts" theory because: (1) presidential immunity from criminal liability does not exist; (2) even if it did, there is no corresponding evidentiary privilege precluding the introduction of immune conduct at a trial on charges not arising from that conduct; and (3) the evidence that defendant has sought to preclude would not be subject to a claim of presidential immunity in any event, since defendant was not acting in an official capacity.

The People stand ready to submit additional briefing on these questions, if the Court believes it would be helpful.

Respectfully Submitted,

*/s/ Matthew Colangelo*
Matthew Colangelo
Christopher Conroy
Katherine Ellis
Susan Hoffinger
Becky Mangold
Joshua Steinglass
 *Assistant District Attorneys*