# EXHIBIT T



**TODD BLANCHE**
ToddBlanche@blanchelaw.com
(212) 716-1250

July 1, 2024

Via Email
Honorable Juan M. Merchan
Acting Justice - Supreme Court, Criminal Term

    Re:    People v. Trump, Ind. No. 71543/23

Dear Justice Merchan:

    We respectfully submit this premotion letter seeking leave to file a motion to set aside the jury's verdicts, pursuant to CPL § 330.30(1), based on today's decision from the Supreme Court in *Trump v. United States*, 2024 WL 3237603. As explained below, the *Trump* decision confirmed the defense position that DANY should not have been permitted to offer evidence at trial of President Trump's official acts. We respectfully request until July 10, 2024 to submit a memorandum of law in support of the motion. Because of the complexity of the issues presented, President Trump does not object to an adjournment of the July 11, 2024 sentencing date in order to allow adequate time for full briefing, oral argument, and a decision. *See People v. Turner*, 222 A.D.2d 206, 207 (1st Dep't 1995).

    By way of background, on March 7, 2024, President Trump filed a motion *in limine* to preclude evidence of his official acts based on the presidential immunity doctrine. In that filing, we objected to anticipated testimony from certain potential witnesses, evidence of President Trump's social media posts and public statements, and a 2018 filing with the Office of Government Ethics (OGE). We also requested an adjournment of the trial date because the Supreme Court had granted certiorari in *Trump* on February 28, 2024, and had agreed to hear argument on April 25, 2024. In a Decision and Order dated April 3, 2024, the Court ruled—incorrectly, in our view—that the motion was "untimely" under CPL § 255.20. In an April 15, 2024 premotion letter, we explained, *inter alia*, that CPL § 255.20 does not apply to motions to preclude evidence. On April 19, Your Honor appeared to agree and advised the parties that the Court would rule on presidential immunity objections during the trial based on "your arguments in the letters." Tr. 802. During the trial, the Court "noted" our objection when we re-raised the presidential immunity argument. Tr. 2122. At trial and during summations, DANY placed highly prejudicial emphasis on official-acts evidence, including witness testimony regarding events in the Oval Office that DANY described as "devastating," *e.g.*, Tr. 4747; social media posts during President Trump's first term, GXs 407-F – 407-I; the OGE form from March 2018, Tr. 4790; and toll records reflecting calls involving President Trump while he was in office in 2017, GX 400.

    Under *Trump*, this official-acts evidence should never have been put before the jury. Consistent with arguments that we made before and during the trial, the Supreme Court held in *Trump* that President Trump "may not be prosecuted for exercising his core constitutional powers, and he is entitled, at a minimum, to a presumptive immunity from prosecution for all his official acts." 2024 WL 3237603, at *25. The presumption applies "unless the Government can show that applying a criminal prohibition to that act would pose no 'dangers of intrusion on the authority and functions of the Executive Branch.'" *Id.* at *12 (quoting *Nixon v. Fitzgerald*, 457 U. S. 731, 750 (1982)). DANY cannot make that showing here. Moreover, as we argued previously, *Trump* forbids the "[u]se of evidence about such [official] conduct, even when an indictment alleges only unofficial conduct." *Id.* at *19. This includes President Trump's "Tweets" and "public address[es]." *Id.* at *18. For that type of evidence, the Supreme Court remanded to the trial court for evaluation of "whether this alleged conduct is official or unofficial." *Id.* at *19. We will address that inquiry with respect to the evidence at issue here in our motion papers. It is clear, however, that Your Honor "may not inquire into the President's motives," or "deem an action unofficial merely because it allegedly violates a generally applicable law." *Id.* at *14.

    The verdicts in this case violate the presidential immunity doctrine and create grave risks of "an Executive Branch that cannibalizes itself." 2024 WL 3237603, at *24. After further briefing on these issues beginning on July 10, 2024, it will be manifest that the trial result cannot stand.

July 1, 2024
Page 2

                                                    Respectfully Submitted,

                                                    <u>/s/ Todd Blanche / Emil Bove</u>
                                                    Todd Blanche
                                                    Emil Bove
                                                  Blanche Law PLLC

                                                  *Attorneys for President Donald J. Trump*

Cc:      DANY attorneys of record