# EXHIBIT Z

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 59

---

THE PEOPLE OF THE STATE OF NEW YORK

- against -

DONALD J. TRUMP

Defendant.

DECISION ON DEFENDANT'S
MOTION FOR RECUSAL

Ind. No. 71543-23

---

HON. JUAN M. MERCHAN J.S.C.:

      On May 31, 2023, Defendant filed a notice of motion seeking this Court's Recusal. The notice was accompanied by a memorandum of law, the affirmation of Susan R. Necheles, Counsel for Mr. Trump and two exhibits, identified as Exhibit A and Exhibit B.[1] On June 14, 2023, the People filed a memorandum of law with an accompanying affirmation and exhibits in opposition to Defendant's motion for recusal. On June 20, 2023, Susan Necheles wrote to the Court seeking leave to file a reply memorandum of law. Ms. Necheles also asked the Court to provide the defense a copy of the letter this Court had previously submitted to the Advisory Committee on Judicial Ethics "so that the defense can properly evaluate whether the Advisory Committee was fully informed about the possible conflict of interest."[2] Necheles Letter at 2.

      Defendant puts forth three principal arguments in support of his motion: First, he claims that "the political and financial interest" of this Court's daughter "creates an actual or perceived conflict of interest because rulings and decisions" made by this Court "may result in a financial benefit to Your Honor's daughter." Defendant's Memorandum at 1. Next, he alleges that this

---

[1] Exhibit A of the May 31, 2023, motion for recusal, is a copy of the memorandum of law in support of Defendants, the Trump Corporation and Trump Payroll Corp.'s recusal motion filed by Susan Necheles on or about September 8, 2022, in connection with the *Matter of The People of the State of New York v. The Trump Corporation d/b/a The Trump Organization; Trump Payroll Corp. d/b/a The Trump Organization*, Indictment No. 1473/2021. A copy of the affirmation of Susan R. Necheles, which accompanies the motion, was also attached as part of Exhibit A.
Exhibit B of Defendant's May 31, 2023, motion, is a copy of the affirmation of Susan Hoffinger, filed in opposition to Defendants' September 8, 2022, motion to recuse.

[2] On or about April 14, 2023, shortly after Defendant was arraigned and approximately six weeks before he filed the instant motion for recusal, this Court wrote to the Advisory Committee on Judicial Ethics to seek a formal opinion regarding several matters now addressed in this Decision.

Court's "role in a prior case encouraging Allen Weisselberg to cooperate against President Trump and his interests shows a preconceived bias against President Trump." Defendant's Memorandum at 1. Last, it is Defendant's contention that campaign contributions made by this Court in 2020, "raise if true, at the very least, an appearance of impartiality [sic]." Defendant's Memorandum at 7.

The People oppose Defendant's motion on the grounds that "Defendant presents no arguments that fairly raise any actual or perceived conflict of interest or preconceived bias." People's Opposition at 1.

## DECISION

"The right to an impartial jurist is a basic requirement of due process." *People v. Novak*, 30 N.Y.3d 222, 225 (2017). However, "[a] judge is as obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). "Absent a legal disqualification under Judiciary Law § 14," which Defendant does not allege here, "a Trial Judge is the sole arbiter of recusal." *People v. Moreno*, 70 N.Y.2d 403, 405 (1987). A trial judge's "decision in that regard will not be lightly overturned." *Khan v. Dolly*, 39 A.D.3d 649, 650 (2nd Dep't 2007).

I.  Defendant's claim that this Court's daughter's employment creates an actual or perceived conflict of interest requiring recusal.

This Court's daughter is the President and Chief Operating Officer of Authentic Campaigns, Inc., a digital marketing agency that works with Democratic Party candidates as well as non-profit organizations. Defendant posits that because of her position with Authentic Campaigns, she "stands to financially benefit from decisions this Court makes in this case." Defendant's Memorandum at 4. Because "it is likely that many of President Trump's opponents … will attempt to use this case – and any rulings by the Court – to attack" Defendant and that "her work at, and financial interests in [Authentic Campaigns] … raises real and legitimate concerns about this Court's impartiality." Defendant's Memorandum at 8. The People argue that Defendant's claims are so "remote, speculative, 'possible or contingent,'" (*Kilmer v. Moseman*, 124 A.D.3d 1195, 1198 (3rd Dep't 2015)), that recusal would simply not be warranted here. People's Opposition at 2. And that "[r]ecusal is required 'only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion.'" People's Memorandum at 2, quoting, *People v. Alomar*, 93 N.Y.2d 239, 246 (1999).

