# EXHIBIT GG

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 59

---

THE PEOPLE OF THE STATE OF NEW YORK

- against -

DONALD J. TRUMP

Defendant.

DECISION ON DEFENDANT'S
MOTION FOR RECUSAL

Ind. No. 71543-23

---

HON. JUAN M. MERCHAN A.J.S.C.:

On May 31, 2023, Defendant filed a notice of motion seeking this Court's recusal. In the motion, Defendant argued, among other things, that "the political and financial interest" of a family member of this Court "creates an actual or perceived conflict of interest because rulings and decisions" made by this Court "may result in a financial benefit" to the Court's family member. Defendant's 5/31/23 Memorandum at pg 1. Before Defendant filed his motion, this Court had already written to the Advisory Committee on Judicial Ethics to seek a formal opinion regarding the issues later raised in Defendant's motion of May 31, 2023. In response to the Court's inquiry, the Advisory Committee opined on May 4, 2023, that "[a] judge's relatives remain free to engage in their own bona fide independent political activities (see e.g. Opinions 15-62; 98-22)" and that "[t]he matter currently before the judge does not involve either the judge's relative or the relative's business, whether directly or indirectly." Opinion 23-54 at pg. 3. By Decision dated August 11, 2023, this Court denied Defendant's motion. A copy of the Advisory Committee's opinion was provided with the Court's Decision.

On April 3, 2024, the Defendant filed a second motion seeking this Court's recusal. Raising no new facts or law, the Defendant again premised his motion for recusal on the unsubstantiated claims that a family member of this Court stood to gain financially from this Court's rulings. Defendant's 4/3/24 Memorandum at pgs. 19-20. This second motion for recusal was denied from the bench on April 15, 2024.

On May 30, 2024, a New York County jury returned a unanimous verdict finding Defendant guilty on all 34 counts in the indictment. This Court set a deadline of June 13, 2024, for the filing of post-verdict motions. Defendant did not file any motions by that deadline. On July 31, 2024,

Defendant filed the instant motion for recusal[1] - his third such motion. Defendant did not seek leave to file the motion, 48 days after the deadline set by this Court for the filing of post-verdict motions, nor did he seek an extension of time. Defendant justifies this latest motion for recusal on changed circumstances.

## POSITIONS OF THE PARTIES

Defendant appears to present two arguments in his instant motion. Although not entirely clear, Defendant first argues that the Court's Order Restricting Extrajudicial Statements is "unjust and unconstitutional." Defendant's Memo. This argument does not merit extensive discussion since it does not credibly purport to support the motion for recusal. Rather, it would appear to be nothing more than an attempt to air grievances against this Court's rulings. Defendant has litigated this Court's Order Restricting Extrajudicial Statements numerous times, not only with this Court, but with New York's appellate courts as well. *See Trump v. Merchan*, 227 AD3d 518 [1st Dept May 4, 2024]; *People v. Trump*, 211 NYS3d 744 [Sup Ct, New York County 2024]; *People v. Trump*, 211 NYS3d 784 [Sup Ct, New York County 2024]; *People v. Trump*, Indictment 71543-23, Decision Dated June 25, 2024; *Trump v. Merchan*, 2024 WL 3608030 [1st Dept 2024]. Notably, this Court did modify the Order after trial over the People's objection. However, aside from this Court's own modification, the Order has remained undisturbed by New York's appellate courts. It is therefore difficult to rationalize how Defense Counsel can, in good faith, claim that the Order is unconstitutional.

Defendant's second argument is that the alleged relationship between Vice President Kamala Harris and a member of this Court's family warrants recusal. The Court notes that this same argument was already made by Defendant in his first two motions for recusal. However, Defendant contends that the alleged conflict is more egregious now that Vice President Kamala Harris has been elevated to "Presumptive nominee of the Democratic party" for President. Defendant's Memo.

The People's position is that Defendant's "motion to renew is a vexatious and frivolous attempt to relitigate an issue that was twice addressed by this Court in orders that the First Department then refused to disturb." People's Opposition.

## DECISION

This Court sees no need to repeat the legal analysis contained in its Decision of August 11, 2023, denying Defendant's first motion for recusal. For purposes of this Decision, it suffices to say

---

[1] Hereinafter referred to as "Defendant's Memo."

that "the right to an impartial jurist is a basic requirement of due process." *People v. Trump*, 208 NYS3d 440 [Sup Ct, New York County 2023] citing to *People v. Novak*, 30 N.Y.3d 222, 225 (2017). In "[d]eciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." *Id.* at pg 6 citing to *In re Drexel Burnham Lambert Inc.*, 861 F2d 1307, 1312 [2d Cir 1988]. Stated plainly, Defendant's arguments are nothing more than a repetition of stale and unsubstantiated claims.

A judge "should participate in establishing, maintaining, and enforcing high standards of conduct, and must personally observe those standards so that the integrity and independence of the judiciary will be preserved, and so that public confidence in the integrity of the judiciary will be promoted." 22 NYCRR §§ 100.1 and 100.2(A). This Court has been consistent that it welcomes "zealous advocacy and creative lawyering" (*People v. Trump*, 208 NYS3d 460 at 3, citing to *Application of Giampa*, 147 Misc2d 397). However, counsel has been warned repeatedly that such advocacy must not come at the expense of professional responsibility in one's role as an officer of the court.

With these fundamental principles in mind, this Court now reiterates for the third time, that which should already be clear – innuendo and mischaracterizations do not a conflict create. Recusal is therefore not necessary, much less required. "On the facts before us, we conclude the judge's impartiality cannot reasonably be questioned based on the judge's relative's business and/or political activities, and the judge is not ethically required to disclose them." Advisory Comm on Jud Ethics Op 23-54 [2023].

As has been the standard throughout the pendency of this case, this Court will continue to base its rulings on the evidence and the law, without fear or favor, casting aside undue influence.

Defendant has provided nothing new for this Court to consider. Counsel has merely repeated arguments that have already been denied by this and higher courts. Defense Counsel's reliance, and apparent citation to his own prior affirmation, rife with inaccuracies and unsubstantiated claims, is unavailing. As such, Defendant's motion is again DENIED.

The above constitutes the Decision of this Court.

Dated: August 13, 2024
New York, NY

AUG 1 3 2024

ENTERED,

_____
Hon. Juan M. Merchan
Acting Justice of the Supreme Court
Judge of the Court of Claims

HON. J. MERCHAN

3