# EXHIBIT HH



**TODD BLANCHE**
ToddBlanche@blanchelaw.com
(212) 716-1250

August 14, 2024

Honorable Juan M. Merchan,
Acting Justice - Supreme Court, Criminal Term

    Re:    <u>People v. Trump, Ind. No. 71543/23</u>

Dear Justice Merchan:

    The Court should adjourn any sentencing in this case, though one should not be necessary because dismissal and vacatur of the jury's verdicts are required based on Presidential immunity, until after the 2024 Presidential election. We respectfully submit this premotion letter seeking that adjournment relief, pursuant to CPL § 380.30(3), which can be deemed the motion.

    Notwithstanding the Court's ruling on the disputed recusal issue, the requested adjournment would prospectively mitigate the asserted conflicts and appearances of impropriety, which are also the subject of an ongoing congressional inquiry. In yesterday's ruling, the Court did not address the significance of the 2019 conversations with Your Honor's daughter criticizing President Trump's use of Twitter, with the new fact being that existing Tweets from President Trump at the time of that conversation are squarely at issue in the pending Presidential immunity motion. Moreover, since the most recent recusal motion, as Kamala Harris did previously, Tim Walz wrongly referred to this case in a public speech as the Democrat Party's nominee for Vice President. In the same timeframe, Michael Nellis, a business partner of Your Honor's daughter at Authentic Campaigns (and Authentic's founder), posted on social media about, *inter alia*, making maximum donations to the Harris campaign and using his clout with that campaign to get Walz to "talk on our White Dudes for Harris call last week." Sentencing is currently scheduled to occur after the commencement of early voting in the Presidential election. By adjourning the sentencing until after that election—which is of paramount importance to the entire Nation, including tens of millions of people who do not share the views of Authentic, its executives, and its clients—the Court would reduce, even if not eliminate, issues regarding the integrity of any future proceedings.

    The requested adjournment would prevent DANY from filing a sentencing submission while the Court is still considering the Presidential immunity motion. In an August 5, 2024 letter, Your Honor indicated that the Court will issue a decision on the immunity motion on September 16, 2024, that the existing September 18 sentencing date "*remains unchanged*," and that the parties should "keep these dates in mind" for purposes of sentencing submissions. However, in a July 2, 2024 letter, the Court acknowledged that the sentencing may not be "necessary" in light of *Trump*. We have explained in our immunity briefing why no sentencing should occur, and why the case should be dismissed. While that is a pending question before the Court, DANY should not be permitted to file a public sentencing submission that will include what the Supreme Court described as the "threat of punishment," in a manner that is personally and politically prejudicial to President Trump and his family, and harmful to the institution of the Presidency as a result of the type of "peculiar public opprobrium" associated with these proceedings that troubled the *Trump* Court. 144 S. Ct. 2312, 2331 (2024).

    The requested adjournment is also necessary to allow President Trump adequate time to assess and pursue state and federal appellate options in response to any adverse ruling. The *Trump* decision arose from an interlocutory appeal, while proceedings were stayed in the federal trial court, *see* 2023 WL 8615775, and the Supreme Court confirmed that a trial court's "denial of immunity" is "appealable before trial," 144 S. Ct. at 2343. It follows that any denial of the pending motion is immediately appealable in a similar procedural posture. Put simply, until DANY's Presidential immunity violations are addressed fully and finally, this Court may not "adjudicate" the matter—including at sentencing. *Id.* at 2328. A single business day is an unreasonably short period of time for President Trump to seek to vindicate these rights, if he must, in order to avoid the "prospect of an Executive Branch that cannibalizes itself" in future generations. *Id.* at 2346.

    The current schedule contemplates the type of "highly expedited" proceedings that the Supreme Court already criticized but DANY has demanded. *Id.* at 2332. As relevant here, after wrongly denying that Presidential immunity existed for months, DANY purported to authoritatively address the scope of Presidential power and the immunity doctrine, inaccurately, in a brief filed just 23 days after the *Trump* decision. They did so despite only limited federal litigation experience, with the notable and telling exception of a former high-ranking official from the Biden Administration, and without any input from the federal government that they felt worth mentioning. The Court still has not addressed our request to respond to the purported *amicus* brief, despite the fact that the Court has had an opportunity to consider the arguments in that filing since July 29, 2024. *See* Def. Reply at 1 n.1. In contrast to all of this, on August 8, 2024, the Special Counsel's Office notified the federal trial judge in the District of Columbia that they are "continu[ing] to assess" *Trump*, "including through consultation with other [DOJ] components," and had not even "finalized [a] position on the most appropriate schedule for the parties to brief issues" relating to Presidential immunity. *See* ECF 209 at 1, No. 23 Cr. 257 (D.D.C.). In that case, the *schedule* for litigating Presidential immunity will not even be determined until at least a September 5, 2024 status conference. That timing illustrates just how unreasonable it is to have the potential for only a single day between a decision on first-impression Presidential immunity issues and an unprecedented and unwarranted sentencing.

    Finally, setting aside naked election-interference objectives, there is no valid countervailing reason for the Court to keep the current sentencing date on the calendar. There is no basis for continuing to rush. Accordingly, we respectfully request that any sentencing, if one is needed, be adjourned until after the Presidential election.

August 14, 2024
Page 2

                                              Respectfully Submitted,

                                              <u>/s/ Todd Blanche / Emil Bove</u>
                                              Todd Blanche
                                              Emil Bove
                                              Blanche Law PLLC

                                              *Attorneys for President Donald J. Trump*

Cc:      DANY attorneys of record

Blanche Law PLLC
99 Wall Street, Suite 4460 | New York, NY 10005
(212) 716-1250 | www.BlancheLaw.com