UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
:
THE PEOPLE OF THE STATE OF NEW YORK, :
: **ORDER AND OPINION**
-against- : **DENYING MOTION FOR**
: **LEAVE TO FILE REMOVAL**
DONALD TRUMP, : **PAPERS**
:
Defendant. : 23 Civ. 3773 (AKH)
:
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Former President Donald Trump again seeks removal of the criminal case against him, from the Supreme Court of New York to this Court.[1] Upon removal, as the district judge to whom this case was assigned, my task, pursuant to 28 U.S.C. § 1455(b)(4), is to "examine the notice promptly," and if it "clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," I am to "make an order for summary remand." If summary remand is not appropriate, I am to "order an evidentiary hearing to be held promptly and, after such hearing, [to] make such disposition of the prosecution as justice shall require." 28 U.S.C. § 1455(b)(5). Since Defendant filed his notice after he was tried, he must show "good cause" and seek "leave" from the district court "to file the notice at a later time." 28 U.S.C. § 1455(b)(1). The second notice may argue only "grounds not existing at the time of the original notice," or show "good cause" why the district court should "grant relief from the limitations" above stated. 28 U.S.C. § 1455(b)(2).

Defendant seeks leave from this Court to file a second notice of removal. As to "good cause," he advances two grounds. First, he asserts that the New York courts were biased against

---

[1] Mr. Trump requests, in the alternative, that he be permitted to amend the First Removal Notice. Because the prosecution was completed through trial, this request is denied as academic.

1

him, resulting in an improper trial. As support for this argument, Trump writes that Judge Merchan had a conflict of interest in presiding over the trial, as evidenced by his daughter's statements concerning her father's views on politicians' use of twitter; by Judge Merchan's daughter's involvement in Vice President Kamala Harris's 2019 presidential campaign; and by Judge Merchan's prior financial contributions to Democratic politicians. Mr. Trump also states that Judge Merchan failed to conduct the proper pretrial review of the presidential immunity issue in light of intervening Supreme Court decisions, and prohibited Mr. Trump from pursuing interlocutory review of that decision. Second, Mr. Trump argues that *Trump v. United States*, 603 U.S. __ (No. 23-939, July 1, 2024) grants him immunity from prosecution.

This Court does not have jurisdiction to hear Mr. Trump's arguments concerning the propriety of the New York trial. "The jurisdiction possessed by the District Courts is strictly original." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). District courts may not reverse or modify state judgments, even those containing constitutional infirmities, because "[t]o do so would be an exercise of appellate jurisdiction." *Id.* at 415-16; *see also Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) (discussing how federal courts generally lack jurisdiction over suits that are, in essence, appeals from state court judgments). Instead, the proper recourse for parties seeking to remedy alleged errors made during a state trial is to pursue a state appeal or, at the highest level, to seek review from the Supreme Court of the United States. *Id.* It would be highly improper for this Court to evaluate the issues of bias, unfairness or error in the state trial.[2] Those are issues for the state appellate courts. Accordingly, only the second ground argued by Mr. Trump deserves attention.

---

[2] Mr. Trump also implicitly requests that this Court enjoin the state sentencing set for September 18, 2024. For the same reasons set out in this paragraph under the Rooker-Feldman doctrine, this request is improper and outside of the district court's jurisdiction.

2

I.   **DISCUSSION**

In *Trump*, the Supreme Court held that a former President is entitled to absolute immunity from criminal prosecution for actions taken in exercise of his core constitutional powers, to at least presumptive immunity for acts within the outer perimeter of his official responsibility, and to no immunity for his unofficial acts. Criminal courts trying the former President are required to evaluate his actions to distinguish official from unofficial conduct. *Trump*, 603 U.S. at 17. The outer perimeter of the former President's official responsibilities extends to those actions that were "'not manifestly or palpably beyond his authority.'" *Id.* (citing *Blassingame v. Trump*, 87 F. 4th 1, 13 (D.C. Cir. 2023)). Private schemes with private actors, unconnected to any statutory or constitutional authority or function of the executive, are considered unofficial acts. *See id.* at 27-28.

I held in my Order and Opinion of July 19, 2023 (ECF No. 43) that "[h]ush money paid to an adult film star is not related to a President's official acts. It does not reflect in any way the color of the President's official duties." *Id.* at 13. My holding followed an evidentiary hearing where The People showed conclusively that Mr. Trump reimbursed Michael Cohen for advancing the hush money payments, including two checks signed in the White House by Mr. Trump. I held that Mr. Trump had not satisfied the burden of proof required to show the basis of removal. My holding of a hush money reimbursement remains true regardless of who has the burden, whether the People or Mr. Trump. Nothing in the Supreme Court's opinion affects my previous conclusion that the hush money payments were private, unofficial acts, outside the bounds of executive authority.

3

## II.   CONCLUSION

It "clearly appears on the face of the notice and . . . exhibits attached thereto" that removal should not be permitted. Good cause has not been shown, and leave to remove the case is not granted. The Clerk shall terminate ECF No. 48.

SO ORDERED.

Dated:   September 3, 2024
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge