UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK,<br><br>- v. -<br><br>DONALD J. TRUMP,<br><br>                                   Defendant. | MEMORANDUM OF LAW<br><br>No. 23 Civ. 3773 (AKH) |

**PRESIDENT DONALD J. TRUMP'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY THE COURT'S SEPTEMBER 3, 2024 OPINION AND ORDER**

President Donald J. Trump respectfully submits this memorandum of law in support of his motion for an order staying execution of the Court's September 3, 2024 Opinion and Order, ECF No. 50 (the "Order"), during the pendency of the appeal noticed at ECF No. 51 on the same day.[1]

Following President Trump's notice of appeal, the Court has extremely limited power to enter orders relating to this matter. It is well established, however, that this discretion includes authority to stay execution of the Order to preserve the status quo while the Second Circuit considers the appeal. The traditional considerations bearing on a stay—likelihood of success on the merits, irreparable harm, and balance of equities—all favor the relief requested herein in order to protect important federal interests, including the institution of the Presidency, the integrity of the 2024 Presidential election, and the Constitutional rights of President Trump and voters around the country.

**I.     Applicable Law**

"The filing of a timely and sufficient notice of appeal divests the district court of jurisdiction as to any matters involved in the appeal or as to the matters covered by the notice."

---

[1] President Trump is simultaneously seeking similar relief from the Second Circuit pursuant to Rule 8(a) of the Federal Rules of Appellate Procedure.

*New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020) (cleaned up). However, Rule 62 of the Federal Rules of Civil Procedure "has been narrowly interpreted to allow district courts to grant only such relief as may be necessary to preserve the status quo pending an appeal where the consent of the court of appeals has not been obtained." *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988).

Four traditional factors are relevant to a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *SEC v. Citigroup Global Mkts. Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (cleaned up); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The degree to which a factor must be present varies with the strength of the others; more of one factor excuses less of the other." *SEC v. Daspin*, 557 F. App'x 46, 48 (2d Cir. 2014) (cleaned up). "[L]ikely success on the merits and irreparable injury" are "the 'most critical.'" *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "[W]here, as in this case, the government is the party opposing the stay, the third and fourth factors merge[.]" *Sarr v. Garland*, 50 F.4th 326, 335 (2d Cir. 2022).

## II.    Discussion

Each of the relevant considerations favors President Trump's request for a stay pending appeal relating to the Second Removal Notice, *see* ECF Nos. 47, 49-1.

As to the likelihood of success on the merits, President Trump's Second Removal Notice was not limited to "two grounds." Order at 1. The arguments in the Second Removal Notice raised several complex questions based on changed circumstances from DANY's trial record and intervening Supreme Court precedent, including first-impression issues concerning the application

2

of the Presidential immunity doctrine under *Trump v. United States*, 144 S. Ct. 2312 (2024).  *See, e.g.*, *Plaquemines Par. v. Riverwood Prod. Co.*, 2022 WL 843118, at *2 (E.D. La. 2022) (finding adequate merits showing where "the Fifth Circuit has not yet applied [intervening precedent] to many cases, and because of the fact-specific nature of the inquiry"); *Delaware ex rel. Jennings v. BP Am. Inc.*, 2022 WL 605822, at *2 (D. Del. 2022) (finding adequate merits showing where the "litigation . . . presents a host of novel and complex issues of federal removal jurisdiction"); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 2016 WL 3346349, at *3 (E.D. Va. 2016) (finding adequate merits showing where "this case raises a number of complex questions and novel legal theories which the Fourth Circuit has yet to evaluate, and the case has potentially large downstream precedential consequences"); *Minnesota by Ellison v. Am. Petroleum Inst.*, 2021 WL 3711072, at *3 (D. Minn. 2021) (finding adequate merits showing where "this action raises weighty and significant questions that intersect with rapidly evolving areas of legal thought" and "[t]wo intervening decisions are particularly significant to the Court's assessment"); *United States v. Fourteen Various Firearms*, 897 F. Supp. 271, 273 (E.D. Va. 1995) (finding adequate merits showing where "[t]he issue on appeal in this case is one of first impression in this circuit").

President Trump respectfully disagrees with the Court's view that "[n]othing" in *Trump v. United States* "affects my previous conclusion" regarding Presidential immunity in *New York v. Trump*, 683 F. Supp. 3d 334 (S.D.N.Y. 2023).  Order at 3.  Regardless of the status of the so-called "hush money payments," *id.*, the Supreme Court held that it would "eviscerate" the Presidential immunity doctrine if prosecutors are permitted to "invite the jury to examine acts for which a President is immune from prosecution to nonetheless prove his liability on any charge," *Trump v. United States*, 144 S. Ct. at 2340-41.  That is what DANY did at the trial, and in grand jury proceedings, as explained in the Second Removal Notice.  *See* Second Removal Notice ¶¶ 73-89.

