**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>          *Defendant*. | No. 23 Civ. 3773 (AKH) |

**DEFENDANT PRESIDENT DONALD J. TRUMP'S RESPONSE TO DANY'S NOTICE
OF FILING OF RESPONDENT'S BRIEF IN NEW YORK STATE COURT**

President Donald J. Trump respectfully submits this Response to DANY's Notice of Filing
of Respondent's Brief with the Supreme Court of the State of New York, Appellate Division, First
Department ("DANY Br."). DANY's brief underscores the compelling need for the immediate
removal of this case to federal court, so that President Trump's appeal can proceed before the
Second Circuit. At a minimum, this Court should rule on the President's pending removal motion,
so that the parties have clarity and can assess next steps. The removal motion was first filed on
September 3, 2024, and has been pending again before this Court since November 21, 2025,
following the Second Circuit's reversal of the Court's initial denial of removal and its expedited
issuance of the mandate. Respectfully, this lengthy delay is prejudicial to President Trump
because, in these circumstances, "justice delayed is justice denied." *Strachan* v. *Colon*, 941 F.2d
128, 129 (2d Cir. 1991).

*First*, DANY's brief confirms that Presidential evidentiary immunity and federal
preemption are at the heart of the underlying case and President Trump's appeal, which mandates
that the case be removed to federal court. DANY's brief spends over 50 pages and just under

14,000 words—*a full standard-length merits brief*—responding to the President's official-acts and FECA-preemption arguments. *See* DANY Br. 55-106. That alone demonstrates that this case "relat[es] to" official Presidential acts, 28 U.S.C. § 1442(a)(1), and that President Trump's defenses of Presidential immunity and FECA preemption are at least "colorable." *Mesa* v. *California*, 489 U.S. 121, 129 (1989). That is all that is required for removal. DANY would not have used an entire appellate brief's worth of words on these federal issues if the President's arguments were not at least colorable. Nor would DANY have spent 33 pages on official Presidential acts if this case did not have a more than "tenuous, remote, or peripheral" "association" or "connection" to such acts. *Chevron USA Inc.* v. *Plaquemines Parish*, 146 S. Ct. 1052, 1060-1061 (2026). Under the federal-officer removal statute, a federal court, not a state court, must decide these crucial issues of federal constitutional and statutory law. A key purpose of federal-officer removal is to "ensure a federal forum" so that "the contours of federal power [are] determined by federal courts," *Harris* v. *U.S. Dep't of Transp. FMCSA*, 122 F.4th 418, 423 (D.C. Cir. 2024), "free from local interests or prejudice." *Arizona* v. *Manypenny*, 451 U.S. 232, 242 (1981). This case must be removed.

*Second,* DANY's brief leaves no doubt that Michael Cohen's testimony was the linchpin of the verdict. DANY invokes Cohen's testimony over 100 times and on virtually every page of the fact section. Remarkably, while the removal issue was pending, DANY's star witness, Cohen, publicly admitted that prosecutors "pressured and coerced [him] to only provide information and testimony that would satisfy the government's desire" to "secure . . . convictions against President Trump." Michael Cohen, *When Politics Blinds Justice* (Jan. 16, 2026), https://therealmichael cohen.substack.com/p/when-politics-blind-justice (Cohen Substack). That direct evidence of politically motivated pressure, coercion, and "hostil[ity]" from state prosecutors confirms that this

is precisely the sort of case in which federal-officer removal is most needed. *See Willingham* v. *Morgan*, 395 U.S. 402, 405 (1969).

*Third*, the First Department's decision to permit DANY to file a massively overlength 38,162-word opposition brief further demonstrates why removal is warranted. DANY's brief is nearly twice the length of President Trump's opening brief of 19,995 words. The First Department granted DANY leave to file its opposition brief—which is 24,162 words over that court's standard limit of 14,000—over President Trump's objection.[1] President Trump's counsel is unaware of any precedent for such a dramatic disparity between the length of an appellant's opening brief and the length of an appellee's responding brief, nor did DANY cite any such precedent. In authorizing federal-officer removal, Congress "decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Willingham*, 395 U.S. at 407. It is difficult to imagine the Second Circuit permitting DANY to file a 38,000-word brief in this case.

This Court should promptly grant President Trump's motion for leave to remove. The President's motion was filed nearly two years ago, and still no federal court has addressed the merits of his substantial arguments supporting removal, including Presidential immunity. Twenty-three months ago, on September 3, 2024—the same day President Trump filed his motion—this Court denied leave in a short order. Dkt. 50. As the Second Circuit recognized on appeal, that order did not "adequately consider[] whether *Trump* v. *United States* represented a change in controlling law that could support a finding of good cause" and "did not address whether" President Trump "acted diligently" in seeking to remove. *New York* v. *Trump*, 158 F.4th 458, 466-467, 469 (2d Cir. 2025). The Second Circuit did not address those questions either, despite taking

---

[1]    In connection with granting DANY's request, the First Department extended the deadline for President Trump's reply brief to October 16, 2026, and indicated that the President could seek leave to file an oversized reply brief. Argument is likely to be scheduled for November.

over a year to resolve the appeal.  Instead, on November 6, 2025, the Second Circuit remanded to this Court to "consider the motion anew."  *Id.* at 469.  This Court heard oral argument several months later, on February 4, 2026.  Dkt. 79.  But it has now been six months since argument, and the Court has not issued a ruling.

This ongoing delay in deciding President Trump's removal arguments is inconsistent with the "special solicitude" the federal courts owe "claims alleging a threatened breach of essential Presidential prerogatives under the separation of powers."  *Nixon* v. *Fitzgerald*, 457 U.S. 731, 743 (1982) (addressing Presidential immunity).  The state-court proceedings here continue to progress, and President Trump is being wrongly forced to participate in those proceedings to avoid waiver and prejudice.  This appeal should be before the Second Circuit, *not* the New York state appellate court.  Respectfully, the Court's delay in deciding President Trump's removal motion threatens to deny the motion by default.  If the Court does not issue a ruling within the next several weeks, President Trump will have no choice but to seek immediate appellate relief to vindicate his urgent right to a federal forum.

Dated:  July 30, 2026

Respectfully submitted,

/s/ *Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

*Counsel for President Donald J. Trump*