**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK,<br><br>-against-<br><br>DONALD J. TRUMP,<br><br>Defendant. | No. 23 Civ. 3773 (AKH) |

**THE PEOPLE'S RESPONSE TO DEFENDANT'S JULY 30, 2026,
FILING REGARDING THE RESPONDENT'S BRIEF**

The People respectfully file this response to defendant's July 30, 2026, filing. ECF No. 88 (Def.'s Response). Defendant complains that this Court has not yet ruled on the motion to file a second, untimely notice of removal. But in the Second Circuit, defendant vociferously criticized this Court's initial decision as "rushed and conclusory" and complained that Your Honor should not have decided the motion on a "'highly expedited basis.'" CA2 ACMS No. 47.1 (Def.'s Br.) at 1, 24. Given this criticism, defendant can hardly complain that this Court is now carefully weighing the many arguments he presented in his renewed motion. In any event, there is nothing aberrant about the time that this Court has taken. Careful consideration is warranted given the Second Circuit's directive that the Court "closely review[]" and resolve several substantive issues. *New York v. Trump*, 158 F.4th 458, 469 (2d Cir. 2025). The six months

that have elapsed since the parties completed briefing here is less time than the eight months that the Second Circuit took to decide the appeal after briefing.

Defendant also has no right to make demands on this Court given his own strategic delays. As the People have explained, ECF No. 72 (People's Br.) at 17-22, defendant did not file his motion here until six months after he raised his evidentiary immunity claim in state court and two months after the Supreme Court decided *Trump v. United States*, 603 U.S. 593 (2024). For defendant to complain about "justice delayed" at this stage, ECF No. 88 (Def.'s Response) at 1, simply ignores his own deliberate decision to defer federal litigation over removal. *Cf. Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) (rejecting preliminary relief when "irreparability is a product of the moving party's own delay").

Contrary to defendant's assertion, the People's recently filed response brief does not support his untimely request to remove this state prosecution. The length of briefing over immunity and preemption does not indicate that those issues are "colorable"; rather, the length was warranted so the People could provide the many independent reasons that defendant's arguments are not colorable at all. Moreover, on immunity, the People's brief spends essentially no pages on the dispositive question for removal—whether the actual charges here are "for or relating to any act under color" of the office of the presidency, 28 U.S.C. § 1442(a)(1); *see* ECF No. 72 (People's Br.) at 30-41—because defendant has never contested in the state appeal this Court's previous finding that the charges here arose from defendant's unofficial, non-presidential

conduct. ECF No. 43 (Remand Order) at 11-15. And on preemption, the People were required to devote additional pages because defendant's opening brief inexplicably discussed *none* of the directly applicable federal precedents that were the basis of this Court's carefully reasoned ruling on preemption on July 19, 2023. *Id.* at 17-24.

Defendant has no basis whatsoever for intimating that the First Department acted improperly in permitting the People to file an oversized brief. ECF No. 88 (Def.'s Response) at 3. A brief of this length is not unusual for criminal prosecutions with lengthy trials and multiple issues. Just last month, for example, a defendant filed a 173-page appellate brief in a second-degree burglary case. *See People v. Leonard Mota*, ACN 2020-04245 & 2024-06689. And the People have filed even longer appellate briefs when warranted by the factual record and legal claims. *See, e.g.*, *People v. Pedro Hernandez*, Ind. No. 4863/2012 (230 pages, 62,000 words); *People v. Roderick Covlin*, ACN 2019-3560 (238 pages, 65,516 words). Defendant's complaint that the Second Circuit would not allow a brief of this length ignores that he has received multiple accommodations in the state-court appeal that would also have been unlikely in federal court: he took nine months to perfect the appeal, instead of 91 days; his opening brief was 20,000 instead of 14,000 words; and he will have more than two months and a substantial word enlargement for his reply brief, instead of 21 days and 7,000 words. *Compare* Second Circuit Local R. 31.2(a)(1)(A), (2); R. 32.1(a)(4)(A)-(B). If anything, the First Department's accommodations to both sides underscore the logistical challenges of

3

removal at this late stage, which, under defendant's view, would saddle the Second Circuit with briefs and a briefing schedule that it did not endorse.

Finally, the People's brief does not remotely show that Michael Cohen was "the linchpin of the verdict." ECF No. 88 (Def.'s Response) at 2. To the contrary, the brief points out over and over again the overwhelming evidence independent of Cohen's testimony that corroborated every fact necessary for the convictions. That Cohen is repeatedly mentioned in the brief is no surprise, given his central role in the crimes at issue. And defendant's attempt to shoehorn in recent, extra-record, unsworn statements by Cohen is deeply improper, whether this appeal is heard in state or federal court.

Respectfully submitted,

ALVIN L. BRAGG, JR.
District Attorney
New York County

BY: _____
STEVEN C. WU
wus@dany.nyc.gov

STEVEN C. WU (SW1735)
  Chief, Appeals Division
JOHN T. HUGHES (5323514)
  Deputy Chief, Appeals Division
    Of Counsel

July 31, 2026

4