2

Defendant endeavors to advance this claim by relying upon several opinions of the New York State Advisory Committee on Judicial Ethics, despite necessarily conceding that none of the opinions is on point.[3] Defendant's Memorandum at 11-12. Defendant's attempts to analogize those opinions with the facts herein, fail. However, on May 4, 2023, the Advisory Committee issued an opinion in direct response to this Court's earlier inquiry.[4] On the specific issue of the employment of this Court's daughter, the Committee wrote "the matter currently before the judge does not involve either the judge's relative or the relative's business, whether directly or indirectly. They are not parties or likely witnesses in the matter, and none of the parties or counsel before the judge are clients in the business. We see nothing in the inquiry to suggest that the outcome of the case could have any effect on the judge's relative, the relative's business, or any of their interests."[5]

Defendant has failed to demonstrate that there exists concrete, or even realistic reasons for recusal to be appropriate, much less required on these grounds. The speculative and hypothetical scenarios offered by Defendant fall well short of the legal standard.

Defendant's motion for recusal on these grounds is therefore Denied.

II.    Defendant's claim that this Court must recuse because it allegedly engaged in inappropriate conduct in the case of the *People of the State of New York v. The Trump Corporation, et al.*, Ind. No 1473/2021

The matter of the *People v. The Trump Corporation, et al.*, involved two corporate entities, legally distinct from Defendant, which were tried and convicted last year on 17 felony counts of tax fraud, falsifying business records, scheme to defraud and conspiracy. This Court presided over that trial. During the pendency of that case, the corporate defendants sought this Court's recusal. In that instance, the Defendants accused this court of engaging in inappropriate conduct in the plea negotiations of a third co-defendant, Allen Weisselberg, who pled guilty prior to the trial of the corporate entities. This Court denied that motion for recusal. Defendant now moves for this Court's recusal on the very same grounds that were previously rejected in *People v. The Trump Corporation*. That the identical grounds are now raised on behalf of a different defendant, on an entirely different indictment, only serve to weaken the plausibility of the claim.

---

[3] Advisory Committee on Judicial Ethics Opinions 13-24, 02-36 and 92-46.
[4] Opinion 23-54 was e-mailed to this Court on June 1, 2023, and is attached hereto as Exhibit A.
[5] Pursuant to Section 212(2)(1)(iv) of the Judiciary Law, the actions of a judge that adhere to an Opinion of the Advisory Committee on Judicial Ethics are presumed proper for the purposes of a subsequent investigation by the New York State Commission on Judicial Conduct.

3

As indicated *supra*, Defendant attaches to the instant motion as Exhibit A, the same memorandum of law and affirmation of Susan Necheles, filed in support of the Trump Corporation's motion for recusal in 2022. The affirmation of Susan Hoffinger in opposition to the motion is attached as Exhibit B.

Ms. Necheles' affirmation, Exhibit A, which is signed under penalty of perjury, consists of four pages and five exhibits and claims to be based "upon personal knowledge or upon information and belief, the source of my knowledge being my review of court and other documents, statements by counsel for the People and Allen Weisselberg, and an independent investigation into the facts." Necheles Affirmation at 1. Despite this assurance, the affirmation is almost entirely devoid of direct, personal knowledge and is instead premised upon second-hand information, the source of which Ms. Necheles does not identify with any degree of specificity. For example, in Paragraph 3, Ms. Necheles represents that the nine sub-paragraphs that are to follow, are based upon her conversations with counsel for Mr. Weisselberg. However, she does not identify which statements are attributable to which of Mr. Weisselberg's attorneys. Indeed, with few exceptions, the affirmation is bereft of any actual quotes directly attributable to any specific person. Nor do any of the five exhibits consist of affirmations or affidavits from anyone who presumably provided the basis of Ms. Necheles' information and belief. This Court finds the allegations in the affirmation inaccurate and the conclusions drawn therefrom misleading.