3

Thus, President Trump is likely to succeed on the merits of the appeal with respect to the Court's analysis of the Presidential immunity defense in the Second Removal Notice. So too with respect to President Trump's separate preemption defense, which the Court did not address in the Order, *see* Second Removal Notice ¶¶ 101-115, as well as the good-cause arguments under 28 U.S.C. § 1455(b)(1)-(2) that were not based on Justice Merchan's conflicts of interest and appearance of impropriety, *see, e.g.*, Second Removal Notice ¶ 3 (citing as an example of good cause the Supreme Court's intervening decisions in *Trump v. United States*, *Trump v. Anderson*, 601 U.S. 100 (2024), and *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024)), which the Court also did not address. As to issues of judicial bias presented in the Second Removal Notice, *id.* ¶¶ 127-134, the *Rooker-Feldman* doctrine is not a bar to federal review in connection with removal under § 1442(a)(1) because the doctrine does not apply to a state court's interlocutory orders. *See Davis v. Baldwin*, 594 F. App'x 49, 50 (2d Cir. 2015) ("[T]he *Rooker-Feldman* doctrine does not apply here because Davis does not invite review and rejection of a 'final state-court judgment[.]'" (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006))). Accordingly, the success-on-the-merits factor supports imposition of a stay.

As to the second stay factor, the "likelihood of irreparable injury is real" because "[t]here may be no practical way to 'un-ring the bell' of the state court's intervening rulings if the [Second Circuit] ultimately determines that the case should proceed in federal court." *BP Am. Inc.*, 2022 WL 605822, at *3. "[P]rematurely remanding the case to the state court without an appellate decision on the proper forum could very well cause a concrete and irreparable injury to Defendants, as it would defeat the very purpose of permitting an appeal and leave a defendant who prevails on appeal holding an empty bag." *Id.* at *2 (cleaned up). Such a result is particularly problematic where Presidential immunity is concerned, as any violation of the doctrine results in irreparable

harm to the federal government and the citizens the government serves by creating the "prospect of an Executive Branch that cannibalizes itself, with each successive President free to prosecute his predecessors, yet unable to boldly and fearlessly carry out his duties for fear that he may be next." *Trump v. United States*, 144 S. Ct. at 2346. The irreparable injuries absent a stay also include harms to President Trump and voters in connection with the impending election, such as through continued operation of Justice Merchan's unconstitutional and unsupported gag order preventing President Trump from responding to political attacks based on this case, and potential incarceration following a sentencing that, as of now, remains scheduled for September 18, 2024. *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (cleaned up)). "[O]nce the election occurs, there can be no do-over and no redress" for the voters or President Trump. *League of Women Voters of N. Carolina v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014).

The third and fourth factors "merge" because DANY is a government opponent. *See BP Am. Inc.*, 2022 WL 605822, at *3 ("[W]here, as here, the government is the party opposing a preliminary injunction, 'assessing the harm to the opposing party and weighing the public interest . . . merge.'" (quoting *Nken*, 556 U.S. at 435)). Any temporary delay arising from maintaining the status quo during the pendency of the appeal, to avoid the types of irreparable harm identified herein, is entirely warranted. *See BP p.l.c. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1542 (2021) ("Congress has expressed a heightened concern for accuracy, authorized appellate review [pursuant to 28 U.S.C. § 1447(d)], and accepted the delay it can entail."). DANY has no valid interest in rushing ahead with potentially duplicative proceedings in New York County because § 1442(a)(1) removal is *not* "invasion of the sovereignty of a State." *Tennessee v. Davis*,

5

100 U.S. 257, 266 (1879). "The public interest would be best served by avoiding the possibility of unnecessary or duplicative litigation and concentrating resources on litigating [President Trump's] claims in the proper forum after the [Second] Circuit determines the jurisdictional issues presented in this case." *BP Am. Inc.*, 2022 WL 605822, at *3.

Finally, the national public has an interest in free and fair elections, unburdened by the potential for the unlawful incarceration of President Trump by local officials in a single county. The public would therefore benefit from a stay that could allow Justice Merchan to avoid the "rat's nest of comity and federalism issues" attendant to the Presidential immunity defense and President Trump's potential sentencing in the weeks before the election while the Second Circuit determines whether the appropriate forum is in this District. *Northrop Grumman Tech. Servs., Inc.*, 2016 WL 3346349, at *4.

### III.  Conclusion

For the foregoing reasons, President Trump respectfully submits that the Court should stay the Order during the pendency of the appeal.

Dated:      September 4, 2024
            New York, N.Y.

By: /s/ Emil Bove
Emil Bove
Todd Blanche
Blanche Law PLLC
99 Wall Street, Suite 4460
New York, NY 10005
212-716-1250
Emil.Bove@blanchelaw.com

*Attorneys for President Donald J. Trump*