In contrast, the affirmation of Susan Hoffinger, attached as Defense Exhibit B, is founded in large part, upon first-hand knowledge. The original[6] 14 page, 40 paragraph affirmation, contains nine exhibits, including copies of e-mails exchanged between the parties and a letter from Mary Mulligan, one of the attorneys for Mr. Weisselberg. The document, which is also signed under the penalty of perjury, refutes the Necheles affirmation with a factual, detailed and chronological account of the events leading up to Mr. Weisselberg's plea.

Defendant's motion for recusal on these grounds is denied for the same reasons it was denied the first time, *a fortiori*, now that the claim is brought by a different defendant in a different action.

---

[6] Defense Exhibits A and B, the affirmations of Susan Necheles and Susan Hoffinger, were filed without their original exhibits.

4

III.  Defendant's motion for an explanation to clarify on the record, campaign contributions made to a political candidate, other than Donald J. Trump and to other causes.

Defendant argues that political contributions to a candidate other than Donald J. Trump, and to other political causes, require an on-the-record explanation. Defendant's Memorandum at 14. Defendant further asserts that "[t[he Court should therefore clarify the record concerning these contributions – and give the defense a chance to further address the implication of that explanation – or otherwise recuse itself from this case." Defendant's Memorandum at 17. The People note that Defendant does not directly move for recusal on the basis of the contributions and ask the Court to "decline to recuse if it considers [the] question *sua sponte*." People's Memorandum at 12. The People present three distinct arguments. First, the reported political contributions are a *de minimus* donation, not warranting recusal. *Anderson v. Belke*, 80 A.D.3d 483, 483 (1st Dep't 2011)(even a greater than normal contribution by defense counsel to a judge's re-election campaign did not establish a risk of bias because "it was only a small percentage of the total contributions to the campaign"); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 882-884 (2009) (recusal was warranted where a litigant contributed $3 million to a justice's campaign, the sum surpassed the total donations of all supporters by 300% and was "pivotal" in the election results.) Second, the People submit that the reported political contributions do not raise a plausible concern regarding the appearance of impartiality because "a judge's identification with a political party is not an indication that a judge is incapable of acting impartially." *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 38 (2d Cir. 1998). People's Memorandum at 14. Finally, the People argue that Defendant's concern regarding this Court's compliance with the New York Rules Governing Judicial Conduct is properly raised in a different forum.

The donations at issue are self-evident and require no further clarification. Moreover, the Advisory Committee has opined that this Court "is not ethically required to disclose [the contributions]." Advisory Opinion at 2. There is therefore no need or requirement for an on-the-record explanation. Defendant's request for a clarification "so that the defense can assess whether these donations separately warrant Your Honor's recusal," is Denied. Defense Motion at 17.

Regarding the possibility of recusal, this Court declines to consider the matter *sua sponte*. In the alternative, had the motion for recusal been made on these grounds, it would be denied. Advisory Opinion 23-54 addressed this question: "[o]n the facts before us, it is sufficient to say that these modest political contributions made more than two years ago cannot reasonably create an

5

impression of bias or favoritism in the case before the judge. Accordingly, we conclude the judge's impartiality cannot reasonably be questioned on this basis[.]" Advisory Opinion at 2.

## CONCLUSION

"The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). This Court has carefully weighed the competing interests outlined in *Drexel Burnham Lambert* and finds that recusal would not be in the public interest. Further, this Court has examined its conscience and is certain in its ability to be fair and impartial.

Defendant's motion for recusal and for an explanation is Denied on all grounds.

The above constitutes the Decision of this Court.

Dated: August 11, 2023
New York, NY

AUG 1 1 2023

ENTERED,

_____
Hon. Juan M. Merchan
Acting Justice of the Supreme Court
Judge of the Court of Claims

HON. J. MERCHAN

6

# Exhibit A

## Hon. Juan M. Merchan

**From:** ▓▓▓▓▓▓▓▓
**Sent:** Thursday, June 1, 2023 2:17 PM
**To:** Hon. Juan M. Merchan
**Subject:** 23-54
**Attachments:** 23-54.pdf

Dear Judge Merchan,

As requested, here is Opinion 23-54.  A hard copy will follow in due course by regular mail.

▓▓▓▓▓▓▓▓, Esq.
Chief Counsel
New York State Advisory Committee on Judicial Ethics
25 Beaver Street, 8th floor
New York, NY 10004
Toll Free: 1-866-795-8343
Office Telephone: ▓▓▓▓▓▓▓▓
Website: https://ww2.nycourts.gov/ip/acje

---

Please be CAREFUL when clicking links or opening attachments.

1

ADVISORY COMMITTEE ON JUDICIAL ETHICS
c/o OFFICE OF COURT ADMINISTRATION
25 BEAVER STREET, 8TH FLOOR
NEW YORK, NEW YORK 10004

MARGARET T. WALSH
LILLIAN WAN
**CO-CHAIRS**

**COMMITTEE**
CHEREÉ A. BUGGS
JULIE A. CAMPBELL
EMILIO L. COLAIACOVO
BEN DARVIL, JR.
DIANE DEVLIN
RICHARD DOLLINGER
GLENN G. GALBREATH
BARBARA R. JOHNSON-LEE
NELIDA MALAVÉ-GONZALEZ
MARK MEDDAUGH
RONALD W. MEISTER
JAMES P. MURPHY
WAYNE M. OZZI
KATE PAEK
JAMES D. PAGONES
KAREN K. PETERS
JOANNE D. QUIÑONES
FRANCIS D. RICIGLIANO
DINEEN RIVIEZZO
MICHELE S. RODNEY
THOMAS J. SHEERAN
ANIL C. SINGH
ELLEN M. SPODEK
TROY K. WEBBER

**CHIEF COUNSEL**
LAURA L. SMITH
212-428-2504

**STAFF COUNSEL**
ROSEMARY GARLAND-SCOTT
ADINA C. GILBERT
GINA M. PATTERSON
LISA E. RUBENSTEIN

**TOLL FREE** 1-866-795-8343

**CHAIR EMERITUS**
GEORGE D. MARLOW
1996 - 2020

THOMAS P. FLAHERTY
**CO-CHAIR**
1996 - 2007

SAMUEL J. SILVERMAN
**CHAIR**
1987 - 1996

**VICE CHAIR EMERITA**
BETTY WEINBERG ELLERIN
2007-2019

JEROME C. GORSKI
**CO-VICE CHAIR**
2007-2018

EDWARD P. BORRELLI
**SUBCOMMITTEE CHAIR
& SPECIAL COUNSEL**
2001-2022

**ETHICS FACULTY**
DANIEL ANGIOLILLO
  VICE CHAIR 2019-2021
ROBERT G. BOGLE
VITO DESTEFANO
DAVID ELLIOT
DEBRA L. GIVENS
BARBARA R. KAPNICK
ROBERT M. MANDELBAUM
E. JEANNETTE OGDEN
DAVID J. ROMAN

Opinion 23-54

May 4, 2023

Digest: (1) A judge's impartiality cannot reasonably be questioned based on (a) de minimis political contributions made more than two years ago or (b) the business and/or political activities of the judge's first-degree relative, where the relative has no direct or indirect involvement in the proceeding and no interests that could be substantially affected by the proceeding.
(2) As a result, the judge is not ethically required to disclose such facts or circumstances *sua sponte* in the proceeding, regardless of any surrounding publicity or lack thereof. The judge may continue to preside in the matter provided the judge believes he/she can be fair and impartial.

Rules: Judiciary Law § 14; 22 NYCRR 100.2; 100.2(A); 100.2(B); 100.3(B)(1); 100.3(E)(1); 100.3(E)(1)(a)-(f); 100.3(E)(1)(d)(iii); 100.3(E)(1)(e); Opinions 22-183; 22-172; 22-138; 17-126; 15-212; 15-62; 98-22; *People v Moreno*, 70 NY2d 403 (1987).

Opinion:

The inquiring judge is presiding in a criminal case involving a defendant who is a former public official. Although the judge has searched his/her conscience and is confident in his/her own ability to be fair and impartial, the judge nonetheless asks if disclosure and/or disqualification is ethically mandated on one of several grounds.

A judge must always avoid even the appearance of impropriety (*see* 22 NYCRR 100.2) and must always act to promote public confidence in the judiciary's integrity and impartiality (*see* 22 NYCRR 100.2[A]). A judge must not allow "family, social, political or other relationships to influence the judge's judicial conduct or judgment" (22 NYCRR 100.2[B]) and must "not be swayed by partisan interests, public clamor or fear of criticism" (22 NYCRR 100.3[B][1]). A judge must disqualify where required by rule or statute (*see* 22 NYCRR 100.3[E][1][a]-[f]; Judiciary Law § 14) and in any other proceeding where the judge's impartiality "might reasonably be questioned" (22 NYCRR 100.3[E][1]). For example, a

judge must disqualify when a relative within the fourth degree of relationship "is likely to be a material witness in the proceeding" (22 NYCRR 100.3[E][1][e]) or "has an interest that could be substantially affected by the proceeding" (22 NYCRR 100.3[E][1][d][iii]). However, where disqualification is not mandatory, a trial judge is the sole arbiter of recusal (see People v Moreno, 70 NY2d 403 [1987]).

First, the judge asks if he/she should confirm or deny, as the case may be, matters that have been reported in the media. Whether or not something has been reported in the media is immaterial to the ethical analysis. The judge remains free, of course, to make any disclosures the judge deems appropriate but he/she is not by virtue of such reporting mandated to do so.

The judge also asks if it is mandatory to disclose certain prior political contributions that were made more than two years ago. The total amount contributed, in the aggregate, was less than $50. One contribution was made to the person who opposed the defendant in an election; none was made to the defendant or the prosecutor or anyone else involved in the case before the judge.

We seldom require disqualification or disclosure for more than two years (see e.g. Opinion 22-138 ["A set period will be simpler for judges to remember and apply, and two years is a standard we have used regularly since the Committee's inception."]). Indeed, we recently adopted a bright-line two-year rule in an area where we had previously required disclosure indefinitely (see Opinion 22-183 [judge's former counsel]).

On the facts before us, it is sufficient to say that these modest political contributions made more than two years ago cannot reasonably create an impression of bias or favoritism in the case before the judge. Accordingly, we conclude the judge's impartiality cannot "reasonably be questioned" on this basis and the judge is not ethically required to disclose them.

The inquiring judge further asks us whether he/she must disclose that his/her relative's agency recently declined to work for the prosecutor now appearing before the judge. A first-degree relative of the judge[1] is a high-ranking officer in a business that works exclusively with one political party's candidates, and that party is different from that of the former elected official now appearing as a defendant in the judge's court. The judge's

---

[1] A judge's first-degree relatives include a parent or child of the judge or the judge's spouse, or the spouse of such person. Here, the judge's relative lives and works in another state, but apparently does business with campaigns nationwide.

relative was asked to work for the prosecutor in a political matter but the relative declined the work.

We previously considered a circumstance where a judge's first-degree relative was "employed by a non-party real estate company that does business with one party in the litigation" (Opinion 22-172). We concluded that fact "does not require disqualification, where neither the judge's relative nor the relative's employer has any interests that could be substantially affected by the proceeding" (*id.*).

Here, too, the matter currently before the judge does not involve either the judge's relative or the relative's business, whether directly or indirectly. They are not parties or likely witnesses in the matter, and none of the parties or counsel before the judge are clients of the business. We see nothing in the inquiry to suggest that the outcome of the case could have any effect on the judge's relative, the relative's business, or any of their interests.

We also note that, notwithstanding the strict limits on a judge's own political activities, a judge's relatives remain free to engage in their own bona fide independent political activities (*see e.g.* Opinions 15-62; 98-22). A relative's independent political activities do not provide a *reasonable* basis to question the judge's impartiality (*see e.g.* Opinions 17-126 [judge may continue to preside in a declaratory judgment action, even after learning that the spouse's employer made political contributions to a named respondent, provided the judge believes he/she can be fair and impartial]; 15-212 [judge need not disqualify from cases involving lawyers who sought to contribute to the judge's spouse's recent political campaign, provided the judge believes he/she can be fair and impartial]).

On the facts before us, we conclude the judge's impartiality cannot reasonably be questioned based on the judge's relative's business and/or political activities, and the judge is not ethically required to disclose